Josh Dalke AE0507
Name and Prisoner/Booking Number
CSP Sacramento
Place of Confinement
PO Box 290066
Mailing Address
Represa CA 95671
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
Oct 18, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Joshua Dalke, (Full Name of Plaintiff) Plaintiff,

v.

(1) Sacramento Corrections, (Full Name of Defendant)
(2) Correctional officer Hyman,
(3) Correctional officer H Mosely
(4) Correctional officer,
Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-1842-AC (PC)
(To be supplied by the Clerk)

"Jury trial Demanded"

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: ______

2. Institution/city where violation occurred: Sacramento Headquarters

## B. DEFENDANTS

1. Name of first Defendant: Head quaters. The first Defendant is employed as: Mosley (Position and Title) at Sacramento Head quarters (Institution).

2. Name of second Defendant: Hyman. The second Defendant is employed as: Correction Councelor (Position and Title) at ______ (Institution).

3. Name of third Defendant: ______. The third Defendant is employed as: ______ (Position and Title) at ______ (Institution).

4. Name of fourth Defendant: ______. The fourth Defendant is employed as: ______ (Position and Title) at ______ (Institution).

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? 3. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: Dc 6 v. ______
   2. Court and case number: ______.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______.

b. Second prior lawsuit:
   1. Parties: ______ v. ______
   2. Court and case number: ______.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______.

c. Third prior lawsuit:
   1. Parties: ______ v. ______
   2. Court and case number: ______.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: 8th amend violation.

2. **Claim I**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

- [ ] Basic necessities
- [ ] Mail
- [ ] Access to the court
- [ ] Medical care
- [ ] Disciplinary proceedings
- [ ] Property
- [ ] Exercise of religion
- [x] Retaliation
- [ ] Excessive force by an officer
- [x] Threat to safety
- [ ] Other: ______

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

CCI Hyman Changed police description and place "R" on C-File but Knew Department of Justice requested a trial transcript Deposition transcript and Hyman by pass that and lied about a phone call but Hyman put me up for Corcoran and 180 by adding 26 extra points But Sacramento 602 all this for years and they denied. 2020 risk assessment showed my side versus Hymans lies. And Dalke wrote to Sacramento this 602 and denied when Dalkes got a claim. And notice Hymans says 17 under called to prosecuted And actual Police report say Def had Consesual Sex and Def called 911 for him self in. Plus 2011 Counselor denied R saying sex was consensual. Sacremento Knew all this plus the list and 4 year gap fill a unknowning Counselor Burns contacted DOJ and got Registration on Dalkes name when Dalkes never had in new York Register Article 11

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

False accused and attacked when CO^s would tell whats on C-File Rapist child molester

5. **Administrative Remedies:**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? [x] Yes [ ] No

b. Did you submit a request for administrative relief on Claim I? [x] Yes [ ] No

c. Did you appeal your request for relief on Claim I to the highest level? [x] Yes [ ] No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______

## CLAIM III

1. State the constitutional or other federal civil right that was violated: ______________________________

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   - ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:
1. 30 million Compasory damage 2. Punitive damage
3. Temporary Injunction Move to Federal prison

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10 13 22
DATE

Josh Dalke
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Lewis Counselor in 2011 Reviewed my Sexual Misconduct Misdemenor No Registration case From New York and said NO "R" required. 2014 Counselor Hyman Reviewed Same exact Documents and Denied to Follow Department of Justice instructions for them when CDC recieves Forms from 1999 trial or sentiching tran sccipts. Send them to DOJ for answer on R"

And Hyman threw out parts of what was there sent from New York And then she was totaly out of line when she said DOJ said put a "R" on Dalkes C-file and change description of case.

And parole was denied based on Eval Risk Assement.

For Hyman put Child rapist and the Risk assement agent was a lady and mother.

So she said Dalkes description is different then records. But The Mother was forcing the girl to press charges.

Thats not true. The Mother said Rape, the cops ask girl what happen She said She lied of age and we had sex Dalke heard Rape went to parents found out lied of Age Dalke Called Cops turn self in. And Hyman threw all this out and parole denied 10 years after Doing 14 years on attempt murder on a real child molester which still is wrong but I did what I did for self defense.

I over and over I 602'd the R and as you see on page 13. and on page 16 you will see no Registration required by McKenne's law out of New York Says if a case happens and its a Sex case Any registration is on there Deposition. So law enforcement Know what they need to know regarding Sex case.

But you get opinated ignorant people that by pass the law and put there vidy in legal documents. As you See on page 14. This description isnt true. And the next page 15 Shows I Dalke called the police not her change her mind as Human lied and said. Where CO's over the 8 years told groups of porters program workers yardcrew and any inmate that talked one on one with CO's.

Ive been jumped on a few acastions Ive been stuck with the worse inmates And Appeals answered I'm not telling the truth when I am. And Parole denied me over Risk Assement alot of violent. But you tell inmates Dalkes a child rapist Alot of the fights was behind there telling Dalkes a child rapist,

2B

You'll see now why This lawsuit is being filed.

CDCR dont follow the law and correct wrongs done by there fellow COS, actions And I'll drop the hole law suite if I get parole granted and correcting of Dalkes c-file Contact New York and order the Police repocks and DA opion that was stole out of and You'll See the vigious act was out of hate and inapcopreate.

And if Im a register Sex offender I'll pay the 3 millions

Last but not least Granting parole board hearing. By giving a New Risk assement and mind you I was jumped by 2 inmates for the CO Gil. I droped the 602 do to all the Retalcation that goes on do to the Civil Suite.

And Sense CDCR aint going to work this out lets go to trial for 3 million and or more. Any jury can put two and two together and vote on the truth and think if they were in Dalkes ~~Shoe~~, Shoes what Kind of Money needs to be given due to the Malace and deliberate indifference to Safty

The evidence from the Risk Assessment evail will be given as a Exibit in the trial or Shown to the Attorney General. 25 pages isnt enough when 24 more is the Risk Assessment but page 15 shows Hymans description and my side. So for the Risk and then pages after shows the evaul of a sex case preditor. Im not a Register Sex offender. But like Im showing you. The wrong done paperwork, changed description and put as DOJ accepted Dalke as a Sex offender had a bias mother. Risk assessment give me a Sex offender Tiar assessment.

When Im not a sex offender and didnt lie.

Cost me my Risk assessment And the DA in my case was only going off what CDC set up for him to Keep me in prison. This isnt right or Fair and Like I said a jury will find I was done wrong and on purpose that resulted in a negative Risk assessment and inapropriately done risk assessment being based on false narravtive of the 1999 Case out of New York.



E OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

Page 1 of 2

| STAFF USE ONLY | Appeal #: | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |
| | Grievance #: 47190 | |

Claimant Name: Joshua Jason Dalke CDCR #: AE0507

Current Housing/Parole Unit: C-5-231 Institution/Facility/Parole Region: Salinas

☐ There are no claims that can be appealed.

REC BY OOA

APR 14 2021

☐ The following claims cannot be appealed:

Claim #s: Illegal "R" Suffix imposed and after it was denied to be on C-file but pigheaded individuals wanted it on for there hate for me regardless it admit it the actions are illegal Shows just that. 2 sets of Reports were sent from Rocket 6/2012, 2014 Only one the police report and the other DA opinion was typed by bailiff Says Consentual. Dalke called 911 after talking to her Dad. Misdem.

This is the process to appeal the decision made regarding a claim that is not listed above.

Claim #: Suffix illegal

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

I am dissatisfied with the response I was given because In 2012 Takechyii put Register Sex offender out of New York. Not Registered but a sex offender. Difference is Sex offender cause sex case. Registration is imposed on Deposition report by McKinney Law in 1994 in NY. New Laws are in data base "SORA." 1800-262-3257. Phone # Call it and You'll see I dont have to register ever.

Now back to the acts I got all this and the head quarters are corrupt out of line that has a problem with people deserving relief because it's one of your own in the wrong and the help peer-on inmate safty dont matter until the Courts step in. 2014 and Now reading the C-file copies giving Dec 20th 2021 It shows Murder on San Bernardino CA, Cop 2009. That with Registration are being reviewed at DOJ CII# A24354930 This is got to stop and be fixed. I'm getting close to release and I dont need hatered among here over pighead Hicks wanting nothing but trouble

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

Yes I have both sets of Police reports coming one and have one recit Committee forms 2013 California that says DOJ has to get certain forms, court transcripts to be able to put equal [illegible] in this state as a sex offender. But even in this State My misdemeanor Case [illegible] isn't a sex offender registration And definately not in New York. So if you would allow logic set in and look at how two sets in 2012 and CCI Lewis Say No to "R" DRB is only one allowed to deal with it next for this very reason. Also this is in Case # F081920 Court of Appeal Appealing writ of Mandate on case 20CMS 2438 Knife over the

DISTRIBUTION Original: Claimant's File Copies: DAI, DAPO, and Claimant

The "R" is in there [illegible] and CMS [illegible] Answered foul blows. Corrupt system and violating [illegible]

6 [illegible]

STATE OF CALIFORNIA
APPEAL OF GRIEVANCE
CDCR 602-2 (03/20)

Page 1 of 2

STAFF USE ONLY

Appeal #: ______ Date Received: ______
Date Due: ______
Categories: ______
Grievance #: 50261

Claimant Name: ______ CDCR #: ______
Current Housing/Parole Unit: ______ Institution/Facility/Parole Region: ______

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY OOA

APR 14 2021

Claim #s:

[illegible] Oct 2, 2020 [illegible] 27 Oct 2020 [illegible] [illegible] 3-3-21 [illegible]

This is the process to appeal the decision made regarding a claim that is not listed above.

Claim #: ______

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* First [illegible] Receipt [illegible] and the 7 day [illegible] was done by [illegible] chance to argue any response [illegible] [illegible] [illegible] and Co.

Are there documents that would be helpful to support your position? Attach copies of those documents. If you don't have the documents, identify them as best you can below:

DISTRIBUTION: Original: Claimant's File; Copies: [illegible] and Claimant

7 8

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

IAB USE ONLY | Institution/Parole Region: | Log #: | Category:

56261

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Dalke Joshua | AE0507 | 3A3246 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Parole psych eval wasn't correct and police reports aren't

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): [illegible] when I 602 "A" took out rest of police reports were [illegible] cop's [illegible] of age and I found out and [illegible] I called the police and that's [illegible] Registration Mis[illegible]

B. Action requested (If you need more space, use Section B of the CDCR 602-A): To give me legal mail from Rochester were friends payed for police reports and it's been months sense ordered and sent. So I can have for Parole to show I'm no liar and [illegible]

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono): I have eval and so do you [illegible] I [illegible] states a different version then the actual police reports and I stated the actual police reports that [illegible]. I can get 911 call [illegible]
☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: [signature] Date Submitted: 11/2/20

☐ By placing my initials in this box, I waive my right to receive an interview.

CSP-CORCORAN INMATE APPEALS OFFICE RECEIVED NOV - 4 2020

REC. BY OOA APR 14 2021

C. First Level - Staff Use Only

Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: ______
☐ Accepted at the First Level of Review.

Assigned to: ______ Title: ______ Date Assigned: ______ Date Due: ______

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: ______ Interview Location: ______

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ______

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: ______ (Print Name) Title: ______ Signature: ______ Date completed: ______

Reviewer: ______ (Print Name) Title: ______ Signature: ______

Date received by AC: ______

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation
I will take a lie detector test that
I was helped at lawlibary and 602d in May.
2014, Never loged But the R was
illegal and not done properly SO CDC
should have heard it by law And this is
Why this law suite is now do to them
covering each others crimes.

## CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** DALKE, JOSHUA **Date:** 09/04/2020
**CDC#:** AE0507
**Current Location:** COR-Facility 03A **Current Area/Bed:** 03A003 2 - 232001L

**Log #:** 000000004778

**Claim # 001**

**Institution/Parole Region of Origin:** California State Prison, Corcoran **Facility/Parole District of Origin:** COR-Facility 03A
**Housing Area/Parole Unit of Origin:** 03A002 2
**Category:** Offender Classification **Sub-Category:** Suffix

**I. ISSUE ON APPEAL**

The appellant disagrees with the Office of Grievance's rejection due to time constraints with regard to the affixation of a sex offender suffix.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, section 3487(a)(1)

**B. DOCUMENTS CONSIDERED**

CDCR 602-1602-2 Log #4778

**III. REASONING AND DECISION**

The decision to reject this appeal is affirmed by the Office of Appeals. The appellant did not submit the claim within the timeframe required by the Title 15, section 3487(a)(1). The appellant's sex offender suffix was placed on him on May 13, 2014, by the Unit Classification Committee; therefore, the appellant is outside of time constraints to appeal that suffix in 2020. This appeal is denied.It was also noted within the classification chrono that DOJ was contacted and determined the 1999 misdemeanor charge of sexual misconduct is equivalent to a California Registrable sex offense.

**IV. REMEDY**

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Chief | 09/04/2020 |

9

CDCR #:AE-0507
PS: 53 LEVEL: IV
WG/PG: A2-B EFF:11/11/11

NAME:DALKE
MEPD: 8/24/2058
NEXT CLASS:8/12

HOUSING: D5-244 U
CUSTODY: CLO-A
ASSIGNMENT:U/A

CDCR-128G

ACTION: INITIAL REVIEW: **RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY.**

This shows W... of ...

Inmate Dalke made a personal appearance before Facility "D", UCC for the purpose of an Initial Review. Inmate's DDP code is NCF per 128-C2 dated 8/11/10. Inmate Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA score of LOW (1) is noted, no Compas Assessment required. **(NT)** Inmate Dalke is a 34-year-old (DOB 6/3/1977), **White**, 2nd termer committed from San Bernardino County for the offense of PC 187 Attempted Murder in the 2nd (Attempted Murder of a Peace Officer) for a total term of 50 Years to Life. Inmate was received in CDCR on 8/11/10 and transferred to CAL-IV (SNY) on 10/28/11 from CCI-RC as a non-adverse transfer. It is noted last Legal County of residence was San Bernardino County. Prior arrest history includes charges of Disorderly Conduct, Under the Influence of Drugs, Possession of Marijuana (X8), Grand Theft in the 3rd Degree, Vehicle Theft (X4), Threatening a Public Servant (X5), Failure to Appear, Attempted Escape with a Deadly Weapon, Conspiracy to Commit a Crime (X5) and Sexual Misconduct (X6). Inmate is medically classified as Full Duty. TB Alert Code is 22 per CDCR 128-C dated 4/18/11. Confidential file is clear. CDCR 812 indicates enemies. Disciplinary history is clear of RVRs. There is no history of arson or kidnapping noted. A sex-related offense is noted on the inmates C.L.E.T.S report from the state of New York dated on 5/10/99, inmate was arrested for Rape in the 3rd degree. Escape is noted on 12/4/08 from Nye Nevada as an Attempted Escape with the use of a Deadly Weapon. It is noted that inmate Dalke is a Registered Sex Offender in the state of New York. The police reports have been order from New York and Nevada to review for the Sex offense and Escape. There are no holds/detainers noted. Inmate is not a FBN. Restitution has not been ordered by the court in the amount of $10,146.13. After a review of all case factors, Committee elects to **RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY.** Inmate is not eligible to earn work credits per PC 3057. PC 2930 and 2933 has been explained. Inmate meets 270-design criteria. Inmate is not eligible for MSF, CCRC, MCCF, CCF or Camp due to LIF, VIO and P/S. Inmate is not a participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet initial MDO screening criteria. Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with SNY inmate only. Inmate has stated he has no problem with his current cell partner. CDCR 840, 812, 127, 1882 and Minimum Custody Screening forms are current. Inmate was an active participant in this Committee and indicated he understood all the actions taken. Inmate was advised of his right to appeal and that this Committee acts as his first level of appeal and This Chrono will serve to inform Inmate of this Committee's actions, his right to appeal and that this Committee will act as his first level of appeal. Inmate's next DOC BPT Hearing is scheduled for 8/2014. Committee is aware that a case–by–case violence review is not required due to Inmate's instant offense, which is an automatic exclusion from MSF. His next Annual Review is scheduled for 8/12. (TA/ta)

M. McNair, FC — Chairperson

T. Adams, CCI

REVIEWED OBIS

Recorder

Committee Members: M. McNair, FC; J. Devenberg, CCII; T. Adams, CCI
Cc: CCI, Inmate and Central File
Date: 11/15/11

INITIAL CLASSIFICATION COMMITTEE

INST: CAL IV



CDCR #: AE0507
P/S: 49 LEVEL: III
WG/PG: A2B EFF: 11/11/2011

NAME: DALKE
MEPD : 8/24/2058
NEXT CLASS: 8/2013

HOUSING: D1 222L
CUSTODY: CLO-A
ASSIGNMENT: UNASSIGNED

CDC 128-G

ACTION: ANNUAL REVIEW/OTC RETURN: P/S REDUCED FROM 53 TO 49. REFER TO CSR RX NON-ADVERSE TX TO PVSP-III SNY OR COR-III SNY TO ACCOMMODATE THE INMATE'S LEVEL-III PLACEMENT SCORE. "R" SUFFIX REVIEW-NOT APPLIED. PLACE ON THE S/S WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUES NOTED. RETAIN AT CAL-IV PENDING TRANSFER. DOUBLE CELL APPROVED SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual Review. Inmate's Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA score of 1 is noted, no COMPAS Assessment required. Committee notes Inmate is unassigned. For the Annual Review periods of 8/11/2011 through 8/10/2012, Inmate Dalke had 2 qualifying periods of disciplinary free behavior and no qualifying periods of work. His placement score has been reduced from 53 to 49. Committee notes the Inmate was released to attend court proceeding in San Bernardino County on 5/31/2012; Court Case # FBA800768. The Inmate returned to CAL on 7/12/2012. The Inmate possess paper work reflecting his sentence has been reduced; at this time CAL Records has not yet received this information. His PS will remain until further documentation is received. Committee notes CSR request for "R" suffix review. After review it has been determined that sex was consentual "R" suffix is not appropriate. Arresting agency report has been reviewed and utilized in this decision. DA comments from New York state were unobtainable. **After a review of all case factors, Committee elects to** refer this case to the CSR requesting transfer to PVSP-III SNY OR COR-III SNY to accomodate the inmate's Level-III placement score. The transfer is non-adverse in nature. Inmate will retain CLO-A Custody and WG/PG A2B effective 11/11/2011 upon transfer. Place the inmate on the S/S waiting list. Retain at CAL-IV pending transfer. Inmate is not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence. Inmate is not a participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet the initial MDO screening criteria. Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with **SNY** restrictions. Inmate stated he has no problem with his current cell partner. CDC forms 840, 812, 127, 1882 and Minimum Custody Screening forms are current. The Initial Review Chrono, dated 11/15/2011, has been reviewed and all case factors remain the same with the exception of the following: Inmate Health Assessment notes a TB code of 22 dated 7/12/2012. Inmate was an active participant in this Committee and indicated he understood all the actions taken. Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013. The Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder. His next Annual Review is scheduled for 8/2013. (jil)

J. Devenberg, FC (A) CHAIRPERSON

J. Lewis, CCI (A) RECORDER

**Committee Members:** J. Devenberg, FC (A); M. Mc Shan, CCII (A); J. Lewis, CCI (A); D. Berthaud, CCI; F. Hauck, Edu.
cc: CCI, Inmate
Date: 8/21/2012

UNIT CLASSIFICATION COMMITTEE

INST: CAL IV



CDCR #: AE0507
P/S: 49 LEVEL: III
WG/PG: A2B EFF: 11/11/2011

NAME: DALKE
MEPD : 8/24/2058
NEXT CLASS: 8/2013

HOUSING: D1 222L
CUSTODY: CLO-A
ASSIGNMENT: UNASSIGNED

CDC 128-G

ACTION: PROGRAM: P/S REMAINS 49. REFER TO CSR RX CAL-IV OVERRIDE PENDING CASE WORK. REAFFIRM CLO-A CUSTODY AND WG/PG A2B EFFECTIVE 11/11/2011. NO MHSDS, MDO, DPP OR DDP ISSUES NOTED. RETAIN AT CAL-IV. DOUBLE CELL APPROVED SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual Review. Inmate's Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA score of 1 is noted, no COMPAS Assessment required. Committee notes Inmate was previously referred to CSR RX LVL-III TX. CSR has requested that CDCR determine if his out of state Misdemeanor Conviction of Sexual Misconduct is equivalent to CA Law that would require him to register per PC section 290. On 9/19/2012 DOJ was contacted see CDC 3017. DOJ gave a list of documentation required to complete the evaluation, due to paperwork being requested along with the crime having been committed over 10 years ago the estimated time of completion given by DOJ was several weeks to months when all paperwork is received. It is further noted during committee the Inmate became disruptive immediately upon the commencement of UCC; he was warned by the Chairman to be calm and let the CCI present his case in order to determine his case factors. The Inmate continued to loud talk over the CCI preventing the committee from understanding the totality of his case factors. The Chairman again warned the Inmate to be quite and advised him he would have a chance to speak when the CCI had completed presenting his case. The inmate began to over talk the Chairman and refused to cooperate with committee. The Chairman elected to order the inmate out of the committee room. The Chairman advised the inmate of his right to appeal. The remainder of UCC was continued in absentia. **After a review of all case factors, Committee elects to refer this case to the CSR requesting CAL-IV override due to pending case work and his LVL-III PS.** Reaffirm CLO-A Custody and WG/PG A2B effective 11/11/2011. Retain at CAL-IV. Inmate is not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence. Inmate is not a participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet the initial MDO screening criteria. Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with **SNY** restrictions. Inmate stated he has no problem with his current cell partner. CDC forms 840, 812, 127, 1882 and Minimum Custody Screening forms are current. The Initial Review Chrono, dated 11/15/2011, has been reviewed and all case factors remain the same with the exception of the following: Inmate Health Assessment notes a TB code of 22 dated 7/12/2012. Inmate was an active participant in this Committee and indicated he understood all the actions taken, he stated "I have been through this already with CCIAdams, and then CCI (A) Alvarez they said that it was taken care of and I won't have to go through this anymore". Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013. The Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder. His next Annual Review is scheduled for 8/2013. (jil)

P. Kuzil-Ruan, FC CHAIRPERSON

J. Lewis, CCI (A) RECORDER

**Committee Members:** P. Kuzil-Ruan, FC; A. Cebreros, CCII (A); J. Lewis, CCI (A); R. Larios, Edu.
**cc:** CCI, Inmate
**Date:** 9/25/2012

UNIT CLASSIFICATION COMMITTEE

INST: CAL IV

12

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR-128G (Rev. 12/91)

CDCR #: AE0507
PS: 49 LEVEL: III
WG/PG: D1/D EFF. 11/13/2012

NAME: DALKE
MEPD: 08/24/2058
NEXT ANNUAL: 08/2013

HOUSING: A5-109
CUSTODY: MAX

**EXCEPTIONAL REVIEW:** STAFF ASSISTANT WAS ASSIGNED C/O B. HATFIELD DUE TO CCCMS IDTT CONDUCTED ON 12/04/2012 MOD RISK DECOMPOSITION / RETAIN IN ASU DUE TO SAFETY AND SECURITY OF THE INSTITUTION PENDING ADJUDICATION RVR DATED 11/13/2012 (LOG #11-12-D008) WITH TENTATIVE MERD 01/21/2013 / REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 11/13/2012 / RESCIND UCC OF 11/21/2012 REFERRING CSR RX 90 ASU DAY EXTENSION AND CAL-IV OVERRIDE / **REFER TO CSR RX TX RJD-HUB / LAC-HUB** / REAFFIRM YARD WITH CELLMATE / DOUBLE CELL WITH SNY INMATE ONLY / MHSDS NOTED CCCMS / NO MDO, DPP OR DDP ISSUES NOTED / RESCHEDULE ICC ON 01/03/2013

Inmate Dalke was screened in person ICC today for the purpose Day Exceptional Review. Staff Assistant B. Hatfield was assigned due to inmate's inclusion in the MHSDS at the CCCMS Level of Care per 128C dated 11-29-12. IDTT was conducted on 12/04/2012 mod risk of decomposition was noted. Inmate's reading GPL is 5.8. Inmate was placed in the Administrative Segregation Unit (ASU) on 11-13-12 for the offense of Battery on Inmate, referenced in CDCR 115 dated 11-13-12 (Log #11-12-D008). If found guilty inmate could be assessed a 3 month SHU Term with a tentative MERD of 01-21-13. Information was received that inmate Dalke was involved in a Battery on Inmate per Confidential Memorandum dated 11-13-12 authored by Sergeant K. Teeters. Inmate's case is pending administrative review for DA referral. Committee finds that Segregated Housing is Appropriate and Elects to Retain in ASU pending Adjudication of RVR dated 11-13-12, (LOG # 11-12-D008). Committee notes that ICC of 11-21-12 referred to CSR RX 90 ASU EXT and CAL-IV Override which is no longer appropriate due to Inmate's inclusion in CCCMS. Committee notes that we are still pending court documents in order to send all information to DOJ for the determination of Inmate's need to register as PC 290 based on California Law, as Inmate was found Guilty of a Misdemeanor in the State of New York (Sexual Misconduct). Once all documents are received they will be sent to DOJ to determine if an "R" Suffix review is required. DOJ was contacted, and they stated once they receive all documents the process can take months. Receiving Institution should follow up to ensure that all documents are received and then forward to DOJ. Committee elects to Rescind ICC action of 11-21-12 which referred to CSR RX 90 ASU EXT, and CAL-IV Override, **committee elects to refer to CSR RX TX to RJD-HUB / LAC-HUB due to inclusion in the CCCMS.** Retain MAX Custody and WG/PG D1D effective 11-13-12. No enemies in ASU are noted. Committee reaffirms inmate for yard with cellmate. Inmate's case was reviewed for double cell housing and no pervasive pattern on in cell violence is noted. Inmate is assigned to double cell housing with SNY inmates only. A BPH DOC hearing is scheduled for 8-2013. Inmate does not meet initial MDO criteria. Inmate is a participant in the MHSDS. CDCR 128C2 indicates NCF. Inmate does not meet DPP criteria. Inmate Dalke was informed of the Behavioral expectations and ramification of SNY Placement. Inmate agreed to abide by SNY rules. Confidential information was used and a CDCR 1030 is in the C-File. Case factors remain the same as noted in initial 128G dated 11-15-11. Inmate Health Assessment notes a TB Code of 22 dated 7-12-12. Inmate was advised of his right to appeal and that this Committee acts as his First Level of Appeal. Inmate actively participated and stated he understood Committee's actions. Inmate had no questions or comments to address to Committee at this time. Inmate's next Annual Review is 08-2013. Inmate was advised he would be rescheduled for ICC on 01/03/2012. There are no other pertinent case factors noted. (rm)

S. Andersen, CDW (A) — Chairperson

A. Cebreros, CCII — Asst CHR — Recorder

**Committee Members:** C. Butler, AW; P. Kuzil-Ruan, FC; J. Criman, Assist. C&PR; D.Middleton, Ph.D.;
**cc:** Counselor, Inmate
Date: **12/06/2012**

**CLASSIFICATION:** ICC ASU

**INST:** CAL-IV

B

State of California | DEPARTMENT OF CORRECTIONS | CDC-128G

| CDC Number: AE0507 | Name: DALKE, J. | Classification Score: 67 Level: IV | Type and Release Date: MEPD: 1-28-2023 | |
|---|---|---|---|---|
| Custody: CLO-B | WG/PG: A2/B Effective: 12-27-12 | Next Classification: 8-14 Next BPT: 1/2019 TYPE:DOC | Housing: FD-17-117U | R.P.S. Status: N/A |

Assignment/Committee Summary

UNASSIGNED /ANNUAL AND POST BOARD REVIEW: PROVIDED COPIES OF BP RECOMMENDATIONS; NEXT BPH HEARING SCHEDULED FOR 1/2019 / REFER TO ICC-GP SHU REVIEW & TX, RETAIN FAC D / PO ABE-III/GED WL / REDUCE CUSTODY TO CLO-B / REAFFIRM SSWL,WG/PG A1/A EFF:12-27-12/IHC:RE/DC/CPP.

Committee

Inmate DALKE appeared in person before the Facility D Unit Classification Committee (UCC) for an Annual/Post Board Review. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128-MH 3 daed 1-10-13. Inmate is not a participant in the DD Program. Inmate waived his 72 hours preparation time. Inmate was introduced to the Committee and stated he felt well enough to proceed with committee.
Level of Care: CCCMS DDP: NCF DDP: N/A TABE:12.9 HSD/GED NOT VERIFIED
CSRA: 1 COMPAS Core Risk Assessment not required (CSRA 1/LIF)
PC2933: INELIG PC2933.05: INELIG IHC: RE

Accommodations / Staff Assistant

No Staff Assistant was not assigned. Reading GPL is 12.9. Effective Communication was established by using Simple English Spoken Slowly and Clearly. Subject reiterated in his own words what was explained. Subject provided appropriate, substantive responses to questions asked. Subject asked appropriate questions regarding the information provided.

Committee Discussion

Inmate DALKE appeared before the BPH for a Documentation Hearing on July 16, 2013. Committee notes the following BPH recommendations: Work when and where possible. Upgrade vocationally, educationally and participate in available self-help and therapy groups. Become disciplinary free. Inmate DALKE was provided a copy of the Documentation Hearing paperwork and indicated that he understood BPH's recommendations and would comply. Inmate's next scheduled BPH appearance is scheduled for 1/2019 for an Initial Hearing. Inmate DALKE was advised that failure to comply with the BPH's recommendations may have an adverse affect at future parole consideration hearings. Inmate's classification score has been adjusted from 49 to 67 to reflect one (1) qualifying periods for disciplinary free behavior, no satisfactory work performance or qualifying periods for minimum custody. Subject received an amended Abstract of Judgment dated 7-2-12, changing his term from 50 years to life to 7 years to life with an enhancement of 8 years. Committee noted the mandatory minimum score of 19 due to the "VIO" administrative determinant. UCC notes on 12-16-12, Correctional Lieutenant R. Hopper, found subject guilty of CDC 115 dated 11-13-12, Log #11-12-D008, Battery on an Inmate. As a result subject is being referred to ICC-GP for SHU review and transfer considerations. CSR action of 2-1-13 notes casework follow-up concerns regarding "R" suffix and escape review needed. Via phone, I attempted to contact the Department of Justice (DOJ) regarding CDC 3017 dated 9/19/12 requesting the status of DOJ's decision of whether subject's 5-10-99 conviction of Sexual Misconduct was the equivalent of California's registrable sex offense. I also attempted to contact NYE County Sheriff's Department regarding the status of I/M's 12-4-08 arrest for Attempted Escape w/Deadly Weapon. Per CDCR requested the case disposition on the attempted escape via letter dated 1-4-12 to NYE County Sheriff's Department. NYE County Sheriff 's Department response was that the case was still pending or under prosecution. As of today's committee I have yet to receive a response from either agency. Therefore, case still requires follow-up to determine "ESC"/"R" administration determinants. Committee notes that subject's case was reviewed for transfer consideration to a Reentry Hub institution, however, he does not meet the eligibility criteria due to CSRA 1/LIF.

Note never sent court transcripts did not recieve this is were it shows illegal

Committee Action

After a careful review of all case factors, Committee elects to retain on Facility D and and refer to ICC-GP for SHU Reveiw. Reaffirm the following. Reaffirm the following:PO SSWL, WG/PG A2/B, EFF: 12-27-12, IHC of RE and DC eligibility.

Case Factors

CDC forms 840, 812,127, 812-C and MSF have been updated. Confidential is noted and updated. Per CDC 128C-3 dated 1-10-13, notes Vigorous Activity, Low Risk with no restrictions noted. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following: Inmate is 36 years old, TB Code 22 per the SOMS Inmate Health Assesment dated 5-2-13 as well as any actions noted in this committee. MSF ineligible due to VIO/LIF/PS/PSY.

Participation

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions, however, he was not in agreement with his adjusted placement score. RJD's behavioral expectations and the inmate's right to appeal have been explained. His next scheduled classification is 8-14 for an Annual Review. There are no other case concerns at this time.

Committee Members

D. Arguilez, Captain (A), C. Taylor, CCII (A), L. Hyman, CCI, F. Fountain, ED

Chairperson: D. Arguilez, Captain (A) | Recorder: L. Hyman, CCI

DATE: 7-24-13 | CLASSIFICATION: UCC | INSTITUTION: RJDCF

(Rev. 1/1/08)

RICHARD J. DONOVAN CORRECTIONAL FACILITY
2013 JUL 31 PM 3:56
RECEIVED

18

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

C1C Unit C

RE: Screening at the FIRST Level

IDFL: 12

*Friday, May 22, 2020*

*DALKE, AE0507*
*Z 001D1137001L*

LIVING CONDITIONS, , 05/20/2020
Log Number: CSPC-7-20-02940
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)</u>**

The enclosed documents are being returned to you for the following reasons:

***Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(8). Your appeal involves multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response due to this fact. You may resubmit the unrelated issues separately using separate appeals. Be advised that you are still subject to the submission of one non-emergency appeal every 14 calendar days.***

***You cannot submit an appeal with multiple unrelated issues. You contend you are appealing rejected appeals 20-2509, 20-1916, 20-2267 and 20-0921. You cannot appeal a rejection as it is designed to allow you to fix the appeal you submitted. You continuously claim an inappropriate R suffix however, the R suffix was not implemented by CDCR. Your R-suffix was imposed by the courts as you are identified as a PC 290 registrant. That is a dispute with the court it was implemented. You claim to make allegations against staff which is another issue. You contend a write up also being a separate issue. You claim possible enemy concerns. You can only contend 1 issue. If dissatisfied with the response, you can go through the appeals process for review.***

☐ J. Ceballos, CCII Appeals Coordinator
☐ C. Brown, SCR LT
☑ L. Carrol, CCII Specialist

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

Rochester Norrer implemented me to Register as a Sex offender
Vegas on charges for fail to register the DA never showed
in case No record in USA ever married sex offender
Have the only case and its illegal. [illegible]

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.



STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

GAVIN NEWSOM, GOVERNOR

BOARD OF PAROLE HEARINGS
EXECUTIVE OFFICE
P.O. BOX 4036
SACRAMENTO, CA 95812-4036

girlfriends: having to pay rent at times. He felt he was good at managing his money, but denied major financial issues due to the fact he did not have credit/debit cards or loans. He denied ever being evicted or having his utilities shut off for nonpayment. He reported gaining money by illegal means such as from selling drugs or "white collar crimes (fraud)."

Sexual Development/Relationship History:

Mr. Dalke's first sexual experience was when he was 11 years old with a 16-year-old female. He indicated that he has had approximately 200 sexual partners in his lifetime. He reported having three serious relationships in his life. He lived with his three partners, one for five years off and on, one for four years off and on, and another partner for a couple of years. Mr. Dalke said he has never been married and has no children.

Mr. Dalke reported being in simultaneous relationships with his partners' consent, having one-night stands, and engaging in group sex, but denied using violence during sex, a history of cheating on his partners/girlfriends, or using prostitutes. He admitted to not regularly using condoms, but denied he contracted an STD in the past. He reported domestic violence in one of his relationships. He said he was living with his girlfriend in NY around 2000 or 2001. He explained he thought his girlfriend was cheating on him and he hit her. Mr. Dalke said he is not currently in a relationship.

Mr. Dalke was arrested while in NY for a charge of rape in the third degree in 1999. At the time, he was 21 years old and the victim in the sexual assault case was under 17 years old. Mr. Dalke was ultimately convicted of sexual misconduct. Per police reports from the Rochester Police Department dated 1999, the victim indicated that she and Mr. Dalke had consensual sex. The victim stated Mr. Dalke "did not force her to have sex with him at any point." The victim's mother became aware of the sexual contact and called the police. The victim refused to have the rape kit completed because "the intercourse was consensual and because of the amount of time between the incident and the exam." The police report noted the victim "told the R.O. (reporting officer) on three separate occasions that she did not wish to press criminal charges against S (Mr. Dalke)." However, the following day, the victim told the investigating officer she "desired prosecution. It appeared that family members had convinced V(victim) to follow through with prosecution, which contradicts her written deposition taken on 05/09/1999." When police contacted Mr. Dalke about the incident, he admitted to having sex with the victim, but said he "was positive that she was 17 years old."

During the current interview, when asked about the circumstances of the above situation, Mr. Dalke stated, "The girl was 15. My ex-girlfriend introduced us and told me she (victim) was 18. I was drunk and we went to my house and we had consensual sex. My ex-girlfriend [then] told me she (victim) was underage. I went straight to her (victim) dad and told him what happened. I called the cops. (*Was this the only time you had sex with an under aged female?*) First time and last time."

16

# RIS PRISONER DATA REPORT

MoRIS# [redacted] RPD# MCSO# DATE CHK BY

NAME: ALKE — FIRST NAME: Joshua — MIDDLE NAME: JASON — SUFFIX

2. ORIGINAL CR#: 99-153545

ES AND/OR MAIDEN NAME — NICKNAME — S.S.# [redacted]

6. ARREST CR#: 99-154656

NO. STREET: PHELPS AVE — CITY OR TOWN: Roch — STATE: NY

8. PLACE OF BIRTH, STATE/COUNTRY: RENTIN, WASH.

& DATE OF CRIME: Phelps AVE 5-8-99

10. DOW/DATE/TIME AND PLACE OF ARREST: MO 5-10-99 2000 261 Child ST

11. SECTOR OF OCCURRENCE: 2

☐ BENCH WARR ☐ OTHER WARR ☐ TURNOVER ☐ ON VIEW/OBSERV. ☒ REPORT/INVEST. ☐ JUV. OFFENDER

13. APP. TICKET #: —

14. ARRESTED BY: AGENCY: RPD OFFICER(S): Wilson #1080/Kehotz #1083

| 16. SECTION NO. & SUBS | 17. CLASS | CAT | 18. NAME OF OFFENSE & UTS# | 19. DEGREE |
|---|---|---|---|---|
| 1. 130.25-2 | E | FEL | RAPE | 3RD |
| | | | | |
| | | | | |
| | | | | |

NUMBER OF VICTIMS: 1 — AGE: [redacted] SEX: F

HANDICAPPED / VULNERABLE

21. NO. OF OFFENDERS: 1

22. ☐ BUSINESS ☐ DWELLING —

23. BAC: —

WEAPON (on arrest/missing): 1. REVOLVER 2. SHOTGUN 3. SEMI AUTOMATIC 4. SAWED OFF 5. AUTO RIFLE 6. KNIFE 7. BLUNT OBJ 8. RIFLE 9. OTHER —

25. DRUG ARREST TYPE: 1. HEROIN 2. MARIJUANA 3. COCAINE 4. OTHER —

26. FORGED INSTRUMENT USED: 1. LICENSE 2. PERSONAL CK 3. BANK DRAFT 4. CREDIT CARD 5. PRESCRIPTION 6. —

CRIME CONTEXT (2 MAX.): 3. DRUGS 4. D.W.I. & TRAFFIC 5. FORGERY & FRAUD 6. GAMBLING 7. MURDER 8. PHYSICAL CRIME 9. PROPERTY CRIME 10. PROSTITUTION 11. PUBLIC ORDER 12. SEX OFFENSE (circled) 13. STOLEN VEHICLE 14. WEAPONS 15. OTHER

29. CRIME ORGANIZATION

SIGNATURE (I HAVE ARRESTED THE ABOVE NAMED PERSON & TURNED THE INDIVIDUAL OVER TO THE POLICE. I AGREE TO APPEAR IN COURT AS DIRECTED.) X

ARRESTING OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, CO-DEFENDANTS, DAMAGE TO PUBLIC PROPERTY)

E DID HAVE CONVENTUAL SEXUAL INTERCOURSE W/ [redacted] FEMALE. WAS COOPERATIVE + DID TURN himself IN TO POLICE.

BOOKED BY: RPD — OFFICER(S): WILSON — ID#: 1080

32. IS THIS A FINGERPRINTABLE ARREST? (SEE BACK FOR DEFINITION) ☒ YES ☐ NO (IF YES SKIP 33 & 34)

33. HAVE YOU POSITIVELY IDENTIFIED ARRESTEE? ☒ YES ☐ NO

DO YOU HAVE REASON TO SUSPECT THAT ARRESTEE IS BEING SOUGHT FOR ANOTHER OFFENSE? ☐ YES (MUST STATE REASON) ☒ NO — REASON

36. AGE: [redacted] — 37. SEX: MALE (circled) / 2. FEMALE — 38. RACE: 1. WHITE (circled) 2. BLACK 3. AMERICAN INDIAN/ALASKAN NATIVE 4. ASIAN/ORIENTAL/PACIFIC ISLANDER

39. ETHNICITY: 1. ALIEN 2. NON-HISPANIC (circled) — 40. 1. ALIEN 2. CITIZEN (circled) — 41. 1. PROBATION 2. PAROLE

42. DEF. PH. #: NONE

43. EYE COLOR: BROWN

HAIR COLOR: 3. BROWN (circled) 4. GRAY/GRAYING 5. RED 6. SANDY 7. WHITE 8. NO HAIR

45. HAIR LENGTH: 1. SHORT/ABOVE EAR (circled) 2. MEDIUM/BELOW EAR 3. LONG (SHOULDER & BELOW) 4. BALD

46. FACIAL HAIR: 1. NO FACIAL HAIR 2. MUSTACHE 3. BEARD 4. GOATEE

47. COMPLEXION: 1. LIGHT 2. MEDIUM 3. DARK 4. OTHER

HEIGHT: 6' 0 IN. — 49. WEIGHT: 175 LBS

50. BUILD: 1. SLENDER/SLIM 2. MEDIUM (circled) 3. HEAVY 4. MUSCULAR

51. BODY ODDITIES (LOCATION): 1. NECK 2. TORSO 3. ARMS 4. HANDS, FINGERS 5. LEGS, FEET 6. DESCRIBE —

ODDITIES (LOCATION): 3. EARS 4. EYES, EYEBROWS 5. NOSE 6. CHEEKS 7. TEETH, MOUTH, LIPS 8. CHIN 9. DESCRIBE

LOCATIONS: 3. ARMS 4. HANDS, FINGERS 5. LEGS, FEET (circled) 6. TORSO 7. DESCRIBE: LFT ANKL

52. ODDITIES/DESCRIPTORS: 1. GLASSES 2. SPEECH IMPEDIMENT 3. SPEECH ACCENT 4. LEFT-HANDED 5. OTHER: ___

[redacted]

Deceased

ADDRESS: X — PHONE#: X

61. SEARCHED BY JAIL — 62. AMOUNT OF MONEY

BOOKING OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, ETC.)

RELEASED TO CUSTODY OF — DATE — TIME — 65. RELEASED ON BAIL ☐ YES ☐ NO — AMOUNT — 66. RELEASED BY

OFFICER'S SIGNATURE & ID #

ARRESTEE'S SIGNATURE TO BE PLACED ON REVERSE SIDE OF JAIL COPY

REV 10/87 — G.O. 521





STATE OF NEW YORK
ROCHESTER CITY COURT

CERTIFICATE #
006779

CERTIFICATE OF CONVICTION/DISPOSITION
*******************************************

I, Kim L. Bostley, certify that a judgment of conviction and/or disposition has been entered in this Court (CPL 60.60) against:

JOSHUA J DALKE, Defendant, DOB 06-03-1977 Docket # 99-08517

Arrested: 05-10-1999 Arraigned: 05-11-1999 Judge: MARJORIE L. BYRNES

---

ORIGINAL OFFENSE #1: -EF- RAPE 3RD-AMENDED PL-130.25-02
CR#: 99153545
Reduced to: -AM- SEXUAL MISCONDUCT PL-130.20

Disposition Date: 06-16-1999 Disposition: PLED GUILTY
Sentence Date: 09-29-1999
Sentence: PROBATION
3 Year(s) Probation

If Registration is Required its by law has to be on Deposition for all of Law enforcement to know and as you see No "R"

---

REMARKS: TRANS TO BROOME COUNTY/3 YRS OOP
PENALTY ASSESSMENT: $90.00

Witness my hand and the seal of said court this 28 day of November, 2012

Kim L. Bostley
Deputy Chief Clerk

Prepared by: Maidi Catt

Reviewed by: C Brown

CERTIFICATE OF DISPOSITION

STATE OF NEW YORK   COUNTY OF MONROE   CITY OF ROCHESTER   Page 1 of 1
In the matter of the defendants/respondents listed below:

CR# 99-153345

1. Jo'
DEFENDANTS/RESPONDENTS NAME                    DEFENDANTS/RESPONDENTS ADDRESS

2.
DEFENDANTS/RESPONDENTS NAME                    DEFENDANTS/RESPONDENTS ADDRESS

3.
DEFENDANTS/RESPONDENTS NAME                    DEFENDANTS/RESPONDENTS ADDRESS

rpd 1270

Charged with alleged offenses, to wit:

DEPONENTS NAME:

DEPONENTS ADDRESS: Rear Upper Apt. Rochester, N.Y. 14613

Deponent deposes and says:

My name is [redacted] in Rochester N.Y. 14613 Rear Upper Apt. Yesterday, Saturday, May 8th, 1999 I was up the street at my friend [redacted] house on [redacted] St. At about 4:00 in the afternoon this guy I know as Josh came by to hang out. We were here for about 15 minutes to a half an hour before Josh and I left. We walked over to Josh's apartment on the corner of Fulton Ave and Phelps Ave. Josh lives in one of the apartments that faces Phelps Ave. We went into his apartment and into his bedroom. We layed down on his bed and began kissing. I then took off my shirt + bra and Josh began kissing/me all over until Josh got undressed. Josh then got on top of me and inserted his penis in my vagina and we started having sex. After a few minutes I stopped him and asked him if he had a condom. Josh said he did not have any condoms and could not get any, so I got pregnant. We started having sex again and Josh ejaculated inside of my vagina. A couple minutes later I went to the bathroom. I then got dressed and left Josh's apartment. I left Josh's apartment at about 5:40 P.M. Josh did not force me to have sex with him at any time. Having sex was my decision.

NOTICE: False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the New York State Penal Law

DEPONENTS SIGNATURE    5-999    DATE    R.J. Wilson #1080    WITNESSES SIGNATURE    05/09/99    DATE

19

17 is legal age in New York

99-68517

THE CITY COURT OF ROCHESTER
COUNTY OF MONROE, NEW YORK

CONFIDENTIAL INFORMATION
CIVIL RIGHTS LAW SECTION 50(B)

The People of the State of New York
-Vs-
Joshua Dalke D.O.B. 6-3-77
24 Phelps Ave #1

CR# 99-153545

I, Investigator William McGlynn , the complainant herein works at the Rochester Police Department, Rochester, New York, and accuse the defendant, Joshua Dalke, in this action that on or about the 8th day of May, 1999, at about from 8:00 PM through 9:00 PM, at the location known as 24 Phelps Ave, City of Rochester, County of Monroe said defendant, Joshua Dalke did knowingly and unlawfully commit the E Felony of ~~Rape in the Third Degree~~ contrary to the provisions of Section(s) 130.25-2 of the Penal Law of the State of New York.

Sexual Misc.

**THE FACTS ON WHICH THIS ACCUSATION IS MADE ARE OF MY OWN KNOWLEDGE OR UPON INFORMATION AND BELIEF AS FOLLOWS:**

That your complainant is employed as a Police investigator for the City of Rochester, and while acting in that capacity did have cause to investigate a complaint of a rape , which resulted in the filing of this accusatory instrument.

That said defendant did at the above stated date, times and location, being twenty one years of age, being born on June 3rd, 1977 did engage in sexual intercourse with a female that he is not married to whom is less than 17 yrs old, having been born on 11-30-83.

16

That your complainant bases this on INFORMATION & BELIEF, that being the depositions of the victim, [redacted] along with a voluntary signed statement made by the defendant which are both attached to and made part of this Felony Complaint.

**NOTICE* FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.*

Date: 5-10-99 Complainant: Inv. William McGlynn

Witness: ______________________

And not once was I charged with Statigitory Rape. Her mom claimed Rape, In Police Reports proves no Rape also Court.

*ROB BONTA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

***Bureau of Criminal Information and Analysis***
Record Review and Challenge Section
P.O. Box 160207
Sacramento, CA 95816-0207

July 12, 2021

Joshua J. Dalke [AE00507]
P.O. Box 3456
Corcoran, CA 93212

RE: Response to your Claim of Alleged Inaccuracy or Incompleteness
CII #A24354930

Dear Mr. Dalke:

This correspondence is in response to your claim of alleged inaccuracy or incompleteness in your California state summary criminal history record as maintained by the California Department of Justice (DOJ), received on January 13, 2021.

The DOJ is required by California Penal Code section 11105(a)(2) to record specific arrest, disposition, and personal identification information when it is reported by a law enforcement agency or court of this state. Modification or deletion of this information can only occur at the direction of the contributing agency or by order of the court having jurisdiction over the criminal matter.

The DOJ is required to record arrest and disposition information that is received from a law enforcement agency or court of this state. The arrest entry dated May 10, 1999 cannot be found on your California criminal history record, therefore no further investigation is required.

Regarding your request to amend the arrest entry dated January 9, 2009, based on information received from the contributing agency, this entry has been amended. Enclosed is a current copy of your California state summary criminal history record.

If you wish to challenge further the accuracy or completeness of your state summary criminal history record, you may request that the DOJ refer the matter for an administrative hearing pursuant to California Penal Code section 11126, subdivision (c) (enclosed). If you wish to use this process, please submit a written request for an administrative hearing to the Record Review and Challenge Section at the address provided above. You may wish to consult an attorney regarding this matter or the administrative hearing process.



If you have any further questions concerning this matter, please direct your correspondence to the Record Review and Challenge Section at the address provided above.

Sincerely,

ANNETTE AH PO, Manager II
Record Quality Services Program
Bureau of Criminal Information and Analysis

For ROB BONTA
Attorney General

Enclosure(s)

RR-0DD

RE: QHY.CA0 [illegible]
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:APPUSR

*****************************************************************************

DNA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND UPLOADED INTO THE CAL-DNA DATA BANK. FOR INFO (510) 620-3300 OR PC296.PC296@DOJ.CA.GOV.

*****************************************************************************

** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE RECORD
CII/A24354930
DOB/19770603 SEX/M RAC/WHITE
HGT/511 WGT/175 EYE/BRO HAI/BRO POB/WA
NAM/001 DALKE,JOSHUA JASON
002 DALKE,JOSHUA

FBI/858380VA9
SOC/464774249
INM/CDC-AE00507
SMT/TAT L ANKL-UNKNOWN ; TAT NECK-UNKNOWN
* * * *

REGISTRATION: NAM:002
20170919 CASD CORR LANCASTER

CNT:001 #AE0507
290 PC-REGISTRATION OF SEX OFFENDER TOC:N

*****************************************************************************
**
** FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO
** THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR)
**
*****************************************************************************
* * * *

This in 2014 was [illegible] by due process procedural. DOJ [illegible] for list of documents transcripts court DAs office. Never got any "R" [illegible] Placed list not to get [illegible] Now can't pushed to hard by next inquiry. As was put to them from Reject "R" CSR Hunter ? Colp[illegible]

ARR/DET/CITE: NAM:001 DOB:19770603
20030128 CAPD SAN FRANCISCO

CNT:001 #2091612
647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG TOC:M
20030130
DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
SCN:99530280112
* * * *

ARR/DET/CITE: NAM:002 DOB:19770603
20090109 CASO SAN BERNARDINO

CNT:001 #0901080094-361271974
187(A) PC-MURDER:SEC DEG ON PEACE OFFICER TOC:F
ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,89048)
COM: PHOTO AVAILABLE
SCN:998C0090349
- - - -

This is transferred day from Nevada. Booked in Barstow then later that night West Valley Rancho Cucamonga. That attempt escape in Pahrump supposed Attempted false told to Dalke by Sheriff. I called DA in San Bernardino. Asked if I drop [illegible] evasion which you were getting probation and also drop the attempt escape plot. To hang you. They said yes. Don't fight extradiction [illegible] So on Jan 9th 2009 Booked on Attempt Murder charges.

COURT: NAM:001
20100701 CASC MCBARSTOW

CNT:001 #FBA800768
664/187(A) PC-ATTEMPTED MURDER -GREAT BOD INJ TOC:F
*DISPO:CONVICTED

CMTDP287820.IH
E: QHY.CA0349400.24354930.APPUSR. DATE:20210712 TIME:14:24:00
ESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
TTN:APPUSR

*******************************************************************

NA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
PLOADED INTO THE CAL-DNA DATA BANK. FOR INFO (510) 620-3300 OR
C296.PC296@DOJ.CA.GOV.

*******************************************************************

* PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
ALM.PRINT@DOJ.CA.GOV
* III MULTIPLE SOURCE RECORD
II/A24354930
OB/19770603 SEX/M RAC/WHITE
GT/511 WGT/175 EYE/BRO HAI/BRO POB/WA
AM/001 DALKE,JOSHUA JASON
002 DALKE,JOSHUA

BI/858380VA9
OC/464774249
NN/CDC-AE00507
MT/TAT L ANKL-UNKNOWN ; TAT NECK-UNKNOWN
* * *

EGISTRATION: NAM:002
0170919 CASD CORR LANCASTER

NT:001 #AE0507
290 PC-REGISTRATION OF SEX OFFENDER TOC:N
COM: 6/8/2021 NO LONGER REQUIRED TO REGISTER AS SEX
OFFENDER IN CALIFORNIA/MAY BE REQUIRED TO REGISTER IN
OTHER JURISDICTION(S)

*******************************************************************

* FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO **
* THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR) **

*******************************************************************

* * *

RR/DET/CITE: NAM:001 DOB:19770603
0030128 CAPD SAN FRANCISCO

NT:001 #2091612
647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG TOC:M
0030130
DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
SCN:99530280112
* * *

RR/DET/CITE: NAM:002 DOB:19770603
0090109 CASO SAN BERNARDINO

NT:001 #0901080094-361271974
-664 PC-ATT TO COMMIT CRIME
187(A) PC-MURDER TOC:F
ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,89048)
COM: PHOTO AVAILABLE
SCN:998C0090349
- - -
OURT: NAM:001
0100701 CASC MCBARSTOW

AMENDED

24

':001 #FBA800768
.64/187(A) PC-ATTEMPTED MURDER TOC:F
-GREAT BOD INJ
SPO:CONVICTED
CONV STATUS:FELONY
SEN: LIFE PRISON, CONCURRENT

':002
82(A)(1) PC-CONSPIRACY:COMMIT CRIME TOC:F
SPO:CONVICTED
CONV STATUS:FELONY
SEN: 600 MONTHS PRISON, CONSECUTIVE

:003
45(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY TOC:F
-GREAT BOD INJ
SPO:CONVICTED
CONV STATUS:FELONY
SEN: 048 MONTHS PRISON STAYED

SPO:CONVICTION CERT BY CLERK OF THE COURT
SPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
DCN:P1037002001036000361
* *

TODY:CDC NAM:002
00811 CASD CORR TEHACHAPI

:001 #AE0507
-664 PC-ATT TO COMMIT CRIME
87(A) PC-MURDER:FIRST DEGREE TOC:F
-12022.7(A) PC-GBI:GREAT BODILY INJURY
SEN FROM: SAN BERNARDINO CO
CRT CASE #FBA800768

:002
45(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY TOC:F
-12022.7(A) PC-GBI:GREAT BODILY INJURY
SEN: 999 LIFE PLUS PRISON
COM: PHOTO AVAILABLE
SCN:931D2350004
* *

/DET/CITE: NAM:001 DOB:19770603
20531 CASO SAN BERNARDINO

:001 #1205343701-361271974
-664 PC-ATT TO COMMIT CRIME
-WARRANT
37(A) PC-MURDER TOC:F
SPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
WARRANT #FBA800768
COM: PHOTO AVAILABLE
SCN:998F1520175
* * * END OF MESSAGE * * *

25

Jun/3/2021 10:47:12 PM CDCR 8316785507 1/1

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
SALINAS VALLEY STATE PRISON
P.O. BOX 1020
SOLEDAD, CA 93960
(831)678-5500 Ext. 6902
FAX # (831)678-5507

Date: 06/03/2021

State of California
Department of Justice
ATTN: California Sex Offender Registry
P.O Box 903387
Sacramento CA. 94203-3870

RE: REQUEST FOR PRIORITY ASSESSMENT ON OUT-OF-STATE, FEDERAL OR MILITARY SEX OFFENDER IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)

The California Department of Corrections and Rehabilitation (CDCR) is requesting the Department of Justice (DOJ) complete an assessment on the following subject in order to determine if subject is required to register as a sex offender in the State of California pursuant to Penal Code (PC) Section 290:

**Subject's Full Name:** DALKE, ~~JOHNSON~~ Joshua
**DOB:** 06/03/1977
**FBI #** 858380VA9
**CI&I #** A24354930

**CDCR #** AE0507
**Release date:** Lifer

**Conviction Offense (not arrest):** Sexual Misconduct
**Year of Conviction:** 05/11/1999
**Jurisdiction of Conviction:** Monroe, New York

Should Subject's release date change to a date earlier than what is reflected above, you will be notified via efax at (916) 731-2185. Please send your completed response to the Case Records Services Unit via email at: daicrsAdminassist@cdcr.ca.gov

BY: Nubia Montoya 6/3/21

Inmate & Associate Warden inquiring about 290 registration

**DOJ USE ONLY**

- ☐ Not required
- ☑ No longer Required
- ☐ Required
- ☐ Pending

Assessment by: DAG KR Date: 6/8/2021