UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE, | No. 2:22-cv-1842 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

II.     Complaint

Plaintiff alleges that defendants Hyman and Moseley[1] violated his rights under the First, Eighth, and Fourteenth Amendments. ECF No. 1. He asserts that, contrary to the Department of Justice's instructions, Hyman placed an "R" suffix on his file indicating sex offender status, which resulted in inmates attacking plaintiff after correctional officers told them that he was a child rapist. Id. at 3, 6-7. Plaintiff also appears to allege that his risk assessment was increased based on the addition of the "R" suffix and being labeled violent after having to defend himself from other inmates, causing him to be denied parole. Id. at 6-9. Finally, plaintiff indicates that he is attempting to bring a retaliation claim and asserts that he dropped a grievance because of "all the retaliation that goes on do [sic] to the civil suite [sic]." Id. at 3, 8.

III.    Failure to State a Claim

    A.      "R" Suffix Addition

Classifying an inmate as a sex offender implicates a protected liberty interest when the "stigmatizing consequences" of being labeled a sex offender are coupled with some form of mandatory behavior modification. Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). Where an inmate has been previously convicted of a sex offense after formal criminal proceedings, he "has received the minimum protections required by due process" and "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." Id. at 831. However, when an inmate "has never been convicted of a sex offense and has never had an opportunity to formally challenge the imposition of the 'sex offender' label in an adversarial setting," he is entitled to the

---

[1] Although "Sacramento Corrections" is identified as a defendant in the caption, it is not included in the list of defendants and there are no allegations against it. It therefore appears that plaintiff does not intend it as a defendant. Regardless, since it appears that Sacramento Corrections refers to the California Department of Corrections Sacramento headquarters, it is not a proper defendant because it is an arm of the state and "not subject to suit under § 1983." Howlett v. Rose, 496 U.S. 356, 365 (1990) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989)).

same procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). Id. at 830-31. In other words, he is entitled to advance, written notification "of the reasons for his classification as a sex offender without . . . having to request that information" and "a hearing at which he must be allowed to call witnesses and present documentary evidence in his defense." Id. at 830-31 & n.14. He is also entitled to a written statement as to the evidence relied on and reasoning for the decision, assistance at the hearing if he is illiterate or the matter is complex, and a sufficiently impartial fact finder. Wolff, 4818 U.S. at 564, 570-71.

Plaintiff does not allege facts sufficient to show that his classification as a sex offender infringed on a protected liberty interest. There are no facts showing the classification was coupled with mandatory behavior modification or imposed any other kind of atypical and significant hardship. See Sandin v. Connor, 515 U.S. 472, 484 (1995) (liberty interest created when prison regulation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Though plaintiff does allege that his risk assessment was increased, resulting in parole being denied, it is unclear whether the sex offender designation mandated the increase in his risk assessment or whether it was solely a consequence of being charged with fighting after defending himself against other inmates.

Moreover, even if the addition of an "R" suffix entitled plaintiff to due process protections, he has not alleged facts showing that he was denied those protections. Plaintiff alleges he was convicted of a "sexual misconduct misdemeanor" in another state, and appears to argue that because this conviction does not require sex offender registration it does not meet the definition of sex offense for purposes of adding an "R" suffix. Id. at 6-7. Assuming plaintiff is correct and his conviction is not defined as a sex offense, and he would therefore be entitled to all the protections outlined in Wolff, he does not allege facts showing he was denied those protections and therefore fails to state a claim. Plaintiff cannot state a claim for relief if he was provided all the necessary procedural protections and instead simply disagrees with the result.

B. Parole Denial

Plaintiff appears to allege that the addition of the "R" suffix resulted in the denial of due process in the parole review process. However, there are no facts demonstrating that labeling

plaintiff a sex offender precluded a grant of parole, and even if Hyman placing an "R" suffix on plaintiff's file was a primary reason he was denied parole, that fact would not create a basis for liability. None of the named defendants appear to have been directly involved in the parole review process, and "[u]nder California law, the parole board must consider '[a]ll relevant, reliable information' in determining suitability for parole." Cal. Code Regs. tit. 15, § 2281(b)-(c) (outlining information for consideration and circumstances tending to show unsuitability). The named defendants cannot be held liable for a subsequent decision an independent body makes, and their conduct described in the complaint cannot be considered the proximate cause of the parole board's decision. See Mendez v. County of Los Angeles, 897 F.3d 1067, 1076-77 (9th Cir. 2018) (discussing proximate cause in the context of § 1983).

### C. Failure to Protect

Prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). This responsibility requires prison officials "to protect prisoners from violence at the hands of other prisoners," Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted), and identifying an inmate as a sex offender in front of other inmates for the purpose of putting him at risk of assault states a claim under Eighth Amendment. See Valdez v. Marques, No. 21-cv-1500 MMA (RBM), 2021 WL 4690511, at *3-4, 2021 U.S. Dist. LEXIS 194474, at *9-10 (S.D. Cal. Oct. 7, 2021) (collecting cases). However, plaintiff does not identify or name as defendants any specific individuals who told other inmates of his sex offender status. He also does not allege facts indicating the named defendants were responsible for the conduct of the other officers or designated him a sex offender knowing that other officers would purposely disclose plaintiff's status. The complaint therefore fails to state a viable claim for failure to protect. See Farmer, 511 U.S. at 837 (Eighth Amendment failure to protect claim requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

### D. Retaliation

A viable First Amendment claim for retaliation must include the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

To the extent plaintiff is attempting to make a retaliation claim, it is unclear whether he experienced any retaliation or merely anticipated retaliation, as he says only that he dropped his 602 because of "all the retaliation that goes on."  ECF No. 1 at 8.  Plaintiff does not identify any adverse action that he was subjected to or allege that either defendant was responsible for that conduct.

### E. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  Plaintiff has not alleged any facts regarding defendant Moseley's conduct and therefore fails to state any claims for relief against him.

## IV. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Motions for Assistance

Plaintiff has filed a motion requesting that the court order the District Attorney's office in Rochester, New York to produce documents related to his 1999 conviction for sexual misconduct. ECF No. 20. He has also filed a motion seeking to open discovery and have an evidentiary hearing. ECF No. 21. As set forth above, the complaint has been screened and does not set forth any claims for relief. Any discovery is therefore premature at this point, and plaintiff's motions for documents, to begin discovery, and for an evidentiary hearing will be denied.

Plaintiff has also requested the appointment of counsel. ECF No. 21. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel to assist him in obtaining discovery. ECF No. 21. However, as addressed above, the court has only just screened plaintiff's complaint and dismissed it with leave to amend, making discovery premature. Furthermore, in screening the complaint, the court has outlined the applicable legal standards for plaintiff and explained to him what he needs to show in order to state a claim. Plaintiff should attempt to follow the instructions given by the court when amending his complaint. Finally, because the complaint has been found to not state any viable claims for relief, the court is unable to evaluate plaintiff's likelihood of success on the merits at this time. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel at this time.

### VI. Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim. You have not alleged facts showing that you were entitled to due process before being classified as a sex offender, because it does not appear that you were required to participate in sex offender treatment or that the designation caused some other kind of hardship for you outside the normal hardships of being in prison. Assuming you were entitled to due process, you have not shown that you were denied such process when the "R" suffix was added to your file. There are also no facts showing that either defendant was responsible for telling other inmates you are a sex offender. Finally, there are no allegations showing what defendant Mosely did and there are no facts regarding the retaliation you experienced or who retaliated against you.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file a first amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Plaintiff's motion for the court to order the production of documents (ECF No. 20) is DENIED.

5. Plaintiff's motion for appointment of counsel, to begin discovery, and for an evidentiary hearing (ECF No. 21) is DENIED.

DATED: June 21, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE