Joshua Dalke        AE-0507
Name and Prisoner/Booking Number

CSP- Sacramento
Place of Confinement

P.O. Box 2610066
Mailing Address

Represa, CA 95671
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

**FILED**

**AUG 14 2023**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Joshua Jason Dalke                    )
(Full Name of Plaintiff)    Plaintiff,    )
                                      )
v.                                    )
                                      )
(1) CCl Hyman                         )
(Full Name of Defendant)              )
(2) Dr. Ghosoph                       )
                                      )
(3) M. McNair                         )
                                      )
(4) T. Adams                          )
(5) Mosley        Defendant(s).       )
☑ Check if there are additional Defendants and attach page 1-A listing them    )

CASE NO. 2:22-cv-1842 DAD AC P
(To be supplied by the Clerk)

Request Jury Trial

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____

2.  Institution/city where violation occurred: _Donavan & Sacramento Headquarters_

Revised 3/15/2016                    1

**B. DEFENDANTS**

1. Name of first Defendant: _CCI  Hyman_____. The first Defendant is employed as:
_Correctional Counselor 1_____ at _RJD state Prison_____.
           (Position and Title)                                      (Institution)

2. Name of second Defendant: _Dr. Ghosoph_____. The second Defendant is employed as:
_____ at _~~RJD~~ state Prison  Salinas State priso_
           (Position and Title)                                      (Institution)

3. Name of third Defendant: _M. McNaw_____. The third Defendant is employed as:
_Captain'_____ at _California State prison_____.
           (Position and Title)                                      (Institution)

4. Name of fourth Defendant: _____T. Adams_____. The fourth Defendant is employed as:
_CCI_____ at _Calipatria state prison_____.
           (Position and Title)                                      (Institution)

5. Mosley Sacremento Appeals cordinator.  Headquarters Sacremento

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

**C. PREVIOUS LAWSUITS**

1. Have you filed any other lawsuits while you were a prisoner?    ☑ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: _Dr Oh_____ v. _Da/Ke_____
   2. Court and case number: _~~Dont have example~~, ~~22CM~~_____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Denied_____

b. Second prior lawsuit: J Fugate Romes
   1. Parties: _(DiAlgate, Vera Cordona etc al_ v. _Da/Ke_____
   2. Court and case number: _7:20-cv-00534_____
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Settlement Sgranc_

c. Third prior lawsuit:
   1. Parties: _____ v. _____
   2. Court and case number: _____.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: 8th Amendment Deliberate indifference.

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety    ☑ Other: classification

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

CCR 3377.1 (b)(5)(A) notes an "R" suffix shall not be affixed when required documentation is not available for review, unless approved by Department Review Board (DRB) decision.

CCR 3377.1 (b)(5)(B) DRB approval is required to affix an "R" suffix to an inmates degree of custody if the required relevant documents are not available to complete an "R" suffix evaluation.

CCI Hyman added a "R" suffix to my CDCR record without proper documentation which caused me to be attacked by inmates and contributed in my denial of parole. It also caused me to be involved in mutual combat when I defend myself.
   When staff member Agasta free staff saw Hyman violated my rights by putting illegal "R" Suffix when I don't have to register any state. She Agasta had law clerk Matt help file 602 May 2014. Donavan program office never logged so 2015 Jan I attempt to escape. Sacremento reissued three times to put incedent package to DA. Donavan refused knowing Hyman violated my rights and the DA would've hep

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Denied parole. Assaulted by inmates. charged with mutual combat when defending my self. Physical injuries, pain, suffering, emotional distress.

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes    ☐ No

   b. Did you submit a request for administrative relief on Claim I?    ☑ Yes    ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?    ☑ Yes    ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: 8th Amend deliberate indifference .

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care

   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation

   ☐ Excessive force by an officer    ☐ Threat to safety    ☑ Other: Psych Eval , Risk Assessment

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Dr. Ghosapst used false information to label me a deviant sexual predetor causing me to be denied parole. Also did the sexual offender interview when I'm not required to Register as a sex offender. She said I told different then the C-File. Makes out Im a liar violent child rapist or young adult. The assumtion is shown with her giving High Risk. And when I told actual case Sexual Misconduct Misdomeanor She states I told different then the record. So thinking I lied and it being violent and on a under age girl put in her dascion that I'm basecally a violent sex crd/preclator being cant own up to the record. I know in all reality Not only is the record she used incorrect. All the drug test and fights were a result of what the false record caused.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Denied parole, Emotional distress

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☑ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim II?    ☑ Yes   ☐ No

   c. Did you appeal your request for relief on Claim II to the highest level?    ☑ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _14th Amendment Due Process_

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: _classification_

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _The following narrative details the classifications errays that were inaccurate and denied me due process and resulted in the denial of my parole._

   _I was never convicted of attempted Escape with a deadly weapon but this information was used against me during classification._

   _My conviction for sexual misconduct on 9/24/69 in Rochester City Court in New York state did not require me to register as a sex offender but this was used against me during classification._

   _CDCR-1286 dated 11/15/16 by CCI T. Adams incorrectly documents that plaintiff is a Registered sex offender in the state of New York._

   _It was M. McNair and T. Adams responsibility to ensure that this information was accurate._

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   _Denied Parole, Assaulted by inmates._

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

1. 3 million dollars in compensatory damages
2. 1 million dollars in punitive damages
3. any such other relief as the court deem necessary.
4. Redue Parole with correct record in front of Risk Assesment
   Dr to review on Risk Assesment.
5. Take away 115's escape, violence Knife case Contraban.
   and drug 115 caused by mistreatment. Self medicated. Also get counseling
   . out side hospital. Shrink/pay for one.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___8 - 3 - 23___

DATE

___(signature)___

SIGNATURE OF PLAINTIFF

_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit:  _____ pages.

JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

Notice CCI Hyman says she attempte
to contact Department of Justice, on the
phone. And it was about if the "R" suffix
applies and escape attempt charges pending.
3 years and one day is law on any felony
charges after arraignment. The courts have
to take to trial. So the lies are shown. She
was suppost to recontact DRB, to contact
Rochester New York for minuete order at sentenc
out of 1999. Sexual Misconduct Misdemenor.
No registration due to law. If a conviction on
deposition needs to register as a sex offender
it has to be placed for other agencies to
know if a registered sex offender out of
there state. My deposition dont have PC290
requirements. But DRB wasnt contacted to
do Calafornia procedures per title 15 and DOM
No mention to Department of Jutice was shown
when Hyman place the "R" on C-file. 2017
Lancaster CCI Burns, had contacted DO-
and read off Hymans lies to get DOJ to
put PC290 on there computers. When all lies.
So this violates in more than a couple
ways. Being assaulted so bad I almost
died the attack from behind a guy 240 pounds
hit buck of buck, car head, for 3 minetes
I signed get along chrono. But couldnt breath
as document shows thought broken ribs got X Rays,

Exhibit "A" description on claim

Department of Corrections officers in the begining of prison sentence 7010 Tahachipi took the "sexual misconduct mistomenor" out of Rochester, New York and told inmates I'm a sex offender because the escape Attempt with a deadly wepeon, that was out of Pahrump Nevada Were Sheriff of NYE County told San Bernardino District Attorney to hang me and thats were Jan 9th/2009 Murder 2nd degree on San Bernardino Sheriff came from. See All three Exibits pg One says Attempt murder on Peace officer, also esapetrom NV And Sex offender out of New York. These facts relate to CCI Hymans rerive of "R" Saffix in 2014 May. Versus CCI Lewis 2011·11·11 Sex was Consentual. No "R" Applied when the actual police reports DA gain description of case was typed bailffs reports. These documents by CCI Hyman threw out with higher ups also invole to take out of C file. And Hynton put her description of rape of minor when the girl suposicly recalled police. All this was only to be done by Department of Review board when documintation arent there to send to DOJ to see in california PC 290 is needed or not. Which isn't. So She never contacted Department Of Justice and never contacted Rochester New York District Attorney. This violates 8th amendment and CCR 3377.1 (b) (5) A) Inmate were told DA likes a child rapist or sex offender see Exhibit A Deliberate indifference to saffty page. This proof your honors were looking for to state a claim.

| CDCR #:AE-0507 | NAME:DALKE | HOUSING: D5-244 U | CDCR-128G |
| PS: 53 LEVEL: IV | MEPD: 8/24/2058 | CUSTODY: CLO-A | |
| WG/PG: A2-B EFF:11/11/11 | NEXT CLASS:8/12 | ASSIGNMENT:U/A | |

ACTION: INITIAL REVIEW: RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility "D", UCC for the purpose of an Initial Review. Inmate's DDP code is NCF per 128-C2 dated 8/11/10. Inmate Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA score of LOW (1) is noted, no Compas Assessment required. **(NT)** Inmate Dalke is a 34-year-old (DOB 6/3/1977), White, 2nd termer committed from San Bernardino County for the offense of PC 187 Attempted Murder in the 2nd (Attempted Murder of a Peace Officer) for a total term of 50 Years to Life. Inmate was received in CDCR on 8/11/10 and transferred to CAL-IV (SNY) on 10/28/11 from CCI-RC as a non-adverse transfer. It is noted last Legal County of residence was San Bernardino County. Prior arrest history includes charges of Disorderly Conduct, Under the Influence of Drugs, Possession of Marijuana (X8), Grand Theft in the 3rd Degree, Vehicle Theft (X4), Threatening a Public Servant (X5), Failure to Appear, Attempted Escape with a Deadly Weapon, Conspiracy to Commit a Crime (X5) and Sexual Misconduct (X6). Inmate is medically classified as Full Duty. TB Alert Code is 22 per CDCR 128-C dated 4/18/11. Confidential file is clear. CDCR 812 indicates enemies. Disciplinary history is clear of RVRs. There is no history of arson or kidnapping noted. A sex-related offense is noted on the inmates C.L.E.T.S report from the state of New York dated on 5/10/99, inmate was arrested for Rape in the 3rd degree. Escape is noted on 12/4/08 from Nye Nevada as an Attempted Escape with the use of a Deadly Weapon. It is noted that inmate Dalke is a Registered Sex Offender in the state of New York. The police reports have been order from New York and Nevada to review for the Sex offense and Escape. There are no holds/detainers noted. Inmate is not a FBN. Restitution has not been ordered by the court in the amount of $10,146.13. After a review of all case factors, Committee elects to RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY. Inmate is not eligible to earn work credits per PC 3057. PC 2930 and 2933 has been explained. Inmate meets 270-design criteria. Inmate is not eligible for MSF, CCRC, MCCF, CCF or Camp due to LIF, VIO and P/S. Inmate is not a participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet initial MDO screening criteria. Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with SNY inmate only. Inmate has stated he has no problem with his current cell partner. CDCR 840, 812, 127, 1882 and Minimum Custody Screening forms are current. Inmate was an active participant in this Committee and indicated he understood all the actions taken. Inmate was advised of his right to appeal and that this Committee acts as his first level of appeal and This Chrono will serve to inform Inmate of this Committee's actions, his right to appeal and that this Committee will act as his first level of appeal. Inmate's next DOC BPT Hearing is scheduled for 8/2014. Committee is aware that a case–by-case violence review is not required due to Inmate's instant offense, which is an automatic exclusion from MSF. His next Annual Review is scheduled for 8/12. (TA/ta)

REVIEWED
OBIS

M. McNair, FC        Chairperson        T. Adams, CCI        Recorder

Committee Members: M. McNair, FC; J. Devenberg, CCII; T. Adams, CCI
Cc: CCI, Inmate and Central File
Date:11/15/11        INITIAL CLASSIFICATION COMMITTEE        INST-CAL IV



RE: ...

RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:APPUSR

*******************************************************************

DNA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
UPLOADED INTO THE CAL-DNA DATA BANK.  FOR INFO (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV.

*******************************************************************

** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE RECORD
CII/A24354930
DOB/19770603    SEX/M RAC/WHITE
HGT/511  WGT/175  EYE/BRO  HAI/BRO  POB/WA
NAM/001 DALKE,JOSHUA JASON
    002 DALKE,JOSHUA

FBI/858380VA9
SOC/464774249
INM/CDC-AE00507
SMT/TAT L ANKL-UNKNOWN              ; TAT NECK-UNKNOWN
* * * *

REGISTRATION:         NAM:002
20170919  CASD CORR LANCASTER

CNT:001    #AE0507
  290 PC-REGISTRATION OF SEX OFFENDER            TOC:N
*******************************************************************
**
**   FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO
**   THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR)
**
*******************************************************************
* * * *

ARR/DET/CITE:         NAM:001  DOB:19770603
20030128   CAPD SAN FRANCISCO

CNT:001    #2091612
  647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG    TOC:M
20030130
 DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
   SCN:99530280112
* * * *

ARR/DET/CITE:         NAM:002  DOB:19770603
20090109   CASO SAN BERNARDINO

CNT:001    #0901080094-361271974
  187(A) PC-MURDER:SEC DEG ON PEACE OFFICER
  ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,8904
   COM: PHOTO AVAILABLE
   SCN:998C0090349
- - -
COURT:                NAM:001
20100701  CASC MCBARSTOW

CNT:001    #FBA800768
  664/187(A) PC-ATTEMPTED MURDER
   -GREAT BOD INJ
 *DISPO:CONVICTED

Page 1 of 2

CDCR #: AE0507         NAME: DALKE        HOUSING: D1 222L   CDC 128-G
P/S: 49 LEVEL: III       MEPD : 8/24/2058      CUSTODY: CLO-A
WG/PG: A2B  EFF: 11/11/2011    NEXT CLASS: 8/2013    ASSIGNMENT: UNASSIGNED

ACTION: ANNUAL REVIEW/OTC RETURN:  P/S REDUCED FROM 53 TO 49.  REFER TO CSR
RX NON-ADVERSE TX TO PVSP-III SNY OR COR-III SNY TO ACCOMMODATE THE INMATE'S
LEVEL-III PLACEMENT SCORE.  ("R" SUFFIX REVIEW-NOT APPLIED.) PLACE ON THE S/S
WAITING LIST.  NO MHSDS, MDO, DPP OR DDP ISSUES NOTED.   RETAIN AT CAL-IV
PENDING TRANSFER. DOUBLE CELL APPROVED SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual
Review.  Inmate's Reading GPL is 12.9.  Inmate claimed completion of the 12th grade. A CSRA
score of 1 is noted, no COMPAS Assessment required. Committee notes Inmate is unassigned. For
the Annual Review periods of 8/11/2011 through 8/10/2012, Inmate Dalke had 2 qualifying periods of
disciplinary free behavior and no qualifying periods of work.  His placement score has been reduced
from 53 to 49.  Committee notes the Inmate was released to attend court proceeding in San
Bernardino County on 5/31/2012; Court Case # FBA800768.  The Inmate returned to CAL on
7/12/2012. The Inmate possess paper work reflecting his sentence has been reduced; at this time
CAL Records has not yet received this information.  His PS will remain until further documentation is
received.  Committee notes CSR request for "R" suffix review.  After review it has been determined
that sex was consentual "R" suffix is not appropriate. Arresting agency report has been reviewed and
utilized in this decision. DA comments from New York state were unobtainable. **After a review of all
case factors, Committee elects to** refer this case to the CSR requesting transfer to PVSP-III SNY
OR COR-III SNY to accomodate the inmate's Level-III placement score. The transfer is non-adverse
in nature. Inmate will retain CLO-A Custody and WG/PG A2B effective 11/11/2011 upon transfer.
Place the inmate on the S/S waiting list.  Retain at CAL-IV pending transfer. Inmate is not eligible for
MSF, MCCF, CCF, or Camp due to his LIFE sentence.  Inmate is not a participant in the MHSDS,
DDP or the DPP.  Inmate Dalke does not meet the initial MDO screening criteria.  Inmate's case was
reviewed for double cell housing.  No pervasive pattern of in-cell misconduct is noted and Inmate is
approved for double cell housing with **SNY** restrictions.  Inmate stated he has no problem with his
current cell partner.  CDC forms 840, 812, 127, 1882 and Minimum Custody Screening forms are
current. The Initial Review Chrono, dated 11/15/2011, has been reviewed and all case factors remain
the same with the exception of the following: Inmate Health Assessment notes a TB code of 22 dated
7/12/2012. Inmate was an active participant in this Committee and indicated he understood all the
actions taken.  Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for
8/11/2013.  The Violence Exclusion was automatically applied due to the inmate's conviction for
Attempted Murder.  His next Annual Review is scheduled for 8/2013. (jil)


J. Devenberg, FC (A)     **CHAIRPERSON**     J. Lewis, CCI (A)     **RECORDER**

**Committee Members:** J. Devenberg, FC (A); M. Mc Shan, CCII (A); J Lewis, CCI (A), D. Berthaud, CCI, F. Hauck, Edu.
cc:   CCI, Inmate
Date: 8/21/2012       **UNIT CLASSIFICATION COMMITTEE**     INST: CAL IV





CDCR #: AE0507                NAME: DALKE              HOUSING: D1 222L      CDC 128-G
P/S: 49 LEVEL: III            MEPD : 8/24/2058        CUSTODY: CLO-A
WG/PG: A2B EFF: 11/11/2011    NEXT CLASS: 8/2013      ASSIGNMENT: UNASSIGNED

ACTION: PROGRAM:    P/S REMAINS 49.   REFER TO CSR RX CAL-IV OVERRIDE PENDING
CASE WORK.   REAFFIRM CLO-A CUSTODY AND WG/PG A2B EFFECTIVE 11/11/2011.   NO
MHSDS, MDO, DPP OR DDP ISSUES NOTED.   RETAIN AT CAL-IV.   DOUBLE CELL APPROVED
SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual
Review. Inmate's Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA
score of 1 is noted, no COMPAS Assessment required. Committee notes Inmate was previously
referred to CSR RX LVL-III TX. CSR has requested that CDCR determine if his out of state
Misdemeanor Conviction of Sexual Misconduct is equivalent to CA Law that would require him to
register per PC section 290. On 9/19/2012 DOJ was contacted see CDC 3017. DOJ gave a list of
documentation required to complete the evaluation, due to paperwork being requested along with the
crime having been committed over 10 years ago the estimated time of completion given by DOJ was
several weeks to months when all paperwork is received. It is further noted during committee the
Inmate became disruptive immediately upon the commencement of UCC; he was warned by the
Chairman to be calm and let the CCI present his case in order to determine his case factors.   The
Inmate continued to loud talk over the CCI preventing the committee from understanding the totality
of his case factors. The Chairman again warned the Inmate to be quite and advised him he would
have a chance to speak when the CCI had completed presenting his case. The inmate began to over
talk the Chairman and refused to cooperate with committee. The Chairman elected to order the
inmate out of the committee room.   The Chairman advised the inmate of his right to appeal.   The
remainder of UCC was continued in absentia. **After a review of all case factors, Committee elects
to refer this case to the CSR requesting CAL-IV override due to pending case work and his LVL-III
PS.** Reaffirm CLO-A Custody and WG/PG A2B effective 11/11/2011. Retain at CAL-IV. Inmate is
not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence. Inmate is not a participant in
the MHSDS, DDP or the DPP. Inmate Dalke does not meet the initial MDO screening criteria.
Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is
noted and Inmate is approved for double cell housing with SNY restrictions. Inmate stated he has no
problem with his current cell partner. CDC forms 840, 812, 127, 1882 and Minimum Custody
Screening forms are current. The Initial Review Chrono, dated 11/15/2011, has been reviewed and
all case factors remain the same with the exception of the following: Inmate Health Assessment notes
a TB code of 22 dated 7/12/2012. Inmate was an active participant in this Committee and indicated
he understood all the actions taken, he stated "I have been through this already with CCIAdams, and
then CCI (A) Alvarez they said that it was taken care of and I won't have to go through this anymore".
Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013.   The
Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder.
His next Annual Review is scheduled for 8/2013. (jil)


P. Kuzil-Ruan, FC         CHAIRPERSON        J. Lewis, CCI (A)        RECORDER

**Committee Members:** P. Kuzil-Ruan, FC; A. Cebreros, CCII (A); J. Lewis, CCI (A); R. Larios, Edu.
**cc:**   CCI, Inmate
**Date:** 9/25/2012            UNIT CLASSIFICATION COMMITTEE            INST: CAL IV

*[handwritten annotation across top:]* This is when per Title 15 that all "R" issue handled by DRB which caused change policy and that never happen DOJ didn't get court transcripts to make true decision

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR-128G (Rev. 12/91)

| | | |
|---|---|---|
| **CDCR #:** AE0507 | **NAME:** DALKE | **HOUSING:** A5-109 |
| **PS:** 49   **LEVEL:** III | **MEPD:** 08/24/2058 | **CUSTODY:** MAX |
| **WG/PG:** D1/D EFF. 11/13/2012 | **NEXT ANNUAL:** 08/2013 | |

**EXCEPTIONAL REVIEW:** STAFF ASSISTANT WAS ASSIGNED C/O B. HATFIELD DUE TO CCCMS IDTT CONDUCTED ON 12/04/2012 MOD RISK DECOMPOSITION / RETAIN IN ASU DUE TO SAFETY AND SECURITY OF THE INSTITUTION PENDING ADJUDICATION RVR DATED 11/13/2012 (LOG #11-12-D008) WITH TENTATIVE MERD 01/21/2013 / REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 11/13/2012 / RESCIND UCC OF 11/21/2012 REFERRING CSR RX 90 ASU DAY EXTENSION AND CAL-IV OVERRIDE / **REFER TO CSR RX TX RJD-HUB / LAC-HUB** / REAFFIRM YARD WITH CELLMATE / DOUBLE CELL WITH SNY INMATE ONLY / MHSDS NOTED CCCMS / NO MDO, DPP OR DDP ISSUES NOTED / RESCHEDULE ICC ON 01/03/2013

Inmate Dalke was screened in person ICC today for the purpose Day Exceptional Review. Staff Assistant B. Hatfield was assigned due to inmate's inclusion in the MHSDS at the CCCMS Level of Care per 128C dated 11-29-12. IDTT was conducted on 12/04/2012 mod risk of decomposition was noted. Inmate's reading GPL is 5.8. Inmate was placed in the Administrative Segregation Unit (ASU) on 11-13-12 for the offense of Battery on Inmate, referenced in CDCR 115 dated 11-13-12 (Log #11-12-D008). If found guilty inmate could be assessed a 3 month SHU Term with a tentative MERD of 01-21-13. Information was received that inmate Dalke was involved in a Battery on Inmate per Confidential Memorandum dated 11-13-12 authored by Sergeant K. Teeters. Inmate's case is pending CAL administrative review for DA referral. Committee finds that Segregated Housing is Appropriate and Elects to Retain in ASU pending Adjudication of RVR dated 11-13-12, (LOG # 11-12-D008). Committee notes that ICC of 11-21-12 referred to CSR RX 90 ASU EXT and CAL-IV Override which is no longer appropriate due to Inmate's inclusion in CCCMS. Committee notes that we are still pending court documents in order to send all information to DOJ for the determination of Inmate's need to register as PC 290 based on California Law, as Inmate was found Guilty of a Misdemeanor in the State of New York (Sexual Misconduct). Once all documents are received they will be sent to DOJ to determine if an "R" Suffix review is required. DOJ was contacted, and they stated once they receive all documents the process can take months. Receiving Institution should follow up to ensure that all documents are received and then forward to DOJ. Committee elects to Rescind ICC action of 11-21-12 which referred to CSR RX 90 ASU EXT, and CAL-IV Override, **committee elects to refer to CSR RX TX to RJD-HUB / LAC-HUB due to inclusion in the CCCMS.** Retain MAX Custody and WG/PG D1D effective 11-13-12. No enemies in ASU are noted. Committee reaffirms inmate for yard with cellmate. Inmate's case was reviewed for double cell housing and no pervasive pattern on in cell violence is noted. Inmate is assigned to double cell housing with SNY inmates only. A BPH DOC hearing is scheduled for 8-2013. Inmate does not meet initial MDO criteria. Inmate is a participant in the MHSDS. CDCR 128C2 indicates NCF. Inmate does not meet DPP criteria. Inmate Dalke was informed of the Behavioral expectations and ramification of SNY Placement. Inmate agreed to abide by SNY rules. Confidential information was used and a CDCR 1030 is in the C-File. Case factors remain the same as noted in initial 128G dated 11-15-11. Inmate Health Assessment notes a TB Code of 22 dated 7-12-12. Inmate was advised of his right to appeal and that this Committee acts as his First Level of Appeal. Inmate actively participated and stated he understood Committee's actions. Inmate had no questions or comments to address to Committee at this time. Inmate's next Annual Review is 08-2013. Inmate was advised he would be rescheduled for ICC on 01/03/2012. There are no other pertinent case factors noted. (rm)

| | | | | |
|---|---|---|---|---|
| *[signature]* | | *[signature]* | Asst C4/R | |
| S. Andersen, CDW (A) | Chairperson | A. Cebreros, CCII | | Recorder |

**Committee Members:** C. Butler, AW; P. Kuzil-Ruan, FC; J. Criman, Assist. C&PR; D.Middleton, Ph.D.;
**cc:**   Counselor, Inmate
Date: **12/06/2012**                          **CLASSIFICATION: ICC ASU**                          **INST:** CAL-IV

State of California            DEPARTMENT OF CORRECTIONS          CDC-128G

| CDC Number: AE0507 | Name: DALKE, J. | Classification Score: 67 Level: IV | Type and Release Date: MEPD: 1-28-2023 |
|---|---|---|---|
| Custody: CLO-B | WG/PG: A2/B Effective: 12-27-12 | Next Classification: 8-14 Next BPT: 1/2019 TYPE:DOC | Housing: FD-17-117U | R.P.S. Status: N/A |

### Assignment/Committee Summary

UNASSIGNED /ANNUAL AND POST BOARD REVIEW: PROVIDED COPIES OF BP RECOMMENDATIONS; NEXT BPH HEARING SCHEDULED FOR 1/2019 / REFER TO ICC-GP SHU REVIEW & TX, RETAIN FAC D / PO ABE-III/GED WL / REDUCE CUSTODY TO CLO-B / REAFFIRM SSWL,WG/PG A1/A EFF:12-27-12/IHC:RE/DC/CPP.

### Committee

Inmate DALKE appeared in person before the Facility D Unit Classification Committee (UCC) for an Annual/Post Board Review. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128-MH 3 daed 1-10-13. Inmate is not a participant in the DD Program. Inmate waived his 72 hours preparation time. Inmate was introduced to the Committee and stated he felt well enough to proceed with committee.
Level of Care: CCCMS   DDP: NCF   DDP: N/A   TABE:12.9   HSD/GED NOT VERIFIED
CSRA: 1    COMPAS Core Risk Assessment not required (CSRA I/LIF)
PC2933: INELIG      PC2933.05: INELIG     IHC: RE

### Accommodations / Staff Assistant

No Staff Assistant was not assigned. Reading GPL is 12.9. Effective Communication was established by using Simple English Spoken Slowly and Clearly. Subject reiterated in his own words what was explained. Subject provided appropriate, substantive responses to questions asked. Subject asked appropriate questions regarding the information provided.

### Committee Discussion

Inmate DALKE appeared before the BPH for a Documentation Hearing on July 16, 2013. Committee notes the following BPH recommendations: Work when and where possible. Upgrade vocationally, educationally and participate in available self-help and therapy groups. Become disciplinary free. Inmate DALKE was provided a copy of the Documentation Hearing paperwork and indicated that he understood BPH's recommendations and would comply. Inmate's next scheduled BPH appearance is scheduled for 1/2019 for an Initial Hearing. Inmate DALKE was advised that failure to comply with the BPH's recommendations may have an adverse affect at future parole consideration hearings. Inmate's classification score has been adjusted from 49 to 67 to reflect one (1) qualifying periods for disciplinary free behavior, no satisfactory work performance or qualifying periods for minimum custody. Subject received an amended Abstract of Judgment dated 7-2-12, changing his term from 50 years to life to 7 years to life with an enhancement of 8 years. Committee noted the mandatory minimum score of 19 due to the "VIO" administrative determinant. UCC notes on 12-16-12, Correctional Lieutenant R. Hopper, found subject guilty of CDC 115 dated 11-13-12, Log #11-12-D008, Battery on an Inmate. As a result subject is being referred to ICC-GP for SHU review and transfer considerations. CSR action of 2-1-13 notes casework follow-up concerns regarding "R" suffix and escape review needed. (Via phone) I attempted to contact the Department of Justice (DOJ) regarding CDC 3017 dated 9/19/12 requesting the status of DOJ's decision of whether subject's 5-10-99 conviction of Sexual Misconduct was the equivalent of California's registrable sex offense. I also attempted to contact NYE County Sheriff's Department regarding the status of I/M's 12-4-08 arrest for Attempted Escape w/Deadly Weapon. Per CDCR requested the case disposition on the attempted escape via letter dated 1-4-12 to NYE County Sheriff's Department. NYE County Sheriff's Department response was that the case was still pending or under prosecution. As of today's committee I have yet to receive a response from either agency. Therefore, case still requires follow-up to determine "ESC"/"R" administration determinants. Committee notes that subject's case was reviewed for transfer consideration to a Reentry Hub institution, however, he does not meet the eligibility criteria due to CSRA I/LIF.

### Committee Action

After a careful review of all case factors, Committee elects to retain on Facility D and and refer to ICC-GP for SHU Reveiw. Reaffirm the following. Reaffirm the following:PO SSWL, WG/PG A2/B, EFF: 12-27-12, IHC of RE and DC eligibility.

### Case Factors

CDC forms 840, 812,127, 812-C and MSF have been updated. Confidential is noted and updated. Per CDC 128C-3 dated 1-10-13, notes Vigorous Activity, Low Risk with no restrictions noted. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following: Inmate is 36 years old, TB Code 22 per the SOMS Inmate Health Assesment dated 5-2-13 as well as any actions noted in this committee. MSF ineligible due to VIO/LIF/PS/PSY.

### Participation

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions, however, he was not in agreement with his adjusted placement score. RJD's behavioral expectations and the inmate's right to appeal have been explained. His next scheduled classification is 8-14 for an Annual Review. There are no other case concerns at this time.

### Committee Members

D. Arguilez, Captain (A), C. Taylor, CCII (A), L. Hyman, CCI, F. Fountain, ED

Chairperson: D. Arguilez, Captain (A)                Recorder: L. Hyman, CCI

DATE: 7-24-13          CLASSIFICATION: UCC          INSTITUTION: RJDCF
(Rev. 1/1/08)

(handwritten margin note) Note: were sent court transcripts due to but not recieve this is worck shows illegal

RECEIVED

2013 JUL 31 PM 3:56

RICHARD J. D.J. CORRECTIONAL FACILITY




*Hymans changed police report is underlined*



STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                                      GAVIN NEWSOM, GOVERNOR

**BOARD OF PAROLE HEARINGS**
EXECUTIVE OFFICE
P.O. BOX 4036
SACRAMENTO, CA 95812-4036

girlfriends; having to pay rent at times. He felt he was good at managing his money, but denied major financial issues due to the fact he did not have credit/debit cards or loans. He denied ever being evicted or having his utilities shut off for nonpayment. He reported gaining money by illegal means such as from selling drugs or "white collar crimes (fraud)."

Sexual Development/Relationship History:

Mr. Dalke's first sexual experience was when he was 11 years old with a 16-year-old female. He indicated that he has had approximately 200 sexual partners in his lifetime. He reported having three serious relationships in his life. He lived with his three partners, one for five years off and on, one for four years off and on, and another partner for a couple of years. Mr. Dalke said he has never been married and has no children.

Mr. Dalke reported being in simultaneous relationships with his partners' consent, having one-night stands, and engaging in group sex, but denied using violence during sex, a history of cheating on his partners/girlfriends, or using prostitutes. He admitted to not regularly using condoms, but denied he contracted an STD in the past. He reported domestic violence in one of his relationships. He said he was living with his girlfriend in NY around 2000 or 2001. He explained he thought his girlfriend was cheating on him and he hit her. Mr. Dalke said he is not currently in a relationship.

*Statutory Rape Not Age Appropriate*

Mr. Dalke was arrested while in NY for a charge of rape in the third degree in 1999. At the time, he was 21 years old and the victim in the sexual assault case was under 17 years old. Mr. Dalke was ultimately convicted of sexual misconduct. Per police reports from the Rochester Police Department dated 1999, the victim indicated that she and Mr. Dalke had consensual sex. The victim stated Mr. Dalke "did not force her to have sex with him at any point." The victim's mother became aware of the sexual contact and called the police. The victim refused to have the rape kit completed because "the intercourse was consensual and because of the amount of time between the incident and the exam." The police report noted the victim "told the R.O. (reporting officer) on three separate occasions that she did not wish to press criminal charges against S (Mr. Dalke)." However, the following day, the victim told the investigating officer she "desired prosecution." It appeared that family members had convinced V(victim) to follow through with prosecution, which contradicts her written deposition taken on 05/09/1999." When police contacted Mr. Dalke about the incident, he admitted to having sex with the victim, but said he "was positive that she was 17 years old."

During the current interview, when asked about the circumstances of the above situation, Mr. Dalke stated, "The girl was 15. My ex-girlfriend introduced us and told me she (victim) was 18. I was drunk and we went to my house and we had consensual sex. My ex-girlfriend [then] told me she (victim) was underage. I went straight to her (victim) dad and told him what happened. I called the cops. (*Was this the only time you had sex with an under aged female?*) First time and last time."

1    Plaintiff was assaulted by inmate Conchas because officer Cordona's told inmate Martinez,

2  Conchas snitched on Martinez's illegal phone, and Cordona told Conchas Plaintiff was a sex offender.

3  Nurse Lawrence did not write down Plaintiff's injuries.  If Conchas would get battery on an inmate

4  and be in administrative segregation facing charges and possible referral to the district attorney.  The

5  injuries were documented on Conchas the next day due to the change of a broken hand.  The next day,

6  Plaintiff tried to get medical attention for pain and trouble breathing.

7    On January 16, 2020, the registered nurse saw the cuts on Plaintiff's head and thought his ribs

8  might be broken.  Plaintiff was ordered to go to the TTA, where the doctor ordered x-rays, but did not

9  provide pain medication citing his allergies.

10    Officer Cordona asked Plaintiff to tell on drug dealers and illegal phones, but Plaintiff would

11  not do so.  Inmates Conchas and Cruz told officer Cordona about illegal phones.  The assault occurred

12  because Plaintiff was shown a kite and told by the head snitch to not expose their business.

13    Plaintiff contends "[t]he fact of retaliation in claim one of the hit the COs Algatar, Vera,

14  Fugate, Romos threw the unit by telling gang members I'm a child rapist sex offender that is clearly

15  not true and illegal to expose."

16    Plaintiff was denied access to the law library and electronic filing to file an action regarding

17  the referral to the district attorney.

18    **III.**

19    **DISCUSSION**

20  **A.    Deliberate Indifference to Safety**

21    Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at

22  the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty

23  that criminal offenders pay for their offenses against society.  Farmer v. Brennan, 511 U.S. 825, 833-34

24  (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040

25  (9th Cir. 2005); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015).  However, prison officials are

26  liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing

27  a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs

28  when an official acted or failed to act despite his knowledge of a substantial risk of serious harm.

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit:  pages.

JURISDICTION:    (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

Pages ①  Shows Hymans lies to affix "R"

② Shows actual truth of case dalke doesnt have to register

③ Shows sentencing NO Registration required

④ Shows DOJ told CDCR NO Longer Required never was

⑤ Shows 2017 "R" DOJ NOT 2019 when Hyman put "R"

⑥ Amended took of R and Murder 2nd degree on top of it.

⑦ ~~Shows~~ Notice page 5 has two reasons. One DOJ took R off second reason why all this case started Hyman said she was ex LAPD 602 thats why I put "R"

Introduction Exhibit B

Shows same violation but the false
documentation was seen by Dr Chasgh
and had a wrong impression of case
and case factors led the denial of
my parole. When High risk was put
And if this violation didnt happen
the Many self defense fights wouldnt have
been there or drug test positive with
drugs wouldnt be there either. either
to review. She should see the two
fights ~~Before~~ "R" suffix one the first
reception fight was cuz CO Hawkins
told my cellie I'm a sex offender as
CDCR put in Exhibit A page 1. But I
wouldnt have no major fights drugs if
not violated by staff in CDCR. No staff
assaults ever. No stabings and thats why
in prison Stabing a ~~□□□~~ guy over politics

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

GAVIN NEWSOM GOVERNOR

**BOARD OF PAROLE HEARINGS**
EXECUTIVE OFFICE
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



girlfriends; having to pay rent at times. He felt he was good at managing his money, but denied major financial issues due to the fact he did not have credit/debit cards or loans. He denied ever being evicted or having his utilities shut off for nonpayment. He reported gaining money by illegal means such as from selling drugs or "white collar crimes (fraud)."

Sexual Development/Relationship History:
Mr. Dalke's first sexual experience was when he was 11 years old with a 16-year-old female. He indicated that he has had approximately 200 sexual partners in his lifetime. He reported having three serious relationships in his life. He lived with his three partners, one for five years off and on, one for four years off and on, and another partner for a couple of years. Mr. Dalke said he has never been married and has no children.

Mr. Dalke reported being in simultaneous relationships with his partners' consent, having one-night stands, and engaging in group sex, but denied using violence during sex, a history of cheating on his partners/girlfriends, or using prostitutes. He admitted to not regularly using condoms, but denied he contracted an STD in the past. He reported domestic violence in one of his relationships. He said he was living with his girlfriend in NY around 2000 or 2001. He explained he thought his girlfriend was cheating on him and he hit her. Mr. Dalke said he is not currently in a relationship.

Mr. Dalke was arrested while in NY for a charge of rape in the third degree in 1999. At the time, he was 21 years old and the victim in the sexual assault case was under 17 years old. Mr. Dalke was ultimately convicted of sexual misconduct. Per police reports from the Rochester Police Department dated 1999, the victim indicated that she and Mr. Dalke had consensual sex. The victim stated Mr. Dalke "did not force her to have sex with him at any point." The victim's mother became aware of the sexual contact and called the police. The victim refused to have the rape kit completed because "the intercourse was consensual and because of the amount of time between the incident and the exam." The police report noted the victim "told the R.O. (reporting officer) on three separate occasions that she did not wish to press criminal charges against S (Mr. Dalke)." However, the following day, the victim told the investigating officer she "desired prosecution. It appeared that family members had convinced V(victim) to follow through with prosecution, which contradicts her written deposition taken on 05/09/1999." When police contacted Mr. Dalke about the incident, he admitted to having sex with the victim, but said he "was positive that she was 17 years old."

During the current interview, when asked about the circumstances of the above situation, Mr. Dalke stated, "The girl was 15. My ex-girlfriend introduced us and told me she (victim) was 18. I was drunk and we went to my house and we had consensual sex. My ex-girlfriend [then] told me she (victim) was underage. I went straight to her (victim) dad and told him what happened. I called the cops. (*Was this the only time you had sex with an under aged female?*) First time and last time."

B 1

*Dalke got this 2021 to show DOJ that
got the R/H off June 3rd 2021*

## RIS PRISONER DATA REPORT McRIS

| | | | | | RPO# | | MCSO# | | DATE CHK. BY |
|---|---|---|---|---|---|---|---|---|---|

| NAME | FIRST NAME | MIDDLE NAME | SUFFIX | 2. ORIGINAL CR# |
|---|---|---|---|---|
| DALKE | Joshua | JASON | | 99-153545 |

| ES AND/OR MAIDEN NAME | NICKNAME | | 6. ARREST CR# |
|---|---|---|---|
| | | | 99-154656 |

| 7 NO. STREET | CITY OR TOWN | STATE | | 8. PLACE OF BIRTH, STATE/COUNTRY |
|---|---|---|---|---|
| PHELPS AVE | Roch | NY | | RENTIN WASH. |

| & DATE OF CRIME | 10. DOW/DATE(TIME) AND PLACE OF ARREST | | | 11. SECTION OF OCCURRENCE |
|---|---|---|---|---|
| PHELPS AVE | 5-8-99 | MO 5-10-99 | 2000 | 261 CHILD ST | |

| 12. | ☐ BENCH WARR | ☐ ON VIEW/OBSERV. | 13. APP. TICKET # | 14. ARRESTED BY: | OFFICER(S) | ID# |
| ☐ OTHER WARR | ☒ REPORT/INVEST. | | AGENCY: RPD | Wilson #1080/Kehrig #1083 |
| ☐ TURNOVER | ☐ JUV. OFFENDER | | | |

| 16. SECTION NO. & SUBS | 17. CLASS | CAT | 18. NAME OF OFFENSE & UTS# | 19. DEGREE |
|---|---|---|---|---|
| L. 130.25-2 | E | FEL | RAPE | 3RD |
| | | | | |
| | | | | |
| | | | | |

| ER OF VICTIMS | AGE | SEX | AGE | SEX | AGE | SEX | AGE | SEX | AGE | SEX | HANDIC.-PPED | 21. NO. OF OFFENDERS | 22. ☐ BUSINESS | 23. BAC. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | F | | | | | | | | | VULNERABLE | | ☐ DWELLING | |

| ON (on arrest/release) | 1. AUTO RIFLE | 6. RIFLE | 25. DRUG ARREST TYPE | 26. FORGED INSTRUMENT USED |
|---|---|---|---|---|
| N REVOLVER | 3. SHOTGUN | 6. KNIFE | 7. OTHER | 1. HEROIN | 3. MARIJUANA | 1. LICENSE | 3. BANK DRAFT | 5. PRESCRIPTION |
| N AUTOMATIC | 4. SAWED OFF | 7. BLUNT OBJ. | | 2. COCAINE | 4. OTHER | 2. PERSONAL CK. | 4. CREDIT CARD | 6. |
| CONTEXT (2 MAX.) | 3. DRUGS | 5. GAMBLING | 8. PROPERTY CRIME | 9. SEX OFFENSE | 15. OTHER | 27. CRIME ORGANIZATION |
| | 4. D.W.I. & TRAFFIC | 7. MURDER | 10. PROSTITUTION | 13. DISORDERLY VEHICLE | |
| C OFFENSE | 5. FORGERY & FRAUD | 8. PHYSICAL CRIME | 11. PUBLIC ORDER | 14. WEAPONS | |

SIGNATURE (I HAVE ARRESTED THE ABOVE NAMED PERSON & TURNED THE INDIVIDUAL OVER TO THE
POLICE. I AGREE TO APPEAR IN COURT AS DIRECTED.)

X

ING OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, CO-DEFENDANTS, DAMAGE TO PUBLIC PROPERTY)

E DID HAVE CONSENTUAL SEXUAL INTERCOURSE W/ ███ FEMALE.
WAS COOPERATIVE + DID TURN himself IN TO POLICE.

| HED BY | OFFICER(S) | ID# | 32. IS THIS A FINGERPRINTABLE ARREST? | 33. HAVE YOU POSITIVELY IDENTIFIED |
|---|---|---|---|---|
| RPD | WILSON | 1080 | (SEE BACK FOR DEFINITION) ☒ YES ☐ NO (IF YES SKIP 33 & 34) | ARRESTEE? ☒ YES ☐ NO |

| U HAVE REASON TO SUSPECT THAT ARRESTEE IS BEING T FOR ANOTHER OFFENSE? ☐ YES (MUST STATE REASON) ☒ NO | REASON |
|---|---|

| | 34. SEX | 35. RACE | 36. ETHNICITY | 40. | 41. | 42. DEF. PH # | 43. EYE COLOR |
|---|---|---|---|---|---|---|---|
| | ☒ MALE ☐ FEMALE | 1. WHITE 2. BLACK | 3. AMERICAN INDIAN/ALASKAN NATIVE 4. ASIAN/ORIENTAL/PACIFIC ISLANDER | 1. YES (HISPANIC) 2. NO (NOT YES) | 1. PROBATION 2. PAROLE | NONE | BROWN |

| OLOR | 46. HAIR LENGTH | 46. FACIAL HAIR | 47. COMPLEXION |
|---|---|---|---|
| 1. BLOND 6. SANDY 2. GRAY/GRAYING | 1. WHITE 6. NO HAIR | 1. SHORT (ABOVE EAR) 3. LONG (SHOULDER & BELOW) 2. MEDIUM (BELOW EAR) 4. BALD | 1. NO FACIAL HAIR 2. MUSTACHE | 3. BEARD 4. GOATEE | 1. LIGHT 3. DARK 2. MEDIUM 4. OTHER |

| R | IN | 49. WEIGHT | 50. BUILD | 51. BODY ODDITIES (LOCATION) |
|---|---|---|---|---|
| 0 | | 175 LBS | 1. SLIM/SLIM 3. HEAVY 2. MEDIUM 4. MUSCULAR | 1. NECK 2. ARMS 2. TORSO 4. HANDS, FINGERS | 5. LEGS, FEET 6. DESCRIBE |

| ODDITIES (LOCATION) | 7. TEETH, MOUTH, LIPS | |
|---|---|---|
| 2. EARS 4. EYES, EYEBROWS | 3. NOSE 6. CHEEKS | 8. CHIN |

| LOCATIONS | SYMBOL DESCRIPTORS |
|---|---|
| 1. ARMS 2. DESCRIBE: LFT ANKL | 2. GLASSES 3. SPEECH ACCENT 5. OTHER |
| 4. HANDS, FINGERS 3. LEGS, FEET | 2. SPEECH IMPEDIMENT 4. LEFT-HANDED |

| | | | PTR # | |
|---|---|---|---|---|
| | | | | |
| Released | | ☐ X | ☐ PRINTED X |
| | | 61. SEARCHED BY JAIL | 62. AMOUNT OF MONEY |

G OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, ETC.)

| ED TO CUSTODY OF | DATE | TIME | 65. RELEASED ON BAIL | AMOUNT | 66. RELEASED BY |
|---|---|---|---|---|---|
| | | | ☐ YES ☐ NO | | |

S SIGNATURE & ID #

SIGNATURE TO BE PLACED ON REVERSE SIDE OF JAIL COPY
REV 10/97

B2

Q. O. 521





STATE OF NEW YORK
ROCHESTER CITY COURT

CERTIFICATE #
006779

CERTIFICATE OF CONVICTION/DISPOSITION
••••••••••••••••••••••••••••••••••••••••

I, Kim L. Bostley, certify that a judgment of conviction and/or
disposition has been entered in this Court (CPL 60.60) against:

JOSHUA J DALKE, Defendant, DOB 06-03-1977 Docket # 99-08517

Arrested: 05-10-1999  Arraigned: 05-11-1999 Judge: MARJORIE L. BYRNES

------------------------------------------------------------------
ORIGINAL OFFENSE #1:      -EF- RAPE 3RD-AMENDED        PL-130.25-02
                          CR#: 99153545
          Reduced to:    -AM- SEXUAL MISCONDUCT       PL-130.20

Disposition Date: 06-16-1999   Disposition: PLED GUILTY
Sentence Date:  09-29-1999
Sentence: PROBATION
3 Year(s) Probation

*If Registration is Required its by law has to be on of Deposition for all of Law etforcement to know and as you see No "R"*

------------------------------------------------------------------
REMARKS: TRANS TO BROOME COUNTY/3 YRS OOP
PENALTY ASSESSMENT:  $90.00

Witness my hand and the seal
of said court this 28
day of November, 2012

Kim L. Bostley
Deputy Chief Clerk

Prepared by: _____

Reviewed by: _____

Certificate of Disposition 8/09

B3



Jun/3/2021 10:47:12 PM                    CDCR 8316785507                         1/1

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION              GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
SALINAS VALLEY STATE PRISON
P.O. BOX 1020
SOLEDAD, CA 93960
(831)678-5500 Ext. 6902
FAX # (831)678-5507



Date: 06/03/2021

State of California
Department of Justice
ATTN: California Sex Offender Registry
P.O Box 903387
Sacramento CA. 94203-3870

RE: REQUEST FOR PRIORITY ASSESSMENT ON OUT-OF-STATE, FEDERAL OR MILITARY SEX
OFFENDER IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION (CDCR)

The California Department of Corrections and Rehabilitation (CDCR) is requesting the Department
of Justice (DOJ) complete an assessment on the following subject in order to determine if subject is
required to register as a sex offender in the State of California pursuant to Penal Code (PC) Section
290:

Subject's Full Name: DALKE, ~~JOHNSON~~                    **CDCR #** AE0507
                                              *Joshua*
**DOB:** 06/03/1977                                        **Release date:** Lifer
**FBI #** 868380VA9
**CI&I #** A24354930

Conviction Offense (not arrest): Sexual Misconduct
Year of Conviction: 05/11/1999
Jurisdiction of Conviction: Monroe, New York

Should Subject's release date change to a date earlier than what is reflected above, you
will be notified via efax at (916) 731-2185. Please send your completed response to the
Case Records Services Unit via email at: daicrsAdminasslst@cdcr.ca.gov

BY: ~~(signature)~~  *Nuha Montoya* 6/3/ 21        *Inmate & Associate*
                                                   *Warden inquirring*
                                                   *about 290 registration*
···············································DOJ USE ONLY···············································

□   Not required
☑   No longer Required
□   Required
□   Pending

      Assessment by:  DAG  KR                    Date: 6/8/2021

                              *B4*

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:


Number of pages to this Exhibit: ___2___ pages.


JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

pages

1  Shows no conviction for escape

2  → three years and a day the court has

3  to bring me to trial from arraignment

4  on a step felony. This is over 4 years

5  old no way is there pending charges. They

6  dismissed my charges not to fight

7  extradiction to California Jan 9th 2019

8  This case and pending charges out of

9  NYE County over girlfriends family taking

10  her car when she had CPS class to

11  complete got me in trouble with uncle

12  fight.

13      But Hyman lied and put escape

14  P-coded 19 points when No conviction

15  or pending Charges. She lied and violated by

16  Violated my due process to be free from

17  illegal punishment and keeps vists

18  on prison grounds of family or wife

19  I have on over her Hymans cruel

20  violation of my rights.

Jan 20 2012 11:01AM   MTG CO SHERIFF                    7754828195                p.1

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, Governor

**DIVISION OF ADULT INSTITUTIONS**
Calipatria State Prison
P.O. Box 5001
Calipatria, CA 92233

JANUARY 4, 2012

NYE COUNTY SHERIFF'S DEPARTMENT
101 RADAR ROAD
TONOPAH, NV 89049

| | | | |
|---|---|---|---|
| NAME: | DALKE, JOSHUA | CDC#: | AE0507 |
| ARREST NAME: | DALKE, JOSHUA JASON | DOB: | 06-03-77 / 06-06-77 |
| ARREST DATE: | 12/04/2008 | CII#: | A24354930 |
| BKWARR/CASE#: | | FBI#: | 858330VA9 |

CHARGES: ATTEMPTED ESCAPE WITH DEADLY WEAPON   *No conviction and any felony arrested and a ... Tyes and a day ...*

PAROLE DATE: MEPD 08/24/2058

Please supply us with the following information marked below. Your prompt attention will help us in making decisions on this individual's transfer and custody requirements as well as ensure our records accurately reflect all state prison commitments.

☒ Case Disposition

☐ Arrest Report

☐ Check Warrant Status

Please return a copy of this letter with your reply. Your attention to this matter is appreciated. If you have any questions do not hesitate to contact us at (760) 348-7000, ext. 5148 or Fax (760) 348-7187.

L HATFIELD for
V. Myers
Correctional Case Records Manager

☒ The above referred to matter is pending or under prosecution under case #: 08-3869
For additional information contact: Pahrump Justice Court (75) 751-7050
The above referred to matter was prosecuted under case #: Response.

☐ DISPOSITION ON THIS CASE:

☐ No record found   Nye County Sheriff   01/20/2012
Signature/Title and Agency                Date

602's appeals / Risk

Parole denial / Risk

Assessment due to

Fake documents. "R" infront

of Dr Ghosoph. High risk.

# Exhibit

Mosely appeals

Cordinator denied

all 602 regarding

illegal "R" on parole Risk Assesment

4 pgs

5 8

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

Page 1 of 2

| **STAFF USE ONLY** | Appeal #: _____ | Date Received: _____ |
|---|---|---|
| | Date Due: _____ | |
| | Categories: _____ | |
| | Grievance #: (4770) | |

Claimant Name: _Joshua Jason Dulke_   CDCR #: _AE0507_

Current Housing/Parole Unit: _C-5-231_   Institution/Facility/Parole Region: _Salinas_

REC BY OOA

APR 1 4 2021

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

Claim #s: <u>Illegal "R" Suffix imposed and after it was denied to be on C-file but pigheaded individuals wanted it on for there hate for me regardless it admit it the actions are illegal shows just that. 2 sets of Reports were sent from Rochester 2012, 2014 Only one the other report and the other DA opinion was typed by bailiff says consentual. Dulke called 911 after talking to his Ded. Msdm.</u>

_This is the process to appeal the decision made regarding a claim that is not listed above._

Claim #: <u>Suffix illegal</u>

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

_I am dissatisfied with the response I was given because_ In 2012 Tatachyn put Register sex offender out of New York. Not Registered but a sex offender. Difference is sex offender cause sex case. Registration is imposed on Depasition report by McKinny Law in 1994 in N.Y. New laws are in data base "SOPA." 1-800-262-3257 Phone # Call it and I will see I dont have to register over.

Now back to the acts. I got all this and the head quarters are carrying out of line that has a problem with people observing it. Hit because it can't of get out in the wrong land the help person inmate safely dont matter until the Courts step in. 2014 and Now reading the C-file copies given Dec 20th 2021 it shows Murder on San berdino CA# 2009. Then with Registration so how reviewed at DOJ C1 #A24354930 This is got to stop and be fixed. Im getting close to release and I dont need watered on any how ever pigheaded Hicks wanting nothing but trouble

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

_Yes I have both sets of Police reports conflict one and have one recitt Committee forms 2012 California that says DOJ has to get certain forms, court transcripts to be able to put equal party in this state as a sex offender. But even if this State My misdemeanor Case was not a sex offender registation and definately not in New York. So if you would apply logic set in and look at how two sets in 2012 and CCI Lewis say No to "R" DRB is only one allowed to deal with it not for this very reason. Also this is in Case # F081920 Court of Appeal Appealing writ of Mandate_

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

_on case 20CMS 2438 Knaks overidden_

The "R" is in there twice

and can't but even Answered Foul blows cannot sustrone and violating...

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

**Re:** Grievance Claims Decision Response

**Offender Name:** DALKE, JOSHUA
**CDC#:** AE0507
**Current Location:** COR-Facility 03A

**Date:** 11/11/2020

**Current Area/Bed:** 03A003 2 - 211001L

**Log #:** 000000056261

**Claim #:  001**
**Institution/Parole Region of Origin:** RJ Donovan Correctional Facility       **Facility/Parole District of Origin:** RJD-Central Service
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Case Records                     **Sub-Category:**  Error in Sentencing Document

The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at RJD-Central Service has received your claim.

Your claim is being rejected by Office of Grievances for the reason(s) indicated below.

Your claim is being rejected as you were last housed at RJD in 2015, which is beyond the 30 days to file a grievance.

This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

Do not resubmit this claim to the Office of Grievances at RJD-Central Service.

**Decision: Rejected**

(1.)    You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you discovered the adverse policy decision, action, condition, or omission by the Department was 11/2/2020; the date you submitted this claim was 11/4/2020. You should have submitted your claim on or by 12/2/2020 to meet the 30 calendar day requirement set forth in the regulations.

I/m recieved 2-3-21 to M.Merrill

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

5 6 2 6 1

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Dalke  Joshua | CDC Number: AE0507 | Unit/Cell Number: 3A3246 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Parole pych eval wasn't correct and police reports aren't

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): Hole. Either Donavin
when I 602 "R" took out rest of police reports were girl told
cop's she lied of age and I found out and bout to her dadoud
I called the police and thats now no Regastration Misdemenr.

B. Action requested (If you need more space, use Section B of the CDCR 602-A): To give my legal
mail from Rochester were friends payed for police reports
and it's been months sense ordered and sent. So I can
have for parole to show I'm no liar and civil case

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):
I have eval and so do you in some. In, t she state
a different version then the actual police reports and I s/told
the actual police reports that missing. I can get 911 call Fld?
☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: _____    Date Submitted: 11/2/20
☐ By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ Title: _____ Signature: _____
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

| | |
|---|---|
| **STAFF USE ONLY** | Appeal #:_____ Date Received:_____ <br> Date Due:_____ <br> Categories:_____ <br> Grievance #:____ 5 0 2 6 1 |

Claimant Name:_____ CDCR #:_____

Current Housing/Parole Unit:_____ Institution/Facility/Parole Region:_____

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

Claim #s:

Parole evaul Oct 20 2020 given to Inmate Dalke 2) Oct 2020, Filed 602 when seen in the Risk assessment. Never be fore this date after "R" was placed until 2020 Dec has any CCI or agent for CDC shawed Dalke the police reports. And still the was given adart hold And 11-3-20 was date recie t. Answered 11-11-20 and not given till 3-3-21 and I believe as said ans
This is the process to appeal the decision made regarding a claim that is not listed above. Delete Corcoran did illegal

Claim #:____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

I am dissatisfied with the response I was given because First your notice Don wans stamp of Reccipt isnt there and the 7 day answer to it was done by Corcoran illegal and the months not answered shows also violations of not allowing inmate a chance to argue any respence te talaw a inappropreate one as given here And there reason for this Shows conspracy to commit a crime. Depend on what transpired as in this case Assault Battery and Co

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below: