UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO CORRECTIONS, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-1842 DAD AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. Currently before the court are plaintiff's first amended complaint and motion for preliminary injunction. ECF Nos. 26, 28. Plaintiff has also filed a notice of voluntary dismissal that was immediately followed by a notice of withdrawal of the voluntary dismissal. ECF Nos. 35, 36.

　　I.　　Notice of Voluntary Dismissal and Withdrawal

　　　　On November 20, 2023, the court received plaintiff's notice of voluntary dismissal. ECF No. 35. Two days later, the court received plaintiff's notice that he wanted to continue the case. ECF No. 36. In light of plaintiff's notice that he wants to continue the case, the notice of voluntary dismissal will be disregarded. Plaintiff is cautioned that he should not submit a notice of voluntary dismissal unless he is serious about dismissing his case. Once this case is closed, it is unlikely to be re-opened just because plaintiff has changed his mind about dismissal.

////

1

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

////

1   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.    First Amended Complaint

Plaintiff alleges that defendants Hyman, Ghosoph, McNair, Adams, and Moseley violated his rights under the Eighth and Fourteenth Amendments. ECF No. 26. He asserts that Hyman placed an "R" suffix on his file—indicating sex offender status—without proper documentation and that it contributed to plaintiff being denied parole and has led to him being assaulted by other inmates. Id. at 3, 8-9. Ghosoph labeled plaintiff as a deviant sexual predator based on false information, which also caused plaintiff to be denied parole. Id. at 4. She also accused him of lying when the information he provided her was different from that in his records. Id. Plaintiff also alleges that he was denied parole based on charges of attempted escape with a deadly weapon, even though he was never convicted, and that his conviction for sexual misconduct was used against him during classification even though it does not require him to register as a sex offender. Id. at 5. Adams incorrectly documented that plaintiff was required to register as a sex offender, and it was Adams and McNair's responsibility to ensure the information in his file was accurate. Id.

### IV.    Failure to State a Claim

#### A.    "R" Suffix Addition

Classifying an inmate as a sex offender implicates a protected liberty interest when the "stigmatizing consequences" of being labeled a sex offender are coupled with some form of mandatory behavior modification. Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he

3

stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). Where an inmate has been previously convicted of a sex offense after formal criminal proceedings, he "has received the minimum protections required by due process" and "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." Id. at 831. However, when an inmate "has never been convicted of a sex offense and has never had an opportunity to formally challenge the imposition of the 'sex offender' label in an adversarial setting," he is entitled to the same procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). Neal, 131 F.3d at 830-31. In other words, he is entitled to advance, written notification "of the reasons for his classification as a sex offender without . . . having to request that information" and "a hearing at which he must be allowed to call witnesses and present documentary evidence in his defense." Id. at 830-31 & n.14. He is also entitled to a written statement as to the evidence relied on and reasoning for the decision, assistance at the hearing if he is illiterate or the matter is complex, and a sufficiently impartial fact finder. Wolff, 418 U.S. at 564, 570-71.

Plaintiff does not allege facts sufficient to show that his classification as a sex offender infringed on a protected liberty interest. There are no facts showing the classification was coupled with mandatory behavior modification or imposed any other kind of atypical and significant hardship. See Sandin v. Connor, 515 U.S. 472, 484 (1995) (liberty interest created when prison regulation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). To the extent plaintiff appears to allege that the addition of an "R" suffix resulted in other inmates assaulting him, there are no facts demonstrating that other inmates targeting him was due to the addition of the designation itself. Instead, it appears that the assaults were the result of malicious conduct by unspecified non-defendants who told other inmates he was a sex offender. See ECF No. 26 at 9, 19.

Moreover, even assuming the addition of an "R" suffix entitled plaintiff to due process protections, he has not alleged facts showing that he was denied those protections. Plaintiff once

4

again appears to allege that his sexual misconduct conviction does not count as a sex offense because the state in which he was convicted does not require him to register as a sex offender. Id. at 3. Assuming plaintiff is correct that his conviction is not defined as a sex offense, and therefore that he is entitled to all the protections outlined in Wolff—as opposed to just a notification that he is being classified as a sex offender based on his sexual misconduct conviction—he does not allege facts showing he was denied those protections. Instead, he argues that Hyman added the "R" suffix without proper documentation. He also alleges that Adams incorrectly noted he was a registered sex offender in New York and that Adams and McNair were responsible for making sure the information was accurate.

      To state a due process claim, plaintiff must allege facts showing that he was denied any of the following: (1) advance, written notification of the reasons for classifying him as a sex offender without having to ask; (2) a hearing where he is allowed to call witnesses and present evidence; (3) a written statement as to the evidence relied on and reasoning for the decision; (4) assistance at the hearing if he is illiterate or the matter is complex; or (5) a sufficiently impartial fact finder. Since plaintiff has not alleged that he was denied any of these protections, he has not stated a claim for relief. Moreover, the allegations against Adams and McNair fail to state a claim because there are no allegations that they were involved in classifying him as a sex offender, and the document noting he was a registered sex offender does not indicate that the incorrect statement resulted in plaintiff's classification as a sex offender and states that the relevant records had been requested for review. ECF No. 26 at 10.

      B.    Parole Denial

      Plaintiff appears to allege that Hyman's addition of the "R" suffix and Ghosoph's determination that he was a deviant sexual predator resulted in the denial of parole. However, there are no facts demonstrating that either of these labels precluded a grant of parole, and even if they were a primary reason that plaintiff was denied parole, that fact would not create a basis for liability. None of the named defendants appear to have been directly involved in the parole review process, and "[u]nder California law, the parole board must consider '[a]ll relevant, reliable information' in determining suitability for parole." Cal. Code Regs. tit. 15, § 2281(b)-(c)

(outlining information for consideration and circumstances tending to show unsuitability). The named defendants cannot be held liable for a subsequent decision made by an independent body, and their conduct described in the complaint cannot be considered the proximate cause of the parole board's decision. See Mendez v. County of Los Angeles, 897 F.3d 1067, 1076-77 (9th Cir. 2018) (discussing proximate cause in the context of § 1983).

### C. Failure to Protect

Prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). This responsibility requires prison officials "to protect prisoners from violence at the hands of other prisoners," Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted), and identifying an inmate as a sex offender in front of other inmates for the purpose of putting him at risk of assault states a claim under Eighth Amendment, Valdez v. Marques, No. 21-cv-1500 MMA (RBM), 2021 WL 4690511, at *3-4, 2021 U.S. Dist. LEXIS 194474, at *9-10 (S.D. Cal. Oct. 7, 2021) (collecting cases).

Plaintiff alleges no facts demonstrating how the addition of an "R" suffix resulted in other inmates assaulting him. It appears that he may be attempting to claim that the addition of the "R" suffix led to officers telling other inmates that he was a sex offender. ECF No. 26 at 9, 19. However, plaintiff does not identify or name as defendants any individuals who told other inmates of his sex offender status, and he also does not allege facts indicating the named defendants were responsible for the conduct of the other officers or designated him a sex offender knowing that other officers would purposely disclose plaintiff's status. The complaint therefore fails to state a viable claim for failure to protect. See Farmer, 511 U.S. at 837 (Eighth Amendment failure to protect claim requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

### D. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).  The complaint itself does not allege any conduct by defendant Mosely.  Although plaintiff indicates on an exhibit coversheet that Mosely denied his appeal regarding the placement of an "R" suffix to his file (ECF No. 26 at 27), this is not sufficient to state a claim for relief because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  As a result, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.; George v. Smith, 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

V.     Leave to Amend

The first amended complaint does not state any cognizable claims for relief and plaintiff will be given a final opportunity to amend the complaint.  If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, all prior complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction ordering prison officials to stop telling other inmates he is a sex offender. ECF No. 28.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). In order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has also held

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).

Because plaintiff has not stated any viable claims, he cannot show any likelihood of success on the merits. Furthermore, a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)). Plaintiff seeks relief based on the conduct of unspecified, non-defendant prison officials, whose future conduct he seeks to enjoin. The court does not have jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the

defendants. Fed. R. Civ. P. 65(d)(2); <u>Zenith Radio Corp. v. Hazeltine Rsch., Inc.</u>, 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts, and even if he had, no defendants have been served.

For these reasons, the motion for temporary restraining order or preliminary injunction should be denied.

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your complaint will not be served because the facts you alleged are not enough to state a claim. You have not alleged facts showing that you were entitled to due process before being classified as a sex offender because you there are no facts showing it required any behavior changes from you, such as mandatory treatment, or that it caused some other kind of hardship for you outside the normal hardships of being in prison. Assuming you were entitled to due process, you have not shown that you were denied such process when the "R" suffix was added to your file. There are also no facts showing that any defendant was responsible for telling other inmates you are a sex offender. Finally, there are no allegations showing what defendant Mosely did other than denying your appeal.

You are being given one final opportunity to amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights. If you choose to file a second amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of voluntary dismissal (ECF No. 35) is DISREGARDED.

2. The first amended complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

////

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 28) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 28, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE