Joshua Dalke
Name and Prisoner/Booking Number
California State Prison
Place of Confinement
PO BOX 290066
Mailing Address
Represa CA 95671
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED

JAN 02 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Joshua Dalke
(Full Name of Plaintiff)              Plaintiff,

v.

(1) California Corrections
(Full Name of Defendant)
(2) CSR Hunter Calipatria
(3) CC I Hyman Donavan
(4) Appeals Coordinator Secremento
(5) Dr Gluscoph        Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-1842 DAD AC (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint
Third Amended Complaint
Demand For Trial Individual - Officials

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: _____

## B. DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:

_____ at _____.
       (Position and Title)                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:

_____ at _____.
       (Position and Title)                                        (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:

_____ at _____.
       (Position and Title)                                        (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:

_____ at _____.
       (Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D. CAUSE OF ACTION

### CLAIM I

1.    State the constitutional or other federal civil right that was violated: 1ST Retaliation 4th
Deprive Liberty 8th Amendmendt 14th Due Process.

2.    **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☒ Other: Put False Documents

3.    **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

California Corrections employees Hyman, Donavan, Colupatria, CSR Hunter CDC
False charged Upon Headquarter, DOJ Ghosophi, Mosley. Murder on Short AP 2nd Jun 9th 2009 was on Record which
Arrival to Prison "CDC questioned if Misdemeanor Sexual Misconduct
Charge consitutes PC 290 Registration Documents From New York 1999 Predator
Exhibit A PDdent. These reports show sex was consenual But CSR Hunter Requested DRB
Division Review Bbard Sacremento and DOJ Department of Justice be contacted
DOJ gave List 2011, 2014 CCI Hyman threwout No "R" Suffix Documents
Showing Misdemenor Pet Rape under age Girl. But didn't tell Dalke
What changes she did to get CDC And DOJ to put PC 290. DOJ
Exhibit C Dalke Never had to Register And DOJ never got "List of Documents to
example See if actual rape Requires PC 290. Dalke Appeal Hymans "R" May 2014
Staff never logged. Mosely CDC Headquarters got Many 602 Appeals over this
"illegal "R" DOJ contacted 2019 and Lancaster had DOS add Dalke as PC 290
But to false Rape underage girl Hyman Put. 2020 Parole comes and over
the illegal "R" Cos telling Dalkes "as a sex offender", Fights due to inmates Knew
of "R" Suffix Parole sees its "R" and Drug use do to "R" Depression.
Parole Dr Ghosophi Review Past Sex case due to False PC 290. Dalke denied
Parole

4.    **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Fights, drug use, denied due process before board to be able to show
Not PC 290 and charge Hyman put not Conviction. Dalke didn't get
Fail Parole Board due to the Retaliation done over Hymans Dalke right
                        Continue Page one

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                    ☒ Yes    ☐ No
   b.    Did you submit a request for administrative relief on Claim I?                    ☒ Yes    ☐ No
   c.    Did you appeal your request for relief on Claim I to the highest level?                    ☒ Yes    ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _1st 4th 8th 14th_

_____

Multible issues stemed from one act.

2. **Claim II.** Identify the issue involved. ~~Check only one.~~ State additional issues in separate claims.

- [ ] Basic necessities
- [ ] Mail
- [x] Access to the court
- [ ] Medical care
- [ ] Disciplinary proceedings
- [ ] Property
- [ ] Exercise of religion
- [x] Retaliation
- [ ] Excessive force by an officer
- [ ] Threat to safety
- [ ] Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Due to CO Retaliation based on Murder on San Berdino Sheriff. Correctional officer Hyman EX LAPD. She deprived Dalke Freedom and equal rights of due process. Dalke's liberty free from Abuse of Process, by public offical in a system set up with Her words against Dalke. Left Dalke denied a fair chance at parole and while in prison labeled a sex offender "child rapist" The Reason its Federal Rights Violation. In over state line documents changed once here in California. Dalke had a copy of Bailiff typed reports. When CO Hyman put "R" suffix. And program officer A. Donavan refuse to log Dalke Attempted escape. Sacramento didn't do there job protecting Dalke and allowed due process violation. Dalke didn't get DA referral in Escape attempt after Head Quarter ordered three times for Donavan to file charges. Incident Packet to Local District Attorneys office denied Dalke liberties, free from prosecution by jury trial and a chance to defend against corruption, done by public offical on turn denied Dalke due process and all her due abuse of process. Due to Hyman and evil correctional officer abusing the process to put there false open that denied Dalke free from retaliation.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Loss rights protected by our constitution based on Cruel and unusual Punishment. Loss Freedom over Counselors putting a target on Dalke And Dalke was denied Parole to geon it not for false documents Dalke would have his freedom. And Dalke wasn't free from torture over CO misconduct

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?
   [x] Yes   [ ] No

   b. Did you submit a request for administrative relief on Claim II?
   [x] Yes   [ ] No

   c. Did you appeal your request for relief on Claim II to the highest level?
   [x] Yes   [ ] No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _1st 4/th 5th 14_

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities　　☐ Mail　　☒ Access to the court　　☐ Medical care
☐ Disciplinary proceedings　　☐ Property　　☐ Exercise of religion　　☐ Retaliation
☐ Excessive force by an officer　　☐ Threat to safety　☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Dr in Parole had False rape underage documents from out of state that had False documents. Only Federal courts can gain out of state cases and rule on merits out side State proceedings based on facts not False documents made by state employees. Dalke was deprived due process in Parole due to False documents And the Sex PC 290 shouldn't have been a factor of review concidering One its not true documents and if true documents from out of State case was present. The sex case was a Misdemenor over 20 plus years ago Not in any shape or form apart of California Case and should not been reviewed. And hearing that its not a PC 290 Registration and False documents presented. Had a effect negitive towards Dalkes Freedom. Dr review something she wasn't suppost to and it made a negitive result up to Woman feel protection of children and all but the DA in Parole were wrong. Dalke's liberty and rights weren't respected. Back door trick to get Dalke 10 extra years. Coruption and Dalke suffered from False documents at Parole.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Loss chance for parole due to False "R" Put many Fights and depression use of drugs to can not kill self did self medication. All used against Dalke at parole Due process Violation

5. **Administrative Remedies.**

　a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?　　☒ Yes　☐ No

　b. Did you submit a request for administrative relief on Claim III?　　☒ Yes　☐ No

　c. Did you appeal your request for relief on Claim III to the highest level?　　☒ Yes　☐ No

　d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## D.  CAUSE OF ACTION

### CLAIM

1.  State the constitutional or other federal civil right that was violated: _4th 14th 8th 1st_

2.  **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities
    - ☐ Disciplinary proceedings
    - ☐ Excessive force by an officer
    - ☐ Mail
    - ☐ Property
    - ☒ Threat to safety
    - ☐ Access to the court
    - ☐ Exercise of religion
    - ☐ Other: _Abuse of Access Malicious Prosecution_
    - ☐ Medical care
    - ☒ Retaliation
    _Due process violation Didnt let me do find trail_

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    CO's retaliated against Dalke due to False charge of Murder 2nd degree on San Bernardino Sheriff dated Department of Justice 2024 Day Dalke Was in Nevada NYE County Court dismissing Attempt to escape with a deadly weapon on a sheriff personal. Exectradicted to California for Attempt Murder on Randy Sunglgren who contessed to have sex with girl friends grandchildren there whole life. A lias inmate made up escape plan, got bars to steal off a wall then wrote a Kite to NYE County Sheriff saying Dalke was going to kill a sheriff to escape he was trying to get off 14 felonies. Child endangerment Guns drug charges California Sheriffs picked Dalke up for Attempt Murder charges San \_\_\_\_ And when Dalke Arrived at Prison 2010 The Murder on San Bernardino Sheriff never shown up on probation reports. CDC Corrections Retaliated by changing Sexual Misconduct Misdemenor to Rape underage girl Felony then the CO the sexy person Sense Dalke arrived to prison tells inmate which in turns inmates attack Dalke to get Dalke 115's disciplines so Dalke gets denied parole. And when Parole came a Risk assessment showed both the False Murder on a cop and False Rape placed by CDC Counselor in claim I See exhibits CCI Hymon after LCI Lewis Said "NO"R"due to Hymon use to be LAPD Told me that I will be safe

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    I was in over 30 fights escape charges knife possession Denial of parole due to False Murder conspiracy and Retaliation. 602 this is Hymons exact words. In Appeal to Sacramento and wrote DOJ got False Murder dr

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☑ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim I?  ☑ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim I to the highest level?  ☑ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## E. REQUEST FOR RELIEF

State the relief you are seeking:
Back infront of Parole Board minus the 115's and illegal "R" and false
Murder on Sherrif and Released from prison or 3million

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Dec 20 2023___          _____
                   DATE                         SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6

1. Due to CDC employees denying Dalke the opportunity
2. to fight "False" description of Prior case on
3. purpose violated due process and Deprive liberty.
4. If CSR Hunter wouldn't have disagreed with
5. CCI Lewis in Calipatria NO "R" Suffix. Asking
6. to send the Sexual Misconduct Misdemenor
7. case with correct police reports, False police reports
8. And Baliff typed Report to Department of Justice
9. also D.R.B California Correction Department Review Board
10. DRB is the only one allowed to put "R"
11. Suffix if missing Documents. DRB was never
12. contacted. DOJ gave list of Documents. CDC
13. never got needed documents. CCI Hyman and
14. Donavan State prison Corrections officers threw
15. out correct documents and CCI Hyman put
16. Rape under age girl and left the false police
17. report and put "R" on C-file. Then Dalke
18. CO2 appealed. Donavan never logged CO2 and Dalke
19. 6 months later got attempt escape. Sacremento told Donavan
20. investigation unit 3 seperate times to File incedent package
21. to District Attorney office. Donavan never did. Dalke
22. appealed at next prison all the way up to Sacremento
23. Mosely head appeals cordinator. Headquarters
24. said I was suppost to File to Donavan 30 days
25. after case with "R" Misplaced. — I told they
26. never loged, and the "R" suffix is illegal. I dont
27. have to register in California or New York. And Nevada
28. put Sex offends Fail to Register 2005 and DA

page one
bounds one two three four

I contacted DAB Sacramento Risk assessment
I contacted New York FOIL, got the real
police reports were I called the cops. Icewas
Conscieual and I contacted Captain at
Salinas Valley prison. And he said at for
Seeing the real police report versus
whats on my C-file. Said "Thats what on
your C-file". I'll have my secretary contact DOT
and DOT said take "R" off C-file no longer
PC 290.
But I never was and the fights or drug
use didnt start until false rape was on
C-file. And if the parole Dr didnt see
Rape on a underage girl being a woman
and Parole understood if not for that false
"R" and false rape on c-file. None of
the CO's or inmates would have done what
was done that cost me 10 extra yos to do
to all the violence.
And if I would have Knew what she put in
2019 I would have filed a state toit them.
But now sense I'm deprived a clean slate
infront of Board due to C8R Hunter CCI Hyman
Appeal cordinator Mosely not doing his job of
making sure things not true on c-file is reviewed
and taking off when should have been Appeals not
DOT taking it off And all the displines wouldnt have
happen. Dallke would have been write up free and
                    page three

Ground one two three and four

1  been able to show all the groups taken worked
2  and maybe denied for not enough thing parole
3  needs done for granting parole.
4  This deprived my liberty. Cause and effect.
5  Its not the truth infront of Dr Ghosoph. And
6  the actions done is cruel and unusual.
7  Hyman told me you tried to escape from NVE
8  county jail and were going to kill a sheriff to do
9  it. She used to be LAPD "CO2 this" and that and
10  the False Murder 2nd degree on San Bernadino
11  Sheriff came from.
12      The exhibits First CSR Hunter got DOJ to get
13  [1st 3 pages] dated 11-1-11
14      Second set of pages 2 pages Hyman putting escape
15  and "R" stating DOJ said put But the DOJ requirements never
16  got done PRB was the only one allowed to Put "R"
17      Third set of documents shows Dr Parole said Dalke
18  stated different then the record. And Hymans Lies.
19      4 fourth set of documents shows the Murder on a Cop and
20  the DOJ Lancaster PC 290 2019
21      5 Fith set of documents shows the "R" removed with
22  Six document actual Police report.
23      Minus the False "R" and fights caused by "R"
24  "Drugs" Dalke would have got the parole due to
25  Dalkes crime is stabbing a child Molester supposidly
26  one. Dalke hasn't stabed any one ever with a
27  False Sex offender target on his c-file and all
28  the s/A defense. Its eaier to stab one the rest willbecause

Page Four

Grounds one two three four

1  The court is required to screen complaints brought against
2  government entity or officer or employee of a government
3  entity. 28 U.S.C. 1915(a) Court sees officer and government
4  employees from CDC California Corrections But what the
5  court don't see is when New York Rochester PD put
6  False police reports after Sentencing on Misdemeanor
7  No Registration Sexual Misconduct case stating the
8  opposite from what the District Attorney and Court
9  found as true. And in Calipatria California state prison
10 C.C.I Lewis said NO "R" Applied based on actual
11 police reports. And being from another states harm
12 only the Federal government or Judge has the
13 authority to be able to contact Rochester
14 Police, Rochester Court Rochester District Attorney
15 to get actual documents California State Prison
16 saw and threw out before they put a false
17 rape and that's a felony. Which but add up
18 to the misdemeanor conviction Which Parole
19 doctor said I told different than the record
20 and wouldn't become out over the many fights
21 due to inmates calling me a child rapist
22 due to corrupt Correctional officers telling
23 inmates Dalke a sex offender exhibit page #
24 So your not allowing Dalke justice from injustice
25 if you don't accept this abuse of process Malice
26 prosecution claim. Court said to survive dismissal
27 for failure to state a claim. Abuse of process Malicious
28 Prosecution putting false rape in front of lady parole doctor
        page Five

        Ground one two three four

1  , Lady Commissioner, prison gaurds caused prejuduice,
2  Loss of granted parole which in turn caused over 23
3  fights not writen up due to Dalke dont need to
4  go run to the corrections for help when there
5  fellow officer put the False Rape after the first
6  correctional officer Correctional counselor Lewis
7  in 2011 put NO Rape sex was counsenual, Was
8  in first two writs. New document was sent to
9  BPH Board Parole Unit in Sacremento showing
10 false rape charge not knowing by Dalke was
11 used to make Dalke a rapist, violent manic
12 to the public not suitable for release Mhus
13 false rape no drugs or fights before uncommon
14 of regular prison fights cellie problems even
15 though first fight in prison CD Hawkins told
16 cellie dalke has sexual misconduct on C file
17 and cellie acted like I stole socks to fight
18 he was 285 pounds worked out every day I
19 Dalke had to choke him out. When actual case
20 was girl lied not telling me her age. later her
21 father told me she lied of age to me I called
22 911 and asked back the cops because my ex
23 said her mom called Rape, I never raped or knew
24 the girls age and when I found out I called
25 the cops Misdomenor NO Sex offender Registration
26 But ignorant southwest thought think task think
27 the worse and CO's tell inmates my history to get
28 me into fights to prevent me getting parole is

                        page six
                   Ground one two three four

1. am showing this court Fourth Amendment
2. Deprive of liberty action. First Amendment
3. Hyman used to be LAPD she told me
4. The attempt escape try to kill a Sheriff
5. in NYE County. She said 602 this and
6. put false "R" false escape conviction
7. I as a mer inmate cant over come this
8. at all with out the court against
9. corruption. Its Federal courts job to
10. beable to go accross country to gain acces
11. to my previous record used here in California
12. So the court has jurisdiction on a state
13. federal case which did constitute a federal
14. case. Abuse of process that leads to three
15. federal violations. Abuse of Process, Malice
16. of Prosecution and using the false Murder and
17. on a cop not known to Dolpe 4/11 2020
18. gainning access after parole but info get prob
19. denied in turn of events done by Custody before
20. parole. Retaliation Due to Murder, 2nd degree as a
21. San Bernardino Sheriff. First degree is a capital offense
22. So claiming second degree is code from Sheriffs to Correction
23. Specaily when never in probation report at Court th
24. Case were Same Sheriff got on stand claiming I admited
25. to my case to him. Jury found me guilty using his lies.
26. Enclosed exhibit of how I soul when I found out
27. to San Bernardino Courts. I got hy
28.

Seven
Grand one two three four

And what makes this First retaliation claim
is the abuse of process malice prosecution
is the correctional counselor used process
of hes duties to inflict unessary untrue
issues infront of my parole board and
during incarceration Dalke appealed to Sacramento
all included to highest level and corrections
only covevered each others corruption
knowing I'm not a pedifile or rapest by the
court but put or allowed false acusations
that caused many write up 115s disiplines that
would get parole board to deny my chances
to get freedom and this abuse of process
Dalke didn't have a clue to what was actually
said behind the scenes till the risk assessment
Murder on a Cop Sheriff SanBernardino showed
on documents getting other documents. So Dalke had
to contact Department of Justice to get both
Murder on Cop In cleance off and PC "290" off DOJ.
Now all Dalke is asking for for Relieve is a new
parole hearing with this misconduct shown
for parole board to actually see why the
drugs deppression fights due to CO's were ever
Dalke goes tells inmates Dalkes a child rapist,
Due to counselor put exactly that I tryed
to kill a child molester on the streets. So in prison
due to corruption. I had to protect my life.
And its now being held against me. So 8th amendment
page length

## Remedy from Violation

Reduce parole minners the desplines created by false rape. And sense Dalke did 7 to life 8 year priors. When now theres no priors counted. Release from person. Due to if not for the chain reaction the parole board wouldnt have a right to deny Dalke. Dalkes in prison for using a knife on a child molester. No knife used on any one. Even all the assaults against Dalke. Knife possession Dalke claimed collies knife to get off yard so porters wouldnt get sent to other inmates. Dalke still got to do two years after this case. But need board or $million so I can hire a lawyer to fight this father in court or parole next time.

1  See Beard v Banks 548 U.S 521 126 S.ct 2572 (2006)(the
2  Constitution some time permits greater restriction of such
3  rights in a prison then it would allow elsewhere.
4  Sandin v. Conner 515, U.S. 472, 484, 115 S.ct 2293 (1985)
5  due process protections are not required unless prison "imposes
6  atypical and significant hardship on th inmate in relation
7  to ordinary incidents of prison life. Fighting over and over over illegal
8  "R" Lewis v Casey 5(8, U.S. 343, 116 S.ct 2174 (1996) restrictions on
9  legal access do not violate right of access to the courts unless and until
10  they hinder litigation of a non-frivolus legal claim.
11  Hence third time refiling this actual threat to safty claim
12  due to false rape put on c-file and CO's telling inmates
13  then inmates telling the whole yard ever yard I've
14  been on sense has got me into many fights, knife
15  possession cases, attempt escape when CDC Donovan
16  refused to log a 602 on illegal "R" and illegal escape
17  placed and 26 extra points added to make a level 4
18  when I'm not and sent to a prison known to kill
19  rapes on purpose. Just for Sacramento to request DA
20  referal three times and I G I Squad of Donovan to
21  reject Headquarters demands So I have to deal with
22  the illegal acts done out of Retaliation over false
23  Murder 2nd degree on a San Bernardino sheriff. This and
24  all the time suffering knowing I've been done wrong
25  basically a hit on my head. And for the court to not
26  see the atypical significant hardship. Is proken out
27  the courts are corrupt the judge is protecting Satan
28  Worshippers sacrificing a human for there sick actions

Saunders v. Frame, 2023 U.S. Dist Lexis 165077

Edwards v. Horn 2012 U.S. Dist. Lexis 30968.

1985  42 USC § § 1985 (2) and (3)

First Amendment Rights retaliation. Political prison employees

4th Amendment Abuse of Process, Malicious Prosecution

Leeke v Timmerman 454 U.S. 83, 87, 102, S. ct 69, 70 L.

Ed. 2d 65, (1981) a private citizen lack judically cognizable

interest in prosecution or nonprosecution of another.

Bull v. City & County of SanFrancisco 595 F. 3d 964 (2010)

Prison officials must be free to take appropriate action to ensure

the safety of inmates and correctons personel. even those restriction

that inflringe upon a specfic constitutional guarantees

Not Judicial Branch due to not willing to open a can of

worms. CO's actions in this case is sick and illegal as

hell. They put a hit on Dalte by SanBernardino Sheriffs

Murder. 2nd degree on Sheriff which was put Jan 9th 2009

by Sheriffs illegally see exhibit

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum



To:      Claimant

Subject:   **DECISION ON APPEAL – TIME EXPIRED**

Thank you for submitting your appeal for review by the California Department of Corrections, Office of Appeals. Your appeal decision letter is included in this envelope.

Pursuant to California Code of Regulations, title 15, section 3485(g), the OOA had sixty calendar days to complete a written response to your appeal. However, the time-period expired before the OOA was able to respond to your appeal. Thus, the decision by the Office of Grievances serves as the Department's final response to your allegations.

Pursuant to current governing regulations, a copy of your CDCR Form 602-2 is included along with your appeal decision letter. However, no other supporting documents are included in this envelope. Please be advised that a copy of your entire appeal package is maintained in your Central File. You may obtain these documents by requesting an *Olsen* review as described in the Department Operations Manual, sections 13030.16 and 13030.17.

Thank you,

HOWARD E. MOSELEY
Associate Director

Jan 20 2012 11:01AM    NYE CO SHERIFF    7754989195    p.1

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, Governor

DIVISION OF ADULT INSTITUTIONS
Calipatria State Prison
P.O. Box 5001
Calipatria, CA 92233

JANUARY 4, 2012

NYE COUNTY SHERIFF'S DEPARTMENT
101 RADAR ROAD
TONOPAH, NV 89049

NAME:        DALKE, JOSHUA            CDC#:    AE0507
ARREST NAME:   DALKE, JOSHUA JASON      DOB:     06-03-77 / 06-06-77
ARREST DATE:   12/04/2008             CII#:    A24354030
BK/WARR/CASE#:                        FBI#:    353030VA9

CHARGES: ATTEMPTED ESCAPE WITH DEADLY WEAPON    *No conviction and any follow [illegible handwriting]*

PAROLE DATE: MEPD 08/24/2058

Please supply us with the following information marked below. Your prompt attention will help us in
making decisions on this individual's transfer and custody requirements as well as ensure our records
accurately reflect all state prison commitments.

☒  Case Disposition

☐  Arrest Report

☐  Check Warrant Status

Please return a copy of this letter with your reply. Your attention to this matter is appreciated. If you
have any questions do not hesitate to contact us at (760) 348-7000, ext. 5146 or Fax (760) 348-7187.

L. HATFIELD for
V. Myers
Correctional Case Records Manager

*Dismissed so Z could be ext. to the? [illegible handwriting]*

☒  The above referred to matter is pending or under prosecution under case #    06-3869
   For additional information contact:    Pahrump Justice Court (775) 751-7050
☐  The above referred to matter was prosecuted under case #:
   
   DISPOSITION ON THIS CASE:

☐  [signature] Nye County Sheriff    01/20/2012
   Signature, Title and Agency        Date

```
MTDP287820.IH
: QHY.CA0349400.24354930.APPUSR.        DATE:20210712 TIME:14:14:00
STRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
TN:APPUSR

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
A SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
LOADED INTO THE CAL-DNA DATA BANK. FOR INFO (510) 620-3300 OR
296.PC296@DOJ.CA.GOV.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
LM.PRINT@DOJ.CA.GOV
 III MULTIPLE SOURCE RECORD
I/A24354930
B/19770603      SEX/M RAC/WHITE
T/511  WGT/175  EYE/BRO  HAI/BRO  POB/WA
M/001 DALKE,JOSHUA JASON
  002 DALKE,JOSHUA

I/858380VA9
C/464774249
N/CDC-AE00507
T/TAT L ANKL-UNKNOWN              ; TAT NECK-UNKNOWN
* * *

GISTRATION:          NAM:002
170919  CASD CORR.LANCASTER

T:001     #AE0507
290 PC-REGISTRATION OF SEX OFFENDER          TOC:N
 COM: 6/8/2021 NO LONGER REQUIRED TO REGISTER AS SEX
      OFFENDER IN CALIFORNIA/MAY BE REQUIRED TO REGISTER IN
      OTHER JURISDICTION(S)
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *  **
                                                                          **
  FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO              **
  THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR)                         **
                                                                          **
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
* * *

R/DET/CITE:          NAM:001  DOB:19770603
030128   CAPD SAN FRANCISCO

T:001     #2091612
647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG     TOC:M
030130
TSPO:PROS REL-DET ONLY-LACK OF SUFF EVID
 SCN:99530280112
* * *

R/DET/CITE:          NAM:002  DOB:19770603
090109   CASO SAN BERNARDINO

T:001     #0901080094-361271974
 -664 PC-ATT TO COMMIT CRIME
187(A) PC-MURDER                    TOC:F
 ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,89048)
 COM: PHOTO AVAILABLE
 SCN:99800090349
- - -
UPT:          NAM:001
130701 CASO BARSTOW
```

```
001      #FBA800768
1/187(A) PC-ATTEMPTED MURDER              TOC:F
GREAT BOD INJ
PO:CONVICTED
ONV STATUS:FELONY
EN: LIFE PRISON, CONCURRENT


002
2(A)(1) PC-CONSPIRACY:COMMIT CRIME        TOC:F
PO:CONVICTED
ONV STATUS:FELONY
EN: 600 MONTHS PRISON, CONSECUTIVE


003
5(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY   TOC:F
GREAT BOD INJ
PO:CONVICTED
ONV STATUS:FELONY
EN: 048 MONTHS PRISON STAYED


PO:CONVICTION CERT BY CLERK OF THE COURT
PO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
CN:P1037002001036000361
* *


ODY:CDC          NAM:002
0811  CASD CORR TEHACHAPI


001    #AE0507
664 PC-ATT TO COMMIT CRIME
7(A) PC-MURDER:FIRST DEGREE               TOC:F
12022.7(A) PC-GBI:GREAT BODILY INJURY
EN FROM: SAN BERNARDINO CO
RT CASE #FBA800768


002
5(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY   TOC:F
12022.7(A) PC-GBI:GREAT BODILY INJURY
EN: 999 LIFE PLUS PRISON
OM: PHOTO AVAILABLE
CN:931D2350004
* *


DET/CITE:          NAM:001 DOB:19770603
0531    CASO SAN BERNARDINO


001    #1205343701-361271974
664 PC-ATT TO COMMIT CRIME
WARRANT
7(A) PC-MURDER                            TOC:F
PO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
ARRANT  #FBA800768
OM: PHOTO AVAILABLE
CN:998F1520175
  *    *    *    END OF MESSAGE    *    *    *
```

## ORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: **DALKE**                      # AE0507                      BED: **4A6B-210U**

### C.    EE ACTION SUMMARY

RELEASE TO CCI-RC/TPU
UPON RELEASE, ESTAB CUST AT UNCL & WG/PG AT U/U EFF 08/11/10
P. O. D/C (SAFETY) &IEM-WA / ASU PROPERTY AND NON-CONTACT VISITS APPROVED

### COMMITTEE'S COMMENTS

**COMMENTS**: Subject's case was reviewed by Institutional Classification Committee (ICC) in person on this date for the purpose of his **Initial ICC Review**. Subject received a copy of the CDCR-114D, Administrative Segregation Unit Placement Notice, upon initial placement in ASU. The Administrative review was conducted within time constraints. Subject did not request witnesses for this hearing. Subject received 72 hour notice prior to ICC, as documented in CDCR-128B1, Notification of Classification Hearing, dated 08/12/10, and located in the Classification section of the Central file. Dr. Aithal, Staff Psychologist, was present during Committee and noted that subject does not participate in the Mental Health Services Delivery System (MHSDS). However, subject claims to have a history of Mental Health issues. Dr. Aithal conducted an interview with the subject, stating that subject is not likely to decompensate if retained in ASU. L. Wright, CC-I, was assigned as Staff Assistant for the purpose of this hearing. Subject has a UNK reading level. Effective communication was established, as subject indicated that he is able to understand the proceedings of ICC. Subjects CSRA translation was not available at the time of this hearing. Subject stated that he was in good health, and was ready to proceed.

**CASE FACTORS**: Subject was placed in ASU on 08/11/10 based on safety concerns he expressed upon his arrival from San Bernardino County Jail on that date. Subject was not in Protective Custody while housed in County Jail and was not segregated while in transit to CCI. Subject believes his safety would be in jeopardy if he were housed with the General Population inmates due to him being a target for assault; refer to CDCR-128B, dated 08/11/10. Subject appears to be a suitable candidate for the TPU/SNY programs. When questioned, subject stated that he felt he would have no safety or enemy concerns on the TPU, and would like to be considered for future SNY placement. There is no documentation indicating that subject may be a "sleeper" or "predator" on the TPU/SNY yard.

**COMMITTEE DECISION**: After reviewing all case factors, ICC elects to release subject to CCI-RC/TPU to complete his reception process. Upon release from ASU, establish custody at UNCLASSIFIED & WG/PG at U/U, effective 08/11/10. Subject is not eligible for PC2933 credits. Subject is not culpable for ASU placement. ICC reviewed all case factors to determine housing assignment and elects to place Subject on Double Cell status w/like concerns (safety, pending SNY). When questioned, subject stated that he is compatible with his current cellmate Moon, AE0510. ICC notes that subject's Integrated Housing Code (IHC) is RE. Exercise yard program was discussed with Subject, and ICC elects to assign Subject to the Individual Exercise Module Walk Alone (IEM W/A) exercise yard for the time he spends in ASU. ICC approved ASU property and non-contact visits. ICC explained CDCR's Use of Force Policy as related to Subject's ASU housing placement. Subject was advised of his appeal rights as well as his behavioral expectations. Subject actively participated in Committee discussion and decision, stating that he understands and agrees with the committee's actions.

*[handwritten]* "RP    Not on arrival-to prison    602 verification*

STAFF ASSISTANT
L. WRIGHT, CC-I.

### INMATE'S CASE FACTORS

| CUSTODY | PSI LEVEL | WG/PG # EFF. DATE | RELEASE DATE | DPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---------|-----------|-------------------|--------------|-----|---------|--------|-------------------|-----------------|
| UNCL | /??? | UU - 8/11/2010 | UNK | NTR | N/A | WHI | Clear | N/A |

### COMMITTEE MEMBERS

| | *MEMBERS* | |
|---|---|---|
| *M. Stainer, CDW* | B. Trone, F.C. - M. Little, CC-II - Dr. A. Aithal, MH | *E. Hewitt, C&PR(A)* |
| *CHAIRPERSON* | | *RECORDER* |

Committee Date: 8/17/2010          **INITIAL ASU REVIEW**          Committee: R081710PFW3

*[handwritten at top: This is when per Title 15 that all "R" were handled by DRB and that never happen which caused change pto also DOJ didn't get cout transcripts to make the decision]*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR-128G (Rev. 12/91)

CDCR #: AE0507      NAME: DALKE      HOUSING: A5-109
PS: 49   LEVEL: III      MEPD: 08/24/2058      CUSTODY: MAX
WG/PG: D1/D EFF. 11/13/2012      NEXT ANNUAL: 08/2013

**EXCEPTIONAL REVIEW:** STAFF ASSISTANT WAS ASSIGNED C/O B. HATFIELD DUE TO CCCMS IDTT CONDUCTED ON 12/04/2012 MOD RISK DECOMPOSITION / RETAIN IN ASU DUE TO SAFETY AND SECURITY OF THE INSTITUTION PENDING ADJUDICATION RVR DATED 11/13/2012 (LOG #11-12-D008) WITH TENTATIVE MERD 01/21/2013 / REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 11/13/2012 / RESCIND UCC OF 11/21/2012 REFERRING CSR RX 90 ASU DAY EXTENSION AND CAL-IV OVERRIDE / **REFER TO CSR RX TX RJD-HUB / LAC-HUB** / REAFFIRM YARD WITH CELLMATE / DOUBLE CELL WITH SNY INMATE ONLY / MHSDS NOTED CCCMS / NO MDO, DPP OR DDP ISSUES NOTED / RESCHEDULE ICC ON 01/03/2013

Inmate Dalke was screened in person ICC today for the purpose Day Exceptional Review. Staff Assistant B. Hatfield was assigned due to inmate's inclusion in the MHSDS at the CCCMS Level of Care per 128C dated 11-29-12. IDTT was conducted on 12/04/2012 mod risk of decomposition was noted. Inmate's reading GPL is 5.8. Inmate was placed in the Administrative Segregation Unit (ASU) on 11-13-12 for the offense of Battery on Inmate, referenced in CDCR 115 dated 11-13-12 (Log #11-12-D008). If found guilty inmate could be assessed a 3 month SHU Term with a tentative MERD of 01-21-13. Information was received that inmate Dalke was involved in a Battery on Inmate per Confidential Memorandum dated 11-13-12 authored by Sergeant K. Teeters. Inmate's case is pending CAL administrative review for DA referral. Committee finds that Segregated Housing is Appropriate and Elects to Retain in ASU pending Adjudication of RVR dated 11-13-12, (LOG # 11-12-D008). Committee notes that ICC of 11-21-12 referred to CSR RX 90 ASU EXT and CAL-IV Override which is no longer appropriate due to Inmate's inclusion in CCCMS. Committee notes that we are still pending court documents in order to send all information to DOJ for the determination of Inmate's need to register as PC 290 based on California Law, as Inmate was found Guilty of a Misdemeanor in the State of New York (Sexual Misconduct). Once all documents are received they will be sent to DOJ to determine if an "R" Suffix review is required. DOJ was contacted, and they stated once they receive all documents the process can take months. *[boxed: Receiving Institution should follow up to ensure that all documents are received and then forward to DOJ.]* Committee elects to Rescind ICC action of 11-21-12 which referred to CSR RX 90 ASU EXT, and CAL-IV Override, **committee elects to refer to CSR RX TX to RJD-HUB / LAC-HUB due to inclusion in the CCCMS.** Retain MAX Custody and WG/PG D1D effective 11-13-12. No enemies in ASU are noted. Committee reaffirms inmate for yard with cellmate. Inmate's case was reviewed for double cell housing and no pervasive pattern on in cell violence is noted. Inmate is assigned to double cell housing with SNY inmates only. A BPH DOC hearing is scheduled for 8-2013. Inmate does not meet initial MDO criteria. Inmate is a participant in the MHSDS. CDCR 128C2 indicates NCF. Inmate does not meet DPP criteria. Inmate Dalke was informed of the Behavioral expectations and ramification of SNY Placement. Inmate agreed to abide by SNY rules. Confidential information was used and a CDCR 1030 is in the C-File. Case factors remain the same as noted in initial 128G dated 11-15-11. Inmate Health Assessment notes a TB Code of 22 dated 7-12-12. Inmate was advised of his right to appeal and that this Committee acts as his First Level of Appeal. Inmate actively participated and stated he understood Committee's actions. Inmate had no questions or comments to address to Committee at this time. Inmate's next Annual Review is 08-2013. Inmate was advised he would be rescheduled for ICC on 01/03/2012. There are no other pertinent case factors noted. (rm)

S. Andersen, CDW (A)     Chairperson      A. Cebreros, CCII    Asst C+II     Recorder

**Committee Members:** C. Butler, AW; P. Kuzil-Ruan, FC; J. Criman, Assist. C&PR; D.Middleton, Ph.D.;
cc:   Counselor, Inmate
Date: **12/06/2012**            CLASSIFICATION: ICC ASU       INST: CAL-IV

*This is when pr T.le 15 that pt 'R' wre handled by DRB and that never happen which could change plea where DOJ didn't get court transcripts to make trad decision.*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS & REHABILITATION
                                                                                        CDCR-128G (Rev 12/91)

CDCR #: AE0507              NAME: DALKE                    HOUSING: A5-109
PS: 49 LEVEL: III          MEPD: 08/24/2058               CUSTODY: MAX
WG/PG: D1/D EFF. 11/13/2012  NEXT ANNUAL: 08/2013

EXCEPTIONAL REVIEW: STAFF ASSISTANT WAS ASSIGNED C/O B. HATFIELD DUE TO CCCMS IDTT CONDUCTED ON 12/04/2012 MOD RISK DECOMPOSITION / RETAIN IN ASU DUE TO SAFETY AND SECURITY OF THE INSTITUTION PENDING ADJUDICATION RVR DATED 11/13/2012 (LOG #11-12-D008) WITH TENTATIVE MERD 01/21/2013 / REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 11/13/2012 / RESCIND UCC OF 11/21/2012 REFERRING CSR RX 90 ASU DAY EXTENSION AND CAL-IV OVERRIDE / REFER TO CSR RX TX RJD-HUB / LAC-HUB / REAFFIRM YARD WITH CELLMATE / DOUBLE CELL WITH SNY INMATE ONLY / MHSDS NOTED CCCMS / NO MDO, DPP OR DDP ISSUES NOTED / RESCHEDULE ICC ON 01/03/2013

Inmate Dalke was screened in person ICC today for the purpose Day Exceptional Review. Staff Assistant B. Hatfield was assigned due to inmate's inclusion in the MHSDS at the CCCMS Level of Care per 128C dated 11-29-12. IDTT was conducted on 12/04/2012 mod risk of decomposition was noted. Inmate's reading GPL is 5.8. Inmate was placed in the Administrative Segregation Unit (ASU) on 11-13-12 for the offense of Battery on Inmate, referenced in CDCR 115 dated 11-13-12 (Log #11-12-D008). If found guilty inmate could be assessed a 3 month SHU Term with a tentative MERD of 01-21-13. Information was received that inmate Dalke was involved in a Battery on Inmate per Confidential Memorandum dated 11-13-12 authored by Sergeant K. Teeters. Inmate's case is pending CAL administrative review for DA referral. Committee finds that Segregated Housing is Appropriate and Elects to Retain in ASU pending Adjudication of RVR dated 11-13-12, (LOG # 11-12-D008). Committee notes that ICC of 11-21-12 referred to CSR RX 90 ASU EXT and CAL-IV Override which is no longer appropriate due to Inmate's inclusion in CCCMS. Committee notes that we are still pending court documents in order to send all information to DOJ for the determination of Inmate's need to register as PC 290 based on California Law, as Inmate was found Guilty of a Misdemeanor in the State of New York (Sexual Misconduct). Once all documents are received they will be sent to DOJ to determine if an "R" Suffix review is required. DOJ was contacted, and they stated once they receive all documents the process can take months. Receiving Institution should follow up to ensure that all documents are received and then forward to DOJ. Committee elects to Rescind ICC action of 11-21-12 which referred to CSR RX 90 ASU EXT, and CAL-IV Override, committee elects to refer to CSR RX TX to RJD-HUB / LAC-HUB due to inclusion in the CCCMS. Retain MAX Custody and WG/PG D1D effective 11-13-12. No enemies in ASU are noted. Committee reaffirms inmate for yard with cellmate. Inmate's case was reviewed for double cell housing and no pervasive pattern on in cell violence is noted. Inmate is assigned to double cell housing with SNY inmates only. A BPH DOC hearing is scheduled for 8-2013. Inmate does not meet initial MDO criteria. Inmate is a participant in the MHSDS. CDCR 128C2 indicates NCF. Inmate does not meet DPP criteria. Inmate Dalke was informed of the Behavioral expectations and ramification of SNY Placement. Inmate agreed to abide by SNY rules. Confidential information was used and a CDCR 1030 is in the C-File. Case factors remain the same as noted in initial 128G dated 11-15-11. Inmate Health Assessment notes a TB Code of 22 dated 7-12-12. Inmate was advised of his right to appeal and that this Committee acts as his First Level of Appeal. Inmate actively participated and stated he understood Committee's actions. Inmate had no questions or comments to address to Committee at this time. Inmate's next Annual Review is 08-2013. Inmate was advised he would be rescheduled for ICC on 01/03/2012. There are no other pertinent case factors noted. (rm)

S. Andersen, CDW (A)        Chairperson        A. Cebreros, CCII        Asst CHR        Recorder

Committee Members: C. Butler, AW; P. Kuzil-Ruan, FC; J. Criman, Assist. C&PR; D.Middleton, Ph.D.;
cc:    Counselor, Inmate
Date: 12/06/2012                      CLASSIFICATION: ICC ASU                    INST: CAL-IV

CDCR #: AE0507                NAME: DALKE                HOUSING: D1 222L      CDC 128-G
P/S: 49 LEVEL: III            MEPD : 8/24/2058           CUSTODY: CLO-A
WG/PG: A2B EFF: 11/11/2011    NEXT CLASS: 8/2013         ASSIGNMENT: UNASSIGNED

ACTION: PROGRAM:     P/S REMAINS 49.  REFER TO CSR RX CAL-IV OVERRIDE PENDING
CASE WORK.  REAFFIRM CLO-A CUSTODY AND WG/PG A2B EFFECTIVE 11/11/2011.  NO
MHSDS, MDO, DPP OR DDP ISSUES NOTED. RETAIN AT CAL-IV.  DOUBLE CELL APPROVED
SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual
Review.  Inmate's Reading GPL is 12.9.  Inmate claimed completion of the 12th grade.  A CSRA
score of 1 is noted, no COMPAS Assessment required.  Committee notes Inmate was previously
referred to CSR RX LVL-III TX.  CSR has requested that CDCR determine if his out of state
Misdemeanor Conviction of Sexual Misconduct is equivalent to CA Law that would require him to
register per PC section 290.  On 9/19/2012  DOJ was contacted see CDC 3017. DOJ gave a list of
documentation required to complete the evaluation; due to paperwork being requested along with the
crime having been committed over 10 years ago the estimated time of completion given by DOJ was
several weeks to months when all paperwork is received.  It is further noted during committee the
Inmate became disruptive immediately upon the commencement of UCC; he was warned by the
Chairman to be calm and let the CCI present his case in order to determine his case factors.  The
Inmate continued to loud talk over the CCI preventing the committee from understanding the totality
of his case factors. The Chairman again warned the Inmate to be quite and advised him he would
have a chance to speak when the CCI had completed presenting his case. The inmate began to over
talk the Chairman and refused to cooperate with committee.  The Chairman elected to order the
inmate out of the committee room.  The Chairman advised the inmate of his right to appeal.  The
remainder of UCC was continued in absentia. After a review of all case factors, Committee elects
to refer this case to the CSR requesting CAL-IV override due to pending case work and his LVL-III
PS.  Reaffirm CLO-A Custody and WG/PG A2B effective 11/11/2011.  Retain at CAL-IV.  Inmate is
not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence.  Inmate is not a participant in
the MHSDS, DDP or the DPP.  Inmate Dalke does not meet the initial MDO screening criteria.
Inmate's case was reviewed for double cell housing.  No pervasive pattern of in-cell misconduct is
noted and Inmate is approved for double cell housing with SNY restrictions.  Inmate stated he has no
problem with his current cell partner.  CDC forms 840, 812, 127, 1882 and Minimum Custody
Screening forms are current.  The Initial Review Chrono, dated 11/15/2011, has been reviewed and
all case factors remain the same with the exception of the following: Inmate Health Assessment notes
a TB code of 22 dated 7/12/2012.  Inmate was an active participant in this Committee and indicated
he understood all the actions taken, he stated "I have been through this already with CCIAdams, and
then CCI (A) Alvarez they said that it was taken care of and I won't have to go through this anymore".
Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013.  The
Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder.
His next Annual Review is scheduled for 8/2013. (jil)

P. Kuzil-Ruan, FC        CHAIRPERSON        J. Lewis, CCI (A)        RECORDER

Committee Members: P. Kuzil-Ruan, FC; A. Cebreros, CCII (A); J. Lewis, CCI (A); R. Larios, Edu.
cc:   CCI, Inmate
Date: 9/25/2012              UNIT CLASSIFICATION COMMITTEE              INST: CAL IV

CDCR #: AE0507          NAME: DALKE          HOUSING: D1 222L      CDC 128-G
P/S: 49 LEVEL: III      MEPD : 8/24/2058     CUSTODY: CLO-A
WG/PG: A2B EFF: 11/11/2011  NEXT CLASS: 8/2013  ASSIGNMENT: UNASSIGNED

ACTION: PROGRAM:    P/S REMAINS 49.  REFER TO CSR RX TX TO ISP-III(SNY) OR SATF-III(SNY).  REAFFIRM CLO-A CUSTODY AND WG/PG A2B EFFECTIVE 11/11/2011.  NO MHSDS, MDO, DPP OR DDP ISSUES NOTED.  RETAIN AT CAL-IV PENDING TRANSFER.  DOUBLE CELL APPROVED SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of a Program Review.  Inmate's Reading GPL is 12.9.  Inmate claimed completion of the 12th grade.  A CSRA score of 1 is noted, no COMPAS Assessment required.  Committee notes Inmate was previously referred to CSR RX LVL-III TX.  CSR has requested that CDCR determine if his out of state Misdemeanor Conviction of Sexual Misconduct is equivalent to CA Law that would require him to register per PC section 290.  On 9/19/2012 DOJ was contacted see CDC 3017.  DOJ gave a list of documentation required to complete the evaluation; due to paperwork being requested along with the crime having been committed over 10 years ago the estimated time of completion given by DOJ was several weeks to months when all paperwork is received.  The Inmate was taken back to UCC on 9/25/2012 and CAL-IV override was requested.  This case was presented to CSR during the week of October 15, 2012 at which time the CSR stated case work previously completed was enough to request transfer.  Case work to be followed up upon receipt of Court Minute order from New York, and submitted to DOJ to determine CA equivalent due to misdemeanor conviction from 2000.  The Inmate agrees with Institutions recommended for transfer.  Inmate agrees to abide by SNY programming standards.  **After a review of all case factors, Committee elects to** refer this case to the CSR TX to ISP-III(SNY) or SATF-III(SNY) to accommodate the Inmate's LVL-III PS.  Reaffirm CLO-A Custody and WG/PG A2B effective 11/11/2011.  Custody and WG/PG will remain upon transfer.  Retain at CAL-IV pending transfer.  Inmate is not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence.  Inmate is not a participant in the MHSDS, DDP or the DPP.  Inmate Dalke does not meet the initial MDO screening criteria.  Inmate's case was reviewed for double cell housing.  No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with **SNY** restrictions.  Inmate stated he has no problem with his current cell partner.  CDC forms 840, 812, 127, 1882 and Minimum Custody Screening forms are current.  The Initial Review Chrono, dated 11/15/2011, has been reviewed and all case factors remain the same with the exception of the following: Inmate Health Assessment notes a TB code of 22 dated 7/12/2012.  Inmate was an active participant in this Committee and indicated he understood all the actions taken.  Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013.  The Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder.  His next Annual Review is scheduled for 8/2013. (jil)

P. Kuzil-Ruan, FC      CHAIRPERSON      J. Lewis, CCI (A)      RECORDER

**Committee Members:** P. Kuzil-Ruan, FC; A. Cebreros, CCII (A); J. Lewis, CCI (A); R. Larios, Edu.
cc:   CCI, Inmate
Date: 10/23/2012          UNIT CLASSIFICATION COMMITTEE          INST: CAL IV

(C) Staff supervision shall consist of at least hourly observation if assigned outside the facility security perimeter. Sufficient staff supervision of the inmate shall be provided to ensure the inmate is present if assigned inside the facility security perimeter.

(9) Minimum B Custody.

(A) Housing may be in cells or dormitories on facility grounds, in a camp, in a Minimum Support Facility (MSF) or in a community based facility such as a Community Correctional Facility.

(B) Assignments and activities include eligibility for work or program assignments located either on or off institutional grounds.

(C) Sufficient staff supervision shall be provided to ensure the inmate is present.

(b) An "R" suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290.

(1) The "R" suffix shall be affixed during reception center processing if one of the following four criteria applies:

(A) The inmate is required to register per PC Section 290.

(B) The inmate's parole was revoked by the Board of Parole Hearings (BPH) formerly known as the Board of Prison Terms/Parole Hearing Division, Good Cause/Probable Cause Finding of an offense that is equivalent to an offense listed in PC Section 290.

(C) The inmate had a BPH formerly known as California Youth Authority/Youth Offender Parole Board sustained adjudication of an offense that is equivalent to an offense listed in PC Section 290.

(D) The inmate had a valid "R" suffix evaluation as defined in this section, resulting in the "R" suffix being affixed.

(2) Inmates with a prior "R" suffix evaluation inconsistent with Section 3377.1(b)(5) shall not have an "R" suffix applied. An "R" suffix evaluation must be completed at the receiving institution.

(3) Within six months of reception or at any time during an incarceration, inmates with records of arrest, detention, or charge of any offenses listed in PC Section 290, shall appear before a classification committee to determine the need to affix an "R" suffix to the inmate's custody designation. The committee shall consider the arrest reports and district attorney's comments related to each arrest.

(A) An inmate found guilty in a disciplinary hearing of a Division A-1, A-2, or B offense that is equivalent to an offense listed in PC Section 290 shall have an "R" suffix evaluation completed by a classification committee.

(4) The receiving institution's initial classification committee shall affix the "R" suffix designation to an inmate's custody during initial classification committee review when it is determined the "R" suffix was not applied at the reception center and the inmate meets one of the criteria listed in Subsection 3377.1(b)(1).

(5) When completing an "R" suffix evaluation, the classification committee shall consider the arrest report(s) and district attorney's comments. However, a classification committee may affix an "R" suffix if the arrest report(s) are available and the district attorney's comments are unavailable. The classification committee shall document in a CDC Form 128-G the attempts/steps taken to obtain the required documentation.

(A) An "R" suffix shall not be affixed when the required documentation is not available for review, unless approved by Departmental Review Board (DRB) decision. If the arrest report is unavailable, the district attorney's comments or any other court or official documents shall be considered if available.

(B) DRB approval is required to affix an "R" suffix to an inmate's degree of custody if the required relevant documents are not available to complete an "R" suffix evaluation.

(6) If a Unit Classification Committee (UCC) finds that an inmate may no longer require an "R" suffix, the committee shall refer the case to the Institution Classification Committee (ICC) for review.

(7) Should a different facility UCC at the same institution disagree with the initial UCC's decision to either affix or not affix the "R" suffix, the committee must refer the case to ICC for review.

(8) ICC can reverse an "R" suffix evaluation by a previous institution's ICC only if new and compelling information is obtained. Otherwise, the case shall be referred for a DRB decision.

(9) An "R" suffix shall not be applied if the inmate was acquitted/found not guilty of the sex related charges in a court of law even if BPH Good Cause/Probable Cause Finding revoked his/her parole for those sex related charges.

(10) Inmates with "R" suffixes shall be housed in accordance with their placement score and shall not be assigned outside the security perimeter.

(11) Inmates who have obtained a valid Certificate of Rehabilitation pursuant to PC Section 4852.01 shall not have an "R" suffix affixed.

(12) An inmate whose "R" suffix has been removed shall be eligible for any housing or assignment for which they otherwise would qualify had the "R" suffix never been designated.

(13) The following terms are defined for the purposes of the "R" suffix custody designation:

(A) Institution means a large facility or complex of subfacilities with a secure (fenced or walled) perimeter headed by a warden.

(B) Facility means a subfacility of an institution headed by a facility captain.

(c) An "S" suffix may be affixed by a classification committee to the inmate's custody designation to alert staff of an inmate's need for single cell housing. The classification committee's decision to affix the "S" suffix shall be based on documented evidence that the inmate may not be safely housed in a double cell or dormitory situation based on a recommendation by custody staff or a health care clinician.

(d) A "D" suffix may be affixed by an Institutional Classification Committee (ICC) to a male inmate's Close Custody designation to indicate the inmate may be housed within a dormitory environment. A mental health clinician or physician shall be present during the ICC classification hearing for placement or removal of a D Suffix to an inmate-patient's custody designation.

(1) A "D" suffix shall only be affixed by ICC if the inmate meets one of the following criteria and the ICC determines the inmate can safely program in dormitory housing based on a review of the inmate's case factors:

(A) Inpatient mental health treatment is deemed clinically necessary and health care staff have determined that required care cannot be provided in a celled environment.

(B) Placement in a specialized medical bed has been deemed clinically necessary and the Health Care Placement Oversight Program staff have determined the required care cannot be provided in a celled environment.

(2) Other security precaution requirements set forth in Section 3377.1 for Close Custody still apply to inmates with a "D" suffix.

(3) The "D" suffix shall be removed when either of the following occur:

(A) A determination is made by health care staff that the inpatient mental health treatment is no longer necessary and/or can be provided within a celled environment.

(B) A determination is made by health care staff that the inpatient medical care is no longer necessary and/or the Health Care Placement Oversight Program staff have determined appropriate celled housing is available.

NOTE: Authority cited: Section 5058, Penal Code, Reference: Sections 290, 4852.01, 5054 and 5068, Penal Code; Americans With Disability Act (ADA) , 42 U.S.C. § 12131, et seq.; and Pennsylvania Department of *Corrections v. Yeskey* (1998) 524 U.S. 206.

| State of California | | DEPARTMENT OF CORRECTIONS | | CDC-128G |
|---|---|---|---|---|
| CDC Number:<br>AE0507 | Name:<br>DALKE, J | Classification Score: 67<br>Level: IV | Type and Release Date:<br>MEPD 01-28-2023 | |
| Custody:<br>CLOB | WG/PG: A2/B<br>Effective: 12-27-12 | Next Classification: 08-14<br>Next BPT: 01-2019 | Housing:<br>FD-17-117 | R.P.S. Status: |

**Assignment/Committee Summary**

UNASSIGNED / FAC D ICC: REISSUE/REHEAR RVR # 11-12-D008, DTD 11-13-12 DUE TO DUE PROCESS VIOLATION

**Committee**

Inmate DALKE appeared in person before the Facility D Institution Classification Committee (ICC) for a(n) Program Review. Inmate waived his 72 hour notice. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128C dated 12-26-12. Inmate is not a participant in the DD Program.

**Accommodations / Staff Assistant**

I/M has a reading score of 12.9, ICC did not assign a SA.

**Committee Discussion**

I/M is before Facility D ICC for a SHU Term assessment. I/M received RVR # 11-12-D008 for 'Battery on an Inmate' from CSP-CAL on 11/13/12. The RVR was adjudicated at CAL on 12/16/12 and I/M was found guilty as charged and assessed 61 days forfeiture of credit. On 12/18/12, I/M transferred to RJD as a HUB case due to his participation in the MHSDS at the CCCMS level of care. The SHU Term was never assessed for the RVR.

ICC noted a 115MH was not completed in preparation to adjudicate the RVR. The date of the incident was 11/13/12. I/M started participating in the MHSDS at the CCCMS level of care on 11/29/12. The RVR notes a Staff Assistant was assigned for I/M on 12/6/12 due to CCCMS, however, a 115MH was not ordered. The RVR requires a 115MH because it is a SHU offense. Therefore, CDW ordered the RVR reissued and rehear.

ICC notes case needs an R suffix review and an escape administrative determinate review. RJD is waiting for the information regarding the circumstances of those incidents from agencies in other states.

**Committee Action**

ICC elects to order RVR # 11-12-D008, dated 11-13-12, be reissued and reheard.

**Case Factors**

The CDCR 812 and 812-C have been updated. Confidential file noted and reviewed. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following: Inmate is 36 years old, TB Code 22 per CDC 128-C dated 05-02-13 as well as any actions noted in this committee.

**Participation**

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions and was in agreement. RJD's behavioral expectations and the inmate's right to appeal have been explained. There are no other case concerns at this time.

**Committee Members**

G. Stratton, CDW(A); P. Logan, Capt(A); K. Smith, CCII

G SLDE     CDW CA)
Chairperson: G. Stratton, CDW(A)

*Emith*
Recorder: K. Smith, CCII

DATE: 12-06-13
(Rev. 1/1/08)

CLASSIFICATION: ICC

INSTITUTION: RJDCF



| State of California | | DEPARTMENT OF CORRECTIONS | | CDC-1292 |
|---|---|---|---|---|
| CDC Number | Name | Classification Score: 77 | | Type and Release Date |
| AE0507 | DALKE, J | Level: IV | | MEPD: 7/1/2025 |
| Custody | WG/PG A2B | Next Classification: 8-14 | | Housing | R.P.S. Status: N/A |
| CLO-BR | Effective: 12-27-12 | Next BPT: 7/2024 TYPE:1PCH | | FD-17-143U | |

| | | Assignment/Committee Summary | | |

UNASSIGNED /PROGRAM REVIEW: / REFER TO CSR RX ADVERSE TX: COR-IV (270-SNY)(CCCMS) ALT SATF-IV (180-SNY)(CCCMS) / RETAIN FAC D PENDING TX / ESTABLISH CLO-BR CUSTODY / REAFFIRM PG SS & A3E-HUGED WL, WG/PG A1/A EFF: 12-27-12/IHC:RE/DC/CPP.

| | | | | Committee | | | | |

Inmate DALKE appeared in person before the Facility D Unit Classification Committee (UCC) for a Program Review. Inmate received his 72 hours preparation time. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128-MH3 dated 1-10-13. Inmate is not a participant in the DD Program.

Level of Care: CCCMS    DDP: NCF    DDP: N/A    TABE:12.9 HSD/GED NOT VERIFIED
CSRA :    COMPAS Core Risk Assessment not required (LIF)
PC2933: INELIG    PC2933.05: INELIG    IHC: RE

| Accommodations / Staff Assistant |

No Staff Assistant was not assigned. Reading GPL is 12.9. Effective Communication was established by using Simple English Spoken Slowly and Clearly. Subject reiterated in his own words what was explained. Subject provided appropriate, substantive responses to questions asked. Subject asked appropriate questions regarding the information provided.

| Committee Discussion |

Inmate's classification score has been adjusted from 67 to 77 to reflect no qualifying periods for disciplinary free behavior, no satisfactory work performance or qualifying periods for minimum custody. During this review period 'S' received two RVR's dated 3-6-14, Positive Urinalysis(U/A), Div 'D' offense; 10-21-13, Refusing Urinalysis Div 'F' offense.

CSR action of 2-1-13 notes casework follow-up concerns regarding "R" suffix and escape review needed. In regards to the 1999 New York misdemeanor Sexual Misconduct conviction, the case was referred to Case Records for clarification and follow-up as indicated by the initial CDC 3217 dated 9-19-12 at which time the Department of Justice (DOJ) was contacted. During this time there was no closure to this matter. Again on 4-29-14, the DOJ was contacted to determine whether subject's 1999 misdemeanor conviction of Sexual Misconduct in the state of New York was the equivalent of a California's registrable sex offense. Per DOJ's Sex Registration Unit, 'S' is required to register as a Sex Offender under PC290 and Pre-registration should began. Refer to Inmate Case Notes in the Strategic Offender Management System (SOMS). Based upon the aforementioned as this case relates to Departments Operations Manual (DOM) revision to Chapter 6, Article 5, Subsection 62010.13.1 "R" suffix and CCR subsection 3377.1(b)(1) under the departments current policy noted above 'S' will be affixed an "R" suffix. As to the escape review, CDCR requested the case disposition on the attempted escape via Departmental letter dated 1-4-13 to NYE(NY) County Sheriff's Department located in HWD section) NYE County Sheriff's Department response was that the case was still pending under prosecution and as of today's committee there has been no changes.

I/M's placement score requires Level IV SNY placement. Subject's case was reviewed for 270 degree design Level IV exclusion, as such 'S' is not excluded from 270 degree design placement. Committee notes due to DALKE's case factors which include CCCMS, Low Risk medical needs, level IV SNY and identified enemy concerns, COR-IV SNY is the only viable 270 degree design institution available for transfer. Therefore, I/M's case is also being referred to the CSR for an alternate recommendation of a 180 degree design placement. 'S' has requested a transfer to SATF-IV (180-SNY) to be closer to his family that resides in San Bernardino county. UCC elects to refer this case to the CSR for an adverse transfer to a designated Level-IV SNY institution which commensurates with the inmate's placement score, case factors and programing needs. Committee notes that subject's case was reviewed for transfer consideration to a Reentry Hub Institution, however, he does not meet the eligibility criteria due to CSRA I/LIF.

| Committee Action |

After a careful review of all case factors, Committee elects to refer to CSR RX ADVERSE TX: COR-IV (270-SNY) (CCCMS) alt SATF-IV (180-SNY)(CCCMS) retain on Facility D pending an adverse transfer. Establish CLO-BR Custody. Reaffirm the following: PG SSWL, WG/PG A2B, EFF: 12-27-12, IHC of RE and DC eligibility.

| Case Factors |

CDC forms 840, 812, 127, 812-C and MSF have been updated. Confidential is noted and updated. Per CDC 128C-3 dated 1-10-13, notes Vigorous Activity, Low Risk with no restrictions noted. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following: Inmate is 36 years old, TB Code 22 per the SOMS Inmate Health Assessment dated 5-1-14 as well as any actions noted in this committee. MSF ineligible due to VIO/LIF/PS/PSY. Upon transfer, inmate custody and credit earning status should be CLO-BR and A2B, EFF: 12-27-12 at the receiving institution.

| Participation |

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions, however, he was not in agreement with the DOJ's decision to require him to register under PC290. RJD's behavioral expectations and the inmate's right to appeal have been explained. His next scheduled classification is 8-14 for an Annual Review. There are no other case concerns at this time.

| Committee Members |

S. Davis, Captain (A), R. Smith, CCII, S. Dang, Woman, CCI

Chairperson: S. Davis, Captain (A)    Recorder: L. Hyman, CCI

DATE: 5-13-14    CLASSIFICATION UCC    INSTITUTION: RJDCF



CERTIFICATE #
006779

STATE OF NEW YORK
ROCHESTER CITY COURT

CERTIFICATE OF CONVICTION/DISPOSITION
••••••••••••••••••••••••••••••••••••••••••

I, Kim L. Bostley, certify that a judgment of conviction and/or disposition has been entered in this Court (CPL 60.60) against:

JOSHUA J DALKE, Defendant, DOB 06-03-1977  Docket # 99-08517

Arrested: 05-10-1999  Arraigned: 05-11-1999  Judge: MARJORIE L. BYRNES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORIGINAL OFFENSE #1:    -EF- RAPE 3RD-AMENDED        PL-130.25-02
                        CR#: 99153545
        Reduced to:     -AM- SEXUAL MISCONDUCT        PL-130.20

Disposition Date: 06-16-1999  Disposition: PLED GUILTY
Sentence Date:  09-29-1999
Sentence: PROBATION
3 Year(s) Probation

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REMARKS: TRANS TO BROOME COUNTY/3 YRS OOP
PENALTY ASSESSMENT:  $90.00

Witness my hand and the seal
of said court this 28
day of November, 2012                    Kim L. Bostley
                                         Kim L. Bostley
                                         Deputy Chief Clerk

Prepared by: _____

Reviewed by: _____

Certificate of Disposition 8/09

STATE OF NEW YORK    COUNTY OF MONROE    CITY OF ROCHESTER    Page 1 of 1
In the matter of the defendants/respondents listed below:    CR# 99-15845

1. Jo—
DEFENDANTS/RESPONDENTS NAME                    DEFENDANTS/RESPONDENTS ADDRESS

2. _____                    _____
DEFENDANTS/RESPONDENTS NAME                    DEFENDANTS/RESPONDENTS ADDRESS

3. _____                    _____
DEFENDANTS/RESPONDENTS NAME                    DEFENDANTS/RESPONDENTS ADDRESS

rpd 1270

Charged with alleged offenses, to wit:

DEPONENTS NAME: ████████████████████

DEPONENTS ADDRESS: ████████ Rear Upper Apt. Rochester, N.Y. 14613

Deponent deposes and says:

My name is ████████████ I live ████████████ Rear Upper Apt. in Rochester, N.Y. 14613. Yesterday, Saturday May 8th 1999 I was in the street at my friend ████████'s house on ████ St. At about 4:00 in the afternoon this guy I know as Josh came by to hang out. We were there for about 15 minutes & half an hour before Josh and I left. We walked over to Josh's apartment on the corner of Fulton Ave and Phelps Ave. Sin Josh lives in one of the apartments that faces Phelps Ave. We went into his apartment and into his bedroom. We layed down on his bed and began kissing. I then took off my shirt & bra and Josh began kissing me all over until 2 inches above my belly button. I then took off my jeans and underwear as Josh got undressed. Josh then got on top of me and inserted his penis in my vagina and we started having sex. After a few minutes I stopped him and asked him if he had a condom. Josh said he did not have any diseases and could not get anyone pregnant. We started having sex again and Josh ejaculated inside of my vagina. A couple minutes later I went to the bathroom. I then got dressed and left Josh's apartment. I left Josh's apartment at about 5:40 P.M. Josh did not force me to have sex with him at any time. Having sex was my decision. ████████████

NOTICE: False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the New York State Penal Law

████████████
DEPONENTS SIGNATURE            DATE  5-9-99    WITNESSES SIGNATURE  R.J. Wilson #1080    DATE 05/09/99



Page __1__ of __1__

"I, ___Joshua Dacre___, am _21_ years of age and reside at ___24 Phelps Ave APT 1___, ___INV. McGlynn___ has explained to me that,

· I have the right to remain silent;
· I do not have to say anything if I do not want to;
· Anything I say can be used against me in a court of law;
· I have a right to talk to a lawyer before I answer any questions AND to have a lawyer with me during questioning, if I so desire;
· If I can't pay for a lawyer, one will be provided for me before any questioning, if I wish;
· and, that if I do agree to talk about this matter without a lawyer present, I can stop talking at anytime.
I have read this statement of my rights (or I have had this entire statement read to me). I willingly make the following statement:

START 8:20 pm   Back on Saturday Night, I was over Megan's House on Emerson St named ████ There was also a girl there named ████ I've known ████ for about 1 week. While I was at the house, ████ came on to me. ████ knows my girlfriend ████, And she knows, I've havent been getting a long with her. While I was at ████ house ████ asked me to have sex with her. At first I said No, cause I found out she was a virgin. She kept asking me, And then I asked her how old she was. She told me 17 yrs old. I agreed to leave with her, And while I was leaving I asked some other people at the house how old she was, And they told me 17 also. I ended up taking her to my house, And I had sex with her there. I didn't wear a condom, cause I can't get anyone pregnant. Shortly after that, I heard that the police were looking for me because I raped ████ I didn't rape her, she wanted to have sex. I ended up talking to ████ Dad, And I found out she was 15 yrs old. I would never have had sex with her if I knew she was really 15 yrs old. I went over to the police car that I saw on ████ St because its wrong to run away from your home, especially when I then not to do anything wrong.

X ___Jos Dacre___

WITNESS- ___Inv. Will McGlynn___

Svep 8:45 pm.

'D # 1184 (HCI)

99-68517

*THE CITY COURT OF ROCHESTER*
*COUNTY OF MONROE, NEW YORK*

CONFIDENTIAL INFORMATION
CIVIL RIGHTS LAW SECTION 5C(B)

The People of the State of New York
-Vs-
Joshua Dalke   D.O.B. 6-3-77
24 Phelps Ave #1

CR# 99-153545

I, Investigator William McGlynn , the complainant herein works at the Rochester Police Department, Rochester, New York, and accuse the defendant, Joshua Dalke, in this action that on or about the 8th day of May, 1999, at about from 8:00 PM through 9:00 PM, at the location known as 24 Phelps Ave, City of Rochester, County of Monroe said defendant, Joshua Dalke did knowingly and unlawfully commit the E Felony of ~~Rape in the Third Degree~~ contrary to the provisions of Section(s) 130.25-2 of the Penal Law of the State of New York.

## THE FACTS ON WHICH THIS ACCUSATION IS MADE ARE OF MY OWN KNOWLEDGE OR UPON INFORMATION AND BELIEF AS FOLLOWS:

That your complainant is employed as a Police investigator for the City of Rochester, and while acting in that capacity did have cause to investigate a complaint of a rape , which resulted in the filing of this accusatory instrument.

That said defendant did at the above stated date, times and location, being twenty one years of age, being born on June 3rd, 1977 did engage in sexual intercourse with a female that he is not married to whom is less than 17 yrs old, having been born on 11-30-83.

That your complainant bases this on INFORMATION & BELIEF, that being the depositions of the victim, ~~████████~~ along with a voluntary signed statement made by the defendant which are both attached to and made part of this Felony Complaint.

*\*NOTICE\* FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.*

Date: 5-10-99          Complainant: Inv. With McG

Witness: _____

*(handwritten top margin)* REVIEWING (15th) LOG)   804 SENT ON 05/04
CSR REVIEWED

**STATE OF CALIFORNIA**
**RULES VIOLATION REPORT**   MHSDS: MHCB   G.P.L.   DEPAR...

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| AE0507 | DALKE | | UEPD 6 24 25 RJDCF | | B7-145L | FD-15-024RR |
| VIOLATED RULE NO (S). | SPECIFIC CHARGE: | | | LOCATION: | DATE: | TIME: |
| CCR §3015 (d) | Conspiracy to Escape with Force or Violence | | | D-19-233 | 01/9/15 | 0830 Hours |

CIRCUMSTANCES

On April 29, 2015, the Chief Disciplinary Officer (CDO) C. Covel, ordered the Rules Violation Report (RVR) dated 01/9/15 (Log#: FD-15-024), for the specific act of "Conspiracy to Escape w/Force or Violence" to be Reissue/Rehear citing the following due process violation: An incident package was not generated.

The circumstances are as follows:
On Tuesday, January 13, 2015, an investigation was completed into your Conspiracy to Escape from Custody of the Department.

*(handwritten)* Three time surrendos Reissue/Reheard to get DA pocket due to illegal action

On January 2, 2015, you were identified as conspiring to escape from the Richard J. Donovan Correctional Facility (RJDCF). Your plan was to have an accomplice in the community kidnap a District Attorney's (DA's) family member and hold that person hostage in order to negotiate your release from state custody. Once the kidnaping was completed, your accomplice would contact the DA's office and begin to negotiate. Part of the negotiating would be the transport of three (3) inmates to the DA's office and you (DALKE AE0507) were one of the inmates that was identified to be transported from the RJDCF to the DA's office where upon you would be released from custody to deliver the ransom. A total of $10 million dollars was going to be part of the negotiations; specifically, three (3) bags weighing a total of 60 pounds. The money would be used to fly to Brazil, get a passport and apply for citizenship there.

*(handwritten)* adjudicated out consulate of status two by a logalean of ...

On January 9, 2015, I conducted an interview with you, (DALKE AE0507) regarding a possible plan to escape from the RJDCF. The interview was conducted in the Investigative Services Unit Office. Officer C. Davis was present during the course of the interview. I asked you (DALKE) direct questions regarding a potential escape. You (DALKE) self-admitted to planning and escape from custody of the department by stating you had obtained twine from the Canteen and had constructed a rope. The rope was to be utilized to lasso to a light pole on the outer perimeter of the facility and swing over then fence. You (DALKE) stated first you were going to obtain a pair of cutters and snip through the first fence and then lasso the light pole. Once you were out, you were going to run to Mexico and hide out. Furthermore, you (DALKE) admitted to conspiring with Inmate (LOCHMILLER H03847) to escape from the RJDCF utilizing Inmate LOCHMILLER's plan. Based upon your (DALKE's) admission, it is clear you (DALKE) had an active plan to attempt an escape from Richard J. Donovan State Prison.

*(handwritten)* Look up 6 min...

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|
| M. Tamayo | | 5/6/15 | ISU Correctional Sergeant | | S/S/H |
| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGRATED PENDING HEARING. | | | |
| G. Hernandez, Lieutenant, ISU | 5/6/15 | | | | |
| CLASSIFIED | OFFENSE/DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | |
| ☐ ADMINISTRATIVE | A-2 | 5/6/15 | | ☐ HO ☒ SHO ☐ SC ☐ FC | |
| ☒ SERIOUS | | | S. Rink, Facility D Captain (A) | | |

COPIES GIVEN INMATE BEFORE HEARING

| | | | | |
|---|---|---|---|---|
| ☒ CDC 115 | BY: (STAFF SIGNATURE) | DATE 5/7/15 | TIME 0925 | TITLE OF SUPPLEMENT ☐ CDC-1159 ☐ CDC-115A |
| ☐ CDC-115A | | 6-4-15 | AM/PM | ☐ CDC-115C |
| ☒ INCIDENT REPORT | BY: (STAFF SIGNATURE) | DATE 05/13/15 | TIME 1450 | BY (STAFF SIGNATURE) |
| LOG NUMBER RJD-D19-15-01-0136 | | | | |

HEARING  I.E. report 6-25-15 given
REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

ACTION BY (TYPED)
COLLECTIONAL LIEUTENANT
REVIEWED BY (SIGNATURE)
S. Rink, Facility D Captain (A)    DATE 8/20/15
CHIEF DISCIPLINARY OFFICER'S SIGNATURE
C. Covel, Associate Warden
☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING

*(handwritten)* CDC 115 Issued again on 6-25-15 by C/O Horne @ 1410 hrs

RECEIVED AUG 2 5 2015



## MONROE COUNTY SHERIFF'S OFFICE
Monroe County, New York

Adam J. Bello, County Executive    Todd K. Baxter, Sheriff

December 02, 2020

Joshua Dalke
Corcoran State Prison
PO Box 3461
Corcoran, CA 93212

*Never got.*

RE: Freedom of Information Request # 20-2462

Dear Mr. Dalke,

Your request for information under the Freedom of Information Law (F.O.I.L.) has been denied.

*August 19*

The records requested have been already provided to you under FOI request #20-1392. The Monroe County Sheriff's Office has no additional records as the Monroe County Sheriff's Office was not involved in this case. Requests for further documentation should be directed to the Rochester Police Department.

The Monroe County Department of Communications considers your request closed.

You may appeal this decision, in writing, within 30 days. The Appeals Officer for Monroe County is Jeffery I McCann, 39 W. Main Street, Suite 110, Rochester, New York, 14614.

Sincerely,

Todd K. Baxter
Monroe County Sheriff

**RIS [PRISONER DATA REPORT]** MoRIS#

| NAME | FIRST NAME | MIDDLE NAME | SUFFIX | 2. ORIGINAL CR# |
|---|---|---|---|---|
| ALKE | Joshua | JASON | | 99-153545 |

ES AND/OR MAIDEN NAME — NICKNAME

6. ARREST CR# 99-154656

| NO. | STREET | CITY OR TOWN | STATE | 8. PLACE OF BIRTH, STATE/COUNTRY |
|---|---|---|---|---|
| | Phelps Ave | Roch | NY | Rentn, Wash. |

| | & DATE OF CRIME | | 10. DOW/DATE/TIME AND PLACE OF ARREST | 11. SECT/ZN OF OCCURRENCE |
|---|---|---|---|---|
| | Phelps Ave | 5-8-99 | MO 5-10-99 2000 261 Child St | 2 |

14. ARRESTED BY: OFFICER(S): RPD 1 Wilson #1080/Kehrig #1083

| 16. SECTION NO. & SUBS. | 17. CLASS | CAT | 18. NAME OF OFFENSE & UTS# | 19. DEGREE |
|---|---|---|---|---|
| 130.25-2 | E | FEL | RAPE | 3RD |

20. NO. OF VICTIMS: 1 — SEX: F

25. DRUG ARREST TYPE

OFFICER'S REMARKS:

E DID HAVE CONSENTUAL SEXUAL INTERCOURSE W/ ___ FEMALE.
WAS COOPERATIVE + DID TURN himself IN TO POLICE.

SHED BY RPD 1 WILSON ID# 1080

32. IS THIS A FINGERPRINTABLE ARREST? ☑YES ☐NO

43. EYE COLOR BROWN

48. WEIGHT: 175 LBS

SPECIAL DESCRIPTORS: LFT ANKL

| Entry Date | Eff Date | | Group | Duration (days) | | | | Qualifier |
|---|---|---|---|---|---|---|---|---|
| 07/24/2015 | 01/02/2015 | Work Group Change (done by Cls.) | D2 - Admin Seg with SHU Term | 203 | | Classification Action | Void | |
| 02/03/2015 | 01/14/2015 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD15027 |
| 01/26/2015 | 12/26/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14533 |
| 01/09/2015 | 01/02/2015 | Work Group Change (done by Cls.) | D2 - Admin Seg with SHU Term | 32 | | Classification Action | Void | |
| 12/30/2014 | 12/16/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14513 |
| 12/30/2014 | 12/03/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14485 |
| 12/30/2014 | 12/03/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14491 |
| 12/15/2014 | 11/19/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14467 |
| 12/15/2014 | 11/19/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14463 |
| 10/28/2014 | 10/13/2014 | Credit Lost (due to Disciplinary) | | | 30 | Disciplinary Penalty | Applied | Log # FD14390 |
| 10/28/2014 | 10/07/2014 | Credit Lost (due to Disciplinary) | | | 10 | Disciplinary Penalty | Applied | Log # FD14379 |
| 10/21/2014 | 10/02/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14369 |
| 10/17/2014 | 09/22/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14352 |
| 10/15/2014 | 09/22/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14358 |
| 09/16/2014 | 08/27/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14299 |
| 09/02/2014 | 08/07/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14252 |
| 08/18/2014 | 07/22/2014 | Credit Lost (due to Disciplinary) | | | 6 | Disciplinary Penalty | Applied | Log # FD14235 |
| 08/18/2014 | 02/12/2015 | Work Group Change (done by Cls.) | A1 - Full Time Assignment | 3 | | Classification Action | Void | |
| 08/18/2014 | 08/12/2014 | Work Group Change (done by Cls.) | C - Voluntarily Unassigned | 143 | | Classification Action | Applied | |
| 08/11/2014 | 07/11/2014 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # FD14224 |
| 04/07/2014 | 03/06/2014 | Credit Lost (due to Disciplinary) | | | 61 | Disciplinary Penalty | Applied | Log # FD14060 |
| 02/06/2014 | 11/13/2012 | Credit Lost (due to Disciplinary) | | | 61 | Disciplinary Penalty | Void | Log # 1112D008 |
| 02/06/2014 | 12/06/2013 | Credit Lost (due to Disciplinary) | | | 61 | Disciplinary Penalty | Applied | Log # CSPCAL1112D008R |
| 12/12/2013 | 10/21/2013 | Credit Lost (due to Disciplinary) | | | 30 | Disciplinary Penalty | Applied | Log # FD13383 |
| 12/12/2013 | 07/01/2025 | Accept SOMS MEPD | | | | SOMS Date Correct | Applied | |
| 12/12/2013 | 07/01/2025 | MEPD Override | | | | SOMS Date Correct | Void | |
| 08/13/2013 | 07/01/2025 | Accept SOMS EPRD | | | | No Override Date | Applied | |
| 12/27/2012 | 12/27/2012 | Work Group Change (done by Cls.) | A2 - Waiting List for Assignment | 593 | | End D2 Time | Applied | |
| 11/13/2012 | 11/13/2012 | Work Group Change (done by Cls.) | D2 - Admin Seg with SHU Term | 44 | | Classification Action | Applied | |
| 07/28/2011 | 07/28/2011 | Credit Lost (due to Disciplinary) | | | 90 | Disciplinary Penalty | Applied | Log # CCI-III11070250 |
| 08/11/2010 | 08/11/2010 | Work Group Change (Generated by IAO) | U - Unclassified | 825 | | External Movement | Applied | |

**Financial Obligations** (1 - 4 of 4)

| Commitment | Court | Case Number | Account Type | Amount Ordered |
|---|---|---|---|---|
| AA | San Bernardino Co. Superior Court - San Bernardino | FBA800768 | Restitution Fine (PC 1202.4) | $200.00 |
| AA | San Bernardino Co. Superior Court - San Bernardino | FBA800768 | Restitution Fine (PC 1202.45) | $200.00 |
| AB | San Bernardino Co. Superior Court - San Bernardino | FBA800768 | Restitution Fine (PC 1202.4) | $200.00 |
| AB | San Bernardino Co. Superior Court - San Bernardino | FBA800768 | Restitution Fine (PC 1202.45) | $200.00 |

**Active Detainers/Notifications**

| Date Placed | Type | Reason | Agency Name | Detainer/Case # | Offense |
|---|---|---|---|---|---|

**BOARD OF PAROLE HEARINGS**
EXECUTIVE OFFICE
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



violations of prison rules as recent as 2020, which was a violence related RVR (pending). He has had trouble with management of stress in a controlled environment and has displayed irresponsible thinking, antisocial behavior, violent behavior, low frustration tolerance, and poor coping skills, resorting to drug use during his term. Any difficulty coping with the stressors of living in the free community and the challenges of navigating interpersonal relationships in the free community are risk factors to Mr. Dalke's success if released. The inability to cope with daily life situations which could lead him to relapse into drugs/alcohol use would be the main concern for potential problematic behavior. Also of significant concern would be the emergence of acute symptoms of his Bipolar Disorder.

## OTHER RISK CONSIDERATIONS

### MEDICAL:

During the current interview, Mr. Dalke reported some medical issues he has or is currently receiving treatment for such as a chronic viral infection, Asthma, and migraines. He reported a history of head trauma. When he was 27 years old his jaw was broken and he lost consciousness. He also admitted to being hit in the head several times throughout his life; however, he did not indicate lasting cognitive deficits. He would have to provide for his own medical treatment upon release.

### STATIC-99R:

The Static-99R utilizes only static (unchangeable) factors that have been seen in the literature to correlate with sexual reconviction in adult males. The Static-99R does not address all relevant risk factors for sex offenders and the resulting raw score and risk category generally does not consider contextual and dynamic risks that may increase or decrease risk.

Mr. Dalke was charged with rape in the third degree and convicted of sexual misconduct in 1999 which was identified as the index sex offense with no other identified non-sexual violence offenses included. Based upon the specific risk factors cited on the STATIC-99R, as well as the revised scoring criteria for age, Mr. Dalke obtained a score on the Static-99R that placed him in the average risk range. His score is equal to or higher than approximately 48% of sex offenders in the Static-99R standardization sample.

Items which elevated his risk included: his age at time of release (22) and having an unrelated victim. Factors that did not elevate his risk included: having lived with a partner for more than two years in the community; not having an index non-sexual violence conviction; having no prior non-sexual violence convictions; having less than four prior sentencing dates; having a non-stranger victim; lack of prior charges/convictions of sex offenses; lack of convictions for non-contact sex offenses; and the victim of his sexual offense was not male. His age of 22 at the time of release increased his predicted risk on the Static-99R. Thus, his risk as predicted by the instrument may be higher than his true risk given that he is now 43 years old and risk of sexual re-offense is known to decrease with age.

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM  GOVERNOR

**BOARD OF PAROLE HEARINGS**
EXECUTIVE OFFICE
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



girlfriends; having to pay rent at times. He felt he was good at managing his money, but denied major financial issues due to the fact he did not have credit/debit cards or loans. He denied ever being evicted or having his utilities shut off for nonpayment. He reported gaining money by illegal means such as from selling drugs or "white collar crimes (fraud)."

Sexual Development/Relationship History:
Mr. Dalke's first sexual experience was when he was 11 years old with a 16-year-old female. He indicated that he has had approximately 200 sexual partners in his lifetime. He reported having three serious relationships in his life. He lived with his three partners, one for five years off and on, one for four years off and on, and another partner for a couple of years. Mr. Dalke said he has never been married and has no children.

Mr. Dalke reported being in simultaneous relationships with his partners' consent, having one-night stands, and engaging in group sex, but denied using violence during sex, a history of cheating on his partners/girlfriends, or using prostitutes. He admitted to not regularly using condoms, but denied he contracted an STD in the past. He reported domestic violence in one of his relationships. He said he was living with his girlfriend in NY around 2000 or 2001. He explained he thought his girlfriend was cheating on him and he hit her. Mr. Dalke said he is not currently in a relationship.

Mr. Dalke was arrested while in NY for a charge of rape in the third degree in 1999. At the time, he was 21 years old and the victim in the sexual assault case was under 17 years old. Mr. Dalke was ultimately convicted of sexual misconduct. Per police reports from the Rochester Police Department dated 1999, the victim indicated that she and Mr. Dalke had consensual sex. The victim stated Mr. Dalke "did not force her to have sex with him at any point." The victim's mother became aware of the sexual contact and called the police. The victim refused to have the rape kit completed because "the intercourse was consensual and because of the amount of time between the incident and the exam." The police report noted the victim "told the R.O. (reporting officer) on three separate occasions that she did not wish to press criminal charges against S (Mr. Dalke)." However, the following day, the victim told the investigating officer she "desired prosecution. It appeared that family members had convinced the victim to follow through with prosecution, which contradicts her written deposition taken on 05/09/1999." When police contacted Mr. Dalke about the incident, he admitted to having sex with the victim, but said he "was positive that she was 17 years old."

During the current interview, when asked about the circumstances of the above situation, Mr. Dalke stated, "The girl was 15. My ex-girlfriend introduced us and told me she (victim) was 18. I was drunk and we went to my house and we had consensual sex. My ex-girlfriend [then] told me she (victim) was underage. I went straight to her (victim) dad and told him what happened. I called the cops. (*Was this the only time you had sex with an under aged female?*) First time and last time."

DALKE, JOSHUA      AE0507            Page 5 of 24            COR    BPH COMPREHENSIVE

D 1

CDCR #:AE-0507            NAME:DALKE          HOUSING: D5-244 U        CDCR-128G
PS: 53 LEVEL: IV          MEPD: 8/24/2056     CUSTODY: CLO-A
WG/PG: A2-B EFF:11/11/11  NEXT CLASS:8/12     ASSIGNMENT:U/A

ACTION: INITIAL REVIEW: RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A
CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND
BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED
WITH SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility "D", UCC for the purpose of an Initial Review.
Inmate's DDP code is NCF per 128-C2 dated 8/11/10. Inmate Reading GPL is 12.9. Inmate claimed
completion of the 12th grade. A CSRA score of LOW (1) is noted, no Compas Assessment required. (NT)
Inmate Dalke is a 34-year-old (DOB 6/3/1977), White, 2nd termer committed from San Bernardino County
for the offense of PC 187 Attempted Murder in the 2nd (Attempted Murder of a Peace Officer) for a total term
of 50 Years to Life. Inmate was received in CDCR on 8/11/10 and transferred to CAL-IV (SNY) on 10/28/11
from CCI-RC as a non-adverse transfer. It is noted last Legal County of residence was San Bernardino
County. Prior arrest history includes charges of Disorderly Conduct, Under the Influence of Drugs,
Possession of Marijuana (X8), Grand Theft in the 3rd Degree, Vehicle Theft (X4), Threatening a Public
Servant (X5), Failure to Appear, Attempted Escape with a Deadly Weapon, Conspiracy to Commit a Crime
(X5) and Sexual Misconduct (X6). Inmate is medically classified as Full Duty. TB Alert Code is 22 per
CDCR 128-C dated 4/18/11. Confidential file is clear. CDCR 812 indicates enemies. Disciplinary history is
clear of RVRs. There is no history of arson or kidnapping noted. A sex-related offense is noted on the
inmates C.L.E.T.S report from the state of New York dated on 5/10/99, inmate was arrested for Rape in the
3rd degree Escape is noted on 12/4/08 from Nye Nevada as an Attempted Escape with the use of a Deadly
Weapon. It is noted that inmate Dalke is a Registered Sex Offender in the state of New York. The police
reports have been order from New York and Nevada to review for the Sex offense and Escape. There are
no holds/detainers noted. Inmate is not a FBN. Restitution has not been ordered by the court in the amount
of $10,146.13. After a review of all case factors, Committee elects to RELEASE TO FACILTY D "SNY".
RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE
ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP
ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY. Inmate is not eligible to earn
work credits per PC 3057. PC 2930 and 2933 has been explained. Inmate meets 270-design criteria.
Inmate is not eligible for MSF, CCRC, MCCF, CCF or Camp due to LIF, VIO and P/S. Inmate is not a
participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet initial MDO screening criteria.
Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted
and Inmate is approved for double cell housing with SNY inmate only. Inmate has stated he has no problem
with his current cell partner. CDCR 840, 812, 127, 1882 and Minimum Custody Screening forms are
current. Inmate was an active participant in this Committee and indicated he understood all the actions
taken. Inmate was advised of his right to appeal and that this Committee acts as his first level of appeal and
This Chrono will serve to inform Inmate of this Committee's actions, his right to appeal and that this
Committee will act as his first level of appeal. Inmate's next DOC BPT Hearing is scheduled for 8/2014.
Committee is aware that a case-by-case violence review is not required due to Inmate's instant offense,
which is an automatic exclusion from MSF. His next Annual Review is scheduled for 8/12. (TA/ta)

M. McNair, FC          Chairperson          T. Adams, CCI          REVIEWED
                                                                   OBIS
                                                                   Recorder

Committee Members: M. McNair, FC; J. Devenberg, CCII; T. Adams, CCI
Cc: CCI, Inmate and Central File
Date:11/15/11   X        INITIAL CLASSIFICATION COMMITTEE          INST CAL IV

Dear Reader,

This is most important issue that has me assaulted and a continue hit on my head. I was arrested in New York in 1999 for charge of Rape 3rd degree which was pleaded down in Petium to Sexual Misconduct misdomenor. No Regersteration Due to the police reports and In me contacting girls father when I found out she was underage And I called 911 to have the police that were at her house to get the matter situated. Due to the fact I didnt know she lied of her age and no one was raped. And Third degree is statatory Rape. And in prison for Attempt murder on a child molester the first two prisons Tahachipi and Caliputria refuse to place a "R" Suffix due to the Police reports. Now in 2019 CCI Tlyman put "R" And changed the police reports saying Department of Justice over the phone said this out of state misdomenor is a registerable offense in California. But refuse to give me case law or the persons name. I 602 it to the higher CCII and the Staff refuse to hear it at all I was found guilty of escape by force two plans Iba 2 2015. I'm in Civil suite and Writ of Mandate and Habeas corpus case #s are civil 1:20-cv-00534-A W I-SAB-(PC), And Writ of Mandate F 081920 and Habeas Corpus am filing this Week when Sacremento said time constraints but the Courts have motions ordering them to answer other CCI II

make past 2 level on the staff misconduct on telling I am a sex offender after not snitching for the CDs that got me almost killed. Jumped by three and I almost died that night and with in a month lost 40 pounds.

So I need your help giving me my hole criminal Record and the police reports in Sexual Misconduct case in Rochester NY 1999 please So I can clear this up and I know Your office wouldnt confirm a 16 year old misdomenor equwalent to Restoration in California or any other state consider A Misdomenor and most felonies Sex Case have a statatory dead line for regerstrations. And based sense I never had to in the Conviction No State can make me. Per Actill 30 And penal code 11-121 threw 11-127 Your department Can give me if I disagree to the info on my criminal history.
Thank you very much Have a blessed day.

Sincerly
Joshua
Dalke
CDC#AE0501

**VIER BECERRA**
**rney General**

*State of California*
**DEPARTMENT OF JUSTICE**

*Bureau of Criminal Information and Analysis*
Record Review Section
P.O. Box 903417
Sacramento, CA 94203-4170

1/21/2021

Joshua Dalke [AE0507]
P.O. Box 3456
Corcoran, CA 93212

Re:    California Criminal History Information
       CII # A24354930

Dear Mr. Dalke [AE0507],

*[handwritten note:]* And illegal "R" imposed 2014 with CCJ Human stating DoJ confirmed over the phone but 2012 DoJ had gave list to put if no list filled not able. She lied to put

This correspondence is in response to your written communication dated 1/13/2021, regarding your claim of alleged inaccuracy or incompleteness in your California state summary criminal history record as maintained by the California Department of Justice (DOJ).

The DOJ is required, pursuant to California Penal Code section 11105(a)(2), to record specific arrest, disposition, and personal identification information when reported by a law enforcement agency or court of this state. Modification or deletion of this information can only occur at the direction of the contributing agency or by order of the court having jurisdiction over the criminal matter. As such, please be advised your claim of alleged inaccuracy or incompleteness is in process. Upon conclusion of the DOJ's findings, you will receive a written response.

If you have further questions or concerns regarding your record review, please direct your correspondence to the Record Review Section at the address provided above.

Sincerely,

Record Review and Challenge Program
Applicant Record and Certification Branch
Bureau of Criminal Information and Analysis

For

XAVIER BECERRA
Attorney General

41001



Jun/3/2021 10:47:12 PM                    CDCR 8316785507                                    1/1

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION            GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
SALINAS VALLEY STATE PRISON
P.O. BOX 1020
SOLEDAD, CA 93960
(831)678-5500 Ext. 6902
FAX # (831)678-5507



Date: 06/03/2021

State of California
Department of Justice
ATTN: California Sex Offender Registry
P.O Box 903387
Sacramento CA. 94203-3870

RE: REQUEST FOR PRIORITY ASSESSMENT ON OUT-OF-STATE, FEDERAL OR MILITARY SEX OFFENDER IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)

The California Department of Corrections and Rehabilitation (CDCR) is requesting the Department of Justice (DOJ) complete an assessment on the following subject in order to determine if subject is required to register as a sex offender in the State of California pursuant to Penal Code (PC) Section 290:

Subject's Full Name: DALKE, ~~JOHNSON~~ Joshua       CDCR # AE0507
DOB: 06/03/1977                                      Release date: Lifer
FBI # 858380VA9
CI&I # A24354930

Conviction Offense (not arrest): Sexual Misconduct
Year of Conviction: 05/11/1999
Jurisdiction of Conviction: Monroe, New York

Should Subject's release date change to a date earlier than what is reflected above, you will be notified via efax at (916) 731-2185. Please send your completed response to the Case Records Services Unit via email at: daicrsAdminassist@cdcr.ca.gov

*Inmate & Associate Warden inquirring about 290 registration*

BY: _Nuha Montoya 6/3/21_

•••••••••••••••••••••••••••••••• **DOJ USE ONLY** ••••••••••••••••••••••••••••••••

☐  Not required
☑  No longer Required
☐  Required
☐  Pending

Assessment by: _DAG KR_            Date: _6/8/2021_

B4

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

*CTC Unit C*

*INFL 12*

RE: Screening at the FIRST Level

*Friday, May 22, 2020*

*DALKE, AE0507*
*Z 001D1137001L*

LIVING CONDITIONS, , 05/20/2020
Log Number: CSPC-7-20-02940
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.6(b)(8). Your appeal involves multiple issues that do not derive from a
single event, or are not directly related and cannot be reasonably addressed in a single
response due to this fact. You may resubmit the unrelated issues separately using separate
appeals. Be advised that you are still subject to the submission of one non-emergency appeal
every 14 calendar days.*

*You cannot submit an appeal with multiple unrelated issues. You contend you are appealing
rejected appeals 20-2509, 20-1916, 20-2267 and 20-0921. You cannot appeal a rejection as it is
designed to allow you to fix the appeal you submitted. You continuously claim an
inappropriate R suffix however, the R suffix was not implemented by CDCR. Your R-suffix
was imposed by the courts as you are identified as a PC 290 registrant. That is a dispute with
the court it was implemented. You claim to make allegations against staff which is another
issue. You contend a write up also being a separate issue. You claim possible enemy concerns.
You can only contend 1 issue. If dissatisfied with the response, you can go through the appeals
process for review.*

☐ J. Ceballos, CCII Appeals Coordinator
☐ C. Brown, SCR LT
☑ L. Carrol, CCII Specialist

NOTE: If you are required to respond explain to this CDCR Form 695, use <u>only</u> the lines provided below.
*Rochester/Noirse multi-quoted me to Register as a Sex offender*
*Vegas in charges the fail to register the DA never showed*
*it case No caused in USA ever married Sex offender*
*I have the only case and its illegal ...*

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.

1    Plaintiff was assaulted by inmate Conchas because officer Cordona's told inmate Martinez,
2  Conchas snitched on Martinez's illegal phone, and Cordona told Conchas Plaintiff was a sex offender.
3  Nurse Lawrence did not write down Plaintiff's injuries. If Conchas would get battery on an inmate
4  and be in administrative segregation facing charges and possible referral to the district attorney. The
5  injuries were documented on Conchas the next day due to the change of a broken hand. The next day,
6  Plaintiff tried to get medical attention for pain and trouble breathing.

7    On January 16, 2020, the registered nurse saw the cuts on Plaintiff's head and thought his ribs
8  might be broken. Plaintiff was ordered to go to the TTA, where the doctor ordered x-rays, but did not
9  provide pain medication citing his allergies.

10    Officer Cordona asked Plaintiff to tell on drug dealers and illegal phones, but Plaintiff would
11  not do so. Inmates Conchas and Cruz told officer Cordona about illegal phones. The assault occurred
12  because Plaintiff was shown a kite and told by the head snitch to not expose their business.

13    Plaintiff contends "[t]he fact of retaliation in claim one of the hit the COs Algatar, Vera,
4  Fugate, Romos threw the unit by telling gang members I'm a child rapist sex offender that is clearly
   not true and illegal to expose."

16    Plaintiff was denied access to the law library and electronic filing to file an action regarding
17  the referral to the district attorney.

### III.

### DISCUSSION

#### A.    Deliberate Indifference to Safety

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at
hands of other prisoners because being violently assaulted in prison is simply not part of the penalty
criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 833-34
Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040
2005); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015). However, prison officials are
the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing
risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs
icial acted or failed to act despite his knowledge of a substantial risk of serious harm.

**ROB BONTA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-7351
Facsimile: (916) 324-5205
E-Mail: Jaime.Ganson@doj.ca.gov

July 19, 2022

Joshua Jason Dalke (AE0507)
California Health Care Facility - Stockton
7707 Austin Rd.
Stockton, CA 95215

RE:   *Dalke (AE0507) v. King et al.*
      <u>United States Court of Appeals for the Ninth Circuit, Case No. 22-15392</u>

Dear Mr. Dalke:

At the July 14, 2022 mediation conference, the parties settled this appeal for $5,000. I enclose the standard documents that must be completed for the settlement payment to be processed. Please carefully review, sign, and date each document as follows:

(1) **Settlement Agreement** - sign and date the last page, above your printed name;

(2) **Joint Motion for Voluntary Dismissal** - sign and date above your printed name; and

(3) **Payee Data Record** - write your social security number in section three, and sign and date section five, below your printed name.

Kindly return the completed documents to me in the enclosed envelope. Once I receive the signed Joint Motion for Voluntary Dismissal back from you, I will file it, serve you with a copy, and submit the documents to CDCR for processing.

Sincerely,

*/s/ Jaime M. Ganson*

JAIME M. GANSON
Deputy Attorney General

For      ROB BONTA
         Attorney General

JMG:dlk
Enclosures
SF2022400513/36363333.docx

STATE of California

**OIG** | OFFICE of the
INSPECTOR GENERAL

Roy W. Wesley, Inspector General
Bryan B. Beyer, Chief Deputy Inspector General

**Independent Prison Oversight**

Regional Offices

Sacramento
Bakersfield
Rancho Cucamonga

December 21, 2020

Joshua Dalke, AE0507
California State Prison - Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309

Dear Joshua Dalke,

The Office of the Inspector General (OIG) received your correspondence on July 2, 2020, where you expressed disagreement with your appeal regarding an R suffix. Based on our review of your complaint, we have determined that no further intervention is warranted by our office at this time. We apologize for the delay in responding to your correspondence. When conducting our reviews, we document and review the alleged activity, review applicable policies and procedures, and request additional documentation from the California Department of Corrections and Rehabilitation (CDCR), as needed. Our reviews may also require us to request an appeals tracking system report from CDCR to ensure that incarcerated persons have access to administrative remedies.

We also try to determine if you have attempted to resolve your complaint by completing the administrative remedies procedures with CDCR, such as filing a CDCR Form 602-1 Grievance or CDCR Form 1824 Request for Reasonable Accommodation with your institution's Office of Grievances. You should continue the administrative remedies procedures until you have received a final decision from the Office of Appeals at CDCR Headquarters after submitting a CDCR Form 602-2 Appeal of Grievance. *Did and in supplemental Complaint shows CO task to be filed — Habeas and never was Made to I will be a due to illegates + to impeded evidens as well but there in out on purpose Investigts that is on 602, & 1st Dec. that the inappropeit comments before being a same CO.* If you have received a response by the Office of Appeals at CDCR Headquarters and believe that CDCR failed to appropriately address your concerns, you have the right to appeal your disagreement in writing to the courts. The OIG is an independent State of California government agency established by law. Our responsibility is the independent oversight of California's youth and adult correctional agencies, including CDCR, the Board of Parole Hearings, and the Prison Industry Authority. As part of our statutory mandates, the OIG oversees the internal affairs investigations and employee disciplinary processes of the CDCR, monitors CDCR's use-of-force review process, and conducts reviews of the department's policies, practices, and procedures. The OIG does not provide legal advice or pursue legal actions on behalf of incarcerated persons.

Thank you for bringing your concerns to our attention.

INTAKE AND REVIEW UNIT
Office of the Inspector General

BR: 20-0034312-PI

*Take a look at this and coirect all thats wrong. As you stated if I tryed to coirect resolve. You are the ones that has the power to do what I cant or it would have been Coirected before this point. But ask yall See why and the misconduct isn't cool.*

Gavin Newsom Governor

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

CDT - APPEALS
MAR 24 '20 AM 7:

RE: Screening at the FIRST Level

*Friday, March 13, 2020*

*DALKE, AE0507*
*04AA3LC104300IL*

CUSTODY/CLASS., Suffix, 02/27/2020
Log Number: CSPC-5-20-01425
(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)

The enclosed documents are being returned to you for the following reasons:

*Be advised that your appeal has been forwarded to another CDCR unit for processing.*

*Your R suffix was imposed as a result of requiring to register as PC290 Registrant. The R was affixed in 2014 at CCI. You are beyond time to address this issue, however the appeal will be forwarded to CCI for further review.*

☐ J. Ceballos, CCII Appeals Coordinator
☐ C. Brown, SCR LT
☐ P. Williams, Correctional Counselor II (A) Specialist
☐ K. Field, AGPA
Appeals Coordinator
Corcoran State Prison

NOTE: If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.



E OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

Page 1 of 2

| STAFF USE ONLY | Appeal #: _____ | Date Received: _____ |
|---|---|---|
| | Date Due: _____ | |
| | Categories: _____ | |
| | Grievance #: _____ | |

Claimant Name: Joshua Jason Dahte    CDCR #: AE05CT

Current Housing/Parole Unit: C-5-231    Institution/Facility/Parole Region: Salinas

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY CDR

APR 1 1 2021

Claim #s: Illegal "R" suffix _____ *(illegible handwriting)* _____
_____
_____
This is the process to appeal the decision made regarding a claim that is not listed above.

Claim #: Suffix illegal

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

I am dissatisfied with the response I was given because In 2018 Tehachapi put Register Sex offender out of New York. *(remaining text illegible handwriting)*
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:
Yes I have both sets of Police reports *(remaining text illegible handwriting)*
_____
_____
_____
_____
_____
_____

**DISTRIBUTION**   Original: Claimant's File   Copies: DAI, DAPC, and Claimant
_____

ATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

)ARD OF PAROLE HEARINGS
O. BOX 4036
\CRAMENTO. CA 95812-4036



November 06, 2020


DALKE, JOSHUA #AE0507
D 003 1135001U
COR-03A


Dear Joshua Dalke:

On October 26, 2020, the Board of Parole Hearings (Board) received your letter objecting to the contents of your Comprehensive Risk Assessment (CRA), approved on October 21, 2020.

Due to the proximity of your parole suitability hearing on November 19, 2020, your objections are considered untimely and the Board is unable to respond to you. However, your objections letter has been forwarded directly to the panel for review and consideration. You will be able to discuss your challenges to the CRA with the commissioners at your parole suitability hearing on November 19, 2020.

Sincerely,

Brian J. Lutz
Staff Attorney

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

**BOARD OF PAROLE HEARINGS**
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



December 15, 2020

DALKE, JOSHUA #AE0507
D 003 1135001U
COR-S

Dear Joshua Dalke:

On October 26, 2020 and November 30, 2020, the Board of Parole Hearings (Board) received your letters objecting to the contents of your Comprehensive Risk Assessment (CRA), approved on October 21, 2020.

On December 15, 2020, the Board issued a Miscellaneous Decision (MD) regarding your CRA Objections. The Miscellaneous Decision is attached to this letter.

Sincerely,

Brian J. Lutz
Staff Attorney

Enclosure: Miscellaneous Decision (December 15, 2020)

Board of Parole Hearings                                                State of California
**MISCELLANEOUS DECISIONS**

SUBJECT

FACTS

On October 22, 2020 and November 21, 2020, JOSHUA DALKE (AE0507) wrote to the Board of Parole Hearings (Board) objecting to the contents of his Comprehensive Risk Assessment (CRA), approved on October 21, 2020. DALKE raised the following four objections to his CRA:

Objection 1: DALKE objected to the clinician's reference to alleged cocaine charges. DALKE alleges he "never had" cocaine charges.

Objection 2: DALKE objected to the clinician's reference to his 2008 arrest for "sex offender failure to register/notify change of address." DALKE alleges that he does "not have to register for the misdemeanor."

Objection 3: DALKE challenged the clinician's analysis that he represents a "high" risk for future violence and alleges that the clinician made that determination "out of spite."

Objection 4: DALKE challenged the clinician's statement that he is addicted to drugs.

Objection 5: DALKE attempted to explain a statement in the CRA concerning his "attempt murder on a cop at 12."

RECOMMENDATION(S)

For purposes of the Board's pre-hearing objection process, "factual error" is defined as an untrue circumstance or event. Under this process, factual errors do not include disagreements with clinical observations, opinions, or diagnoses.

Reliable source documentation was located in DALKE'S central file to substantiate the clinician's statements in Objections 1 and 2. Specifically, DALKE'S FBI RAP sheet indicates he was arrested in 2003 for third-degree felony cocaine possession in Florida; however, it was subsequently reduced to a misdemeanor. Additionally, according to DALKE'S FBI RAP sheet, he was arrested in 2008 for failure to register as a sex offender in Nevada. Therefore, Objections 1 and 2 do not constitute factual error and are overruled.

The Board determined Objections 3 and 4 constitute challenges to the clinician's observations, expert opinions, or diagnoses, which do not meet the definition of factual error under the Board's pre-hearing objection process. However, DALKE or his attorney remain free to raise these allegations with the hearing panel at DALKE'S next parole consideration hearing.

The Board determined Objection 5 constitutes an attempt to clarify a statement in the CRA. Attempts to clarify statements in the CRA or to provide additional information about statements in the CRA do not meet the definition of factual error under the Board's pre-hearing objection process. However, DALKE or his attorney remain free to raise their concerns regarding this objection with the hearing panel at DALKE'S next parole consideration hearing.

| STAFF (Name) | | TITLE | DATE |
|---|---|---|---|
| BRIAN LUTZ | *Brian J Lutz* | Staff Attorney | 12/15/2020 |

DECISION(S)

1. The October 21, 2020 CRA is valid. The hearing panel is encouraged to consider the CRA at DALKE'S next parole consideration hearing and give this document whatever weight the panel deems appropriate.

2.

3.

NAME                                        NUMBER



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

Re:  Grievance Claims Decision Response

**Offender Name:**  DALKE, JOSHUA                                          **Date:**   11/11/2020
**CDC#:**  AE0507
**Current Location:**  COR-Facility 03A                              **Current Area/Bed:** 03A003 2 - 211001L

.og #:  000000056261

**Claim #:  001**
**Institution/Parole Region of Origin:** RJ Donovan Correctional Facility          **Facility/Parole District of Origin:** RJD-Central Service
**Housing Area/Parole Unit of Origin:**
**Category:** Offender Case Records          **Sub-Category:**  Error in Sentencing Document

 The California Department of Corrections and Rehabilitation (CDCR) Office of Grievances at RJD-Central Service has received your claim.

 Your claim is being rejected by Office of Grievances for the reason(s) indicated below.

 Your claim is being rejected as you were last housed at RJD in 2015, which is beyond the 30 days to file a grievance.

 This serves as your response by the Office of Grievances. If you are dissatisfied with this response, you may appeal the rejection decision to CDCR's Office of Appeals.

 Do not resubmit this claim to the Office of Grievances at RJD-Central Service.

**Decision: Rejected**

(1.)  You did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you discovered the adverse policy decision, action, condition, or omission by the Department was 11/2/2020; the date you submitted this claim was 11/4/2020. You should have submitted your claim on or by 12/2/2020 to meet the 30 calendar day requirement set forth in the regulations.

I/m recieved 3-3-21 to M. Merrick

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | 56261 | | |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Dalke Joshua | CDC Number: AE0507 | Unit/Cell Number: 3A3246 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

① Parole psych eval wasn't correct and police reports aren't

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): Holz. Either Donovin
② when I 602 "R" took out rest of police reports were girl told
cops she lied of age and I found out and went to her dad and
I called the police and that's how no Registration Misdemenor

B. Action requested (If you need more space, use Section B of the CDCR 602-A): To give me legal
③ mail from Rochester were friends payed for police reports
and it's been months sense ordered and sent, So I can
have for Parole to show I'm not liar and Civil case

**Supporting Documents: Refer to CCR 3084.3.**
☑ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):
I have eval and so do you in Somis. In it she states
a different version then the actual police reports and I stated
the actual police reports that missing. I can get 911 call I did
☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _Josh Dalke_    Date Submitted: 11/2/20

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**    Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter) Date: ___
☐ Accepted at the First Level of Review.
Assigned to: ___ Title: ___ Date Assigned: ___ Date Due: ___
First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___ Interview Location: ___
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: ___ Title: ___ Signature: ___ Date completed: ___
Reviewer: ___ Title: ___ Signature: ___
Date received by AC: ___

AC Use Only
Date mailed/delivered to appellant ___ / ___ / ___

STATE OF CALIFORNIA
APPEAL OF ~~GRIEVANCE~~ Case 2:22-cv-01842-DAD-AC    Document 40    Filed 01/02/24    Page 56 of 72
CDCR 602-2 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| STAFF USE ONLY | Appeal #: _____ | Date Received: _____ |
|---|---|---|
| | Date Due: _____ | |
| | Categories: _____ | |
| | Grievance #: _____5 0 2 6 1_____ | |

Claimant Name: _____ CDCR #: _____

Current Housing/Parole Unit: _____ Institution/Facility/Parole Region: _____

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

Claim #s:
_Parole evaul Oct 20 2020 given to Inmate Dalte 2) Oct 2020, Filed 602._
_when seeinf the Risk assessment. Never before this date after "R" was placed until 2020 Dec_
_has any CCI or aggnt for CDC showed Dalte the police reports. And still th. never given a tort batt_
_And 11-5-20 was dat to reciet. Answered 11-11-20 and not given till 3-3-21 and Believen as said ans_
This is the process to appeal the decision made regarding a claim that is not listed above. _Dulents Correctenclcd illegal._

Claim #: _____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

I am dissatisfied with the response I was given because _First you'd notice Donvans stump of_
_Receipt isnt there and the 7 day answer to it was done by Corcoran illegal_
_and the months not answered shows also violations of not allowing inmate a_
_chance to argue any responce to a law a inapropreate one as given here_
_And there reason for this Shows conspiracy to commit a crime. Depende_
_on what transpired as in this case Assault Battery and Con_
_____
_____
_____
_____
_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:
_____
_____
_____
_____
_____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                    GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
PO Box 942883
Sacramento, CA 95811



August 17, 2023

Dalke, Joshua
CDCR # AE0507
California State Prison, Sacramento (SAC)


**Response to Offender's Correspondence**

The California Department of Corrections and Rehabilitation, Office of Appeals is in receipt of your correspondence.

Your correspondence is deemed as a request for service or assistance. All such requests should be directed to your local Office of Grievances. At this time no further action will be taken by this office.

If your request pertains to obtaining copies of previously filed documents, you may request an Olson review through your local Office of Grievances pursuant to Department Operations Manual, section 13030.16.

Thank you for contacting the Office of Appeals.


Correspondence Coordinator
Office of Appeals

Supporting the Log #000000 4026.11
but didn't get a answer to the
complaint. When am I becoming the
only white ADA worker for the whites with
the smuttng up about me and a underage
girl that your CO's change the records to
make out a hole evil I'm not over a false
murder on a San Bernardino Sheriff "murder" was
the Jan 4th 2009 report and followed through by
you who put on C-file and the false rape
was reviewed denied then re-interviewed
and lies to get the "R" Suffix on and despair
But all the CO2's telling you all the truth And
the cops up there saw how old she looked
and never charged me with Statutory rape.

**OFFICE OF APPEALS**
PO Box 942883
Sacramento, CA 95811



August 17, 2023

A5-225

Dalke, Joshua
CDCR #AE0507
California State Prison, Sacramento (SAC)

**Response to Offender's Correspondence**

The California Department of Corrections and Rehabilitation, Office of Appeals is in receipt of your attached correspondence.

Due to the amount of correspondence received and the extreme backlog in processing, the Office of Appeals will not take action with regards to the outdated correspondence. At this time, your original correspondence is being returned and this office will take no further action until additional correspondence is received.

If your inquiry remains, you may submit correspondence to the Office of Appeals' Correspondence Coordinator by regular mail to the California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 95811.

Thank you for contacting the Office of Appeals.


Correspondence Coordinator
Office of Appeals

RE: QRY CA02-021409
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:APPUSR

*********************************************************************
DNA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
UPLOADED INTO THE CAL-DNA DATA BANK. FOR INFO (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV.
*********************************************************************
** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE RECORD
CII/A24354930
DOB/19770603    SEX/M RAC/WHITE
HGT/511  WGT/175  EYE/BRO  HAI/BRO  POB/WA
NAM/001 DALKE,JOSHUA JASON
    002 DALKE,JOSHUA

FBI/858380VA9
SOC/464774249
INN/CDC-AE00507
SMT/TAT L ANKL-UNKNOWN              ; TAT NECK-UNKNOWN
* * * *

REGISTRATION:         NAM:002
20170919  CASD CORR LANCASTER

CNT:001     #AE0507
  290 PC-REGISTRATION OF SEX OFFENDER   *This in 14/4 was not done correctly by due process prosedural. DOJ*
                                         TOC:N  *for list of document transcripts to court DAs*
******************************************************        *option Never got one. R's*
**                                                        ** *Placed but not by petition*
**  FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO  ** *Name cut, pushed to had*
**  THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR)            ** *by max - inquiry. It's was*
**                                                          ** *put to them from Reject*
******************************************************        *R' CSR Hunter in California*
* * * *

ARR/DET/CITE:        NAM:001  DOB:19770603
20030128  CAPD SAN FRANCISCO

CNT:001     #2091612
  647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG    TOC:M
20030130
  DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
    SCN:99530280112
* * * *

ARR/DET/CITE:        NAM:002  DOB:19770603      *This is transfered day from Nevada. Booked in*
20090109  CASO SAN BERNARDINO                   *Barstow then later that night West Valley Ranchc*
                                                *Cucamonga. That attempt escape in Pahrump support*
CNT:001     #0901080094-361271974               A-Hampt  TOC:F plea told to Dalke by Sheriff. I called DA in
  187(A) PC-MURDER:SEC DEG ON PEACE OFFICER      *San Bernadino. Asked. A I drop those evasion*
    ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,89048)  *Which you were get by Probation and also drop*
    COM: PHOTO AVAILABLE                         *the attempt escape plot. To hang you. They*
    SCN:998C0090349                              *said yes. Don't fight extradiction to give you*
- - - -                                          *So on Jan 9th 2009 Booked on Attempt*
COURT:               NAM:001                     *Murder charges.*
20100701  CASC MCBARSTOW

CNT:001     #FBA800768
  664/187(A) PC-ATTEMPTED MURDER
   -GREAT BOD INJ                                 TOC:F
 *DISPO:CONVICTED

                  Page 1 of 2

SEN: LIFE PRISON, CONCURRENT

CNT:002
  182(A)(1) PC-CONSPIRACY:COMMIT CRIME            TOC:F
*DISPO:CONVICTED
  CONV STATUS:FELONY
  SEN: 600 MONTHS PRISON, CONSECUTIVE

CNT:003
  245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY   TOC:F
  -GREAT BOD INJ
*DISPO:CONVICTED
  CONV STATUS:FELONY
  SEN: 048 MONTHS PRISON STAYED

 DISPO:CONVICTION CERT BY CLERK OF THE COURT
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
  DCN:P1037002001036000361
* * * *

CUSTODY:CDC          NAM:002
20100811  CASD CORR TEHACHAPI

CNT:001     #AE0507
  -664 PC-ATT TO COMMIT CRIME
  187(A) PC-MURDER:FIRST DEGREE                   TOC:F
  -12022.7(A) PC-GBI:GREAT BODILY INJURY
  SEN FROM: SAN BERNARDINO CO
  CRT CASE #FBA800768

CNT:002
  245(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY   TOC:F
  -12022.7(A) PC-GBI:GREAT BODILY INJURY
  SEN: 999 LIFE PLUS PRISON
  COM: PHOTO AVAILABLE
  SCN:931D2350004
* * * *

ARR/DET/CITE:          NAM:001  DOB:19770603
20120531  CASO SAN BERNARDINO

CNT:001     #1205343701-361271974
  -664 PC-ATT TO COMMIT CRIME
  -WARRANT
  187(A) PC-MURDER                                TOC:F
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
  WARRANT  #FBA800768
  COM: PHOTO AVAILABLE
  SCN:998F1520175
    *    *    *    END OF MESSAGE    *    *    *

Dear Reader

REC BY OOA

AUG 0 4 2021

Look Log # 122761 was denied but I sent it to DOJ with CCI Lewis Denied 2011 and DOJ list request in those documents and how Donavan supost to get never did and The phone call never happen and dont make legal standing. And DOJ contacted Your prison in Soledad, Salinas June 8th after I contacted in Nov Dec Jan responses were made and I Showed evidence of no registration and They ordered you to take off no longer required.

But Notice the police report I paid for twice once in Corcoran And they kept mail never gave me and second way here, Salinas did give. And Now the point here is 2014 the illegal applied "R" with change of case factors that made me look as a child under 17 Sexual assault rape and the girl called cops after changing her mind.

The person who called the second time was me, on May 11 1999. Due to She lied of age and her mom called lieing of Rape and the cops put Rape as charge had said sex conseual and Dad he coroporated and then called police Himself in. So my point is I need the 602 and commitee comments corrected Accepted and if Not I'll take to Court Civil action or

Combined the case with the Corcoran Eastern District case to show there's a connection of a hit planed. Oh I dd show the court not a jury yet. We will show this disrepect and out of all the 602's this shows lack of action on the real relief needed and Your dening with out giving a care of my Safty or the truth and only protecting Your staff's wrong so they dont have to own up to there wrongs that they did on purpose. This isnt a mistake and couldn't be a accceate. I've told you for years And you treat me bad.

She added escape on Record so no lifer visits. She added 26's points stating done wrong. She put wrong way case was on purpose due to the escape had Kill a cop in plan she said. The 602 in 2014 wasnt heard at all and the real escape plan wasnt a eye opener it was look past and "A" applied illegal. And as said in 2011 Calipatria DOJ gave a list be fore can make this devision. And no list and this is were documents present disapeared now I'm telling you to help fix the way the commitee paper is writin So not to make out I'm a past register Sex offender because I'm not

This little thing I'm asking plus liter visits
back. Sense "RV" off and No escape happen at
all. And sense the illegal Way the "R" was
applied and lie made of case to get me
hurt and put up to level 4 and to
Corcoran or Salt7 180, cause of family
close to SanBerdino which isn't true
also a lie. I was visiting California one
week when caught a case and my lhildo
ex parole agent in Sacramento lives up
there. John Dalke.

    Now If you cant help heres what I
have to do is report this to employment
agences that monitors professionalisim
treatment by staff and sue this office
for all my 602s have been needing relief
and by law were sound but you choose
to make us bring it to court. But your
not doing me this way anymore. This response
in this 602 was a lie and I have evidence in
your own documents to prove illegal and my
knowledge of Judge in Las Vegas who told me your
not having to Register in Western region do to
Arrest for fail to register within 48 hours
When a lady called when she read case out of 1999
and told the cops He hooked up neighbors suna and
I asked him his name and when found case thought you

should know.
Im suing for 2 million because.
No arrest Las Vegas police made
me register in 2008 and I told
them Im suing. The ignorance
the south shows is much disrespectful
and out of line. Especially my case
but my fault and Im not talken it
as it is do to your treatment or
Co workers. You fix Im cool
You dont Dont get mad or
retaliate as your CO$^s$ do and
Im asking nicely. Im tired
of the lies and wrong doing tune
by staff, CO$^s$

Sincerly Joshua
Petke

PS
Im getting copies
of 602 to resend back to DOJ
to get them to order your comp.honic
and you'll see what Im telling you
whoa I show your

OOA RECEIVED

AUG 1 1 2023

8·4·23

Chief,
    Dalke here. AEOSO7 CDC#.
I need copies of all my 602's
ever and seperate ones that are
completely finished for case #
2:22-cv-01842-DAD-AC.
    I tried to get this resoved in
house and you disregarded my 602's
So now I'm bringing suite to
trial if settlement isnt helpful
So please give me what I need
for case. Oh I'll ask Judge to
Read this letter and show you disregard
what is needed to punish with out
legal reasons. Thanks
                          Sincerly
                              Joshua
                              Dalke
                              AEOSO7

OOA Review
Imminent Risk
OOG Notification  Y
Initials:          Date: 8/11



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** DALKE, JOSHUA

**CDC#:** AE0507

**Current Location:** SAC-Facility A

**Date:** 06/16/2023

**Current Area/Bed:** A  003 1 - 009001L

**Log #:** 000000402611

**Claim #:  001**

**Received at Institution/Parole Region:**    California State Prison, Sacramento

**Submitted to Facility/Parole District:**    SAC-Facility A

**Housing Area/Parole Unit:**

**Category:**    Offender Activities                **Sub-Category:**    Other Activity - NOS

### I. CLAIM

Claimant DALKE is grieving the inmate personnel being assigned to the ADA, PIA and MAC Committee positions on A Facility. DALKE contends the positions are held by Blacks and "Gays" only, leaving the Whites and Mexicans to not have an equal right to run for one of the positions. DALKE is requesting for the Whites and Mexicans to be afforded an equal rights to an ADA, PIA, and MAC Committee positions.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR Section 3481. Claimants Ability to Grieve and Appeal
DOM 53130.9 Assignments
DOM 51121.4 CALPIA Inmate Worker Hiring Requirements
DOM 53120.4 Inmate Advisory Committees Representation
Title 15 section 3230. Establishment of Inmate Advisory Councils.

#### B. DOCUMENTS CONSIDERED

Grievance Log # 402611
Inmate Population Tracking- Daily Population census
Assignment roster for Facility A CSFM Facilities Maintenance A
Assignment roster for Facility A Assigned ADA workers
Assignment roster for Facility A PLANT OPERATIONS

### III. REASONING AND DECISION

OOG reviewed the appellant's grievance and all documents associated with the grievance. OOG conducted an interview with DALKE regarding his concerns. DALKE reiterated his statements used in his grievance and provided no additional pertinent information.

Per DOM 53130.9 Assignments, states in part:
"Inmates shall be assigned to appropriate work/academic/vocational programs by classification committee action. Ethnic balances shall be considered when making assignments."

Per DOM 51121.4 CALPIA Inmate Worker Hiring Requirements, states in part:

"CALPIA shall fill vacant job/training positions based on the following factors:
Ethnic Balance - Parity should be maintained with the institution's yard
ethnic breakdown."

A review of the Inmate Population Tracking- Daily Population census for June 14, 2023, Facility A has a population consisting of White: 19.96% Black: 41.36% Hispanic/Mexican: 33.59%.
A review of the Assignment roster for Facility A CSFM Facilities Maintenance A revealed a census consisting of White: 27% Black: 55% Hispanic/Mexican: 18%, with 2 vacant positions.
A review of the Assignment roster for Facility A Assigned ADA workers revealed a census consisting of White: 0% Black: 30% Hispanic/Mexican: 60% American Indian: 10%.
A review of the Assignment roster for Facility A PLANT OPERATIONS revealed a census consisting of White: 100% Black: 0% Hispanic/Mexican: 0%.
A review of all the assignment rosters for Facility A CSFM Facilities Maintenance A, Facility A Assigned ADA workers and Facility A PLANT OPERATIONS revealed a census consisting of White: 25% Black: 37.5% Hispanic/Mexican: 33.34%, which is consistent with the Daily Population census for Facility A.

Per DOM 53120.4 Inmate Advisory Committees Representation, states in part:
"IAC representation shall be provided for all ethnic segments of the general inmate population and of inmates within a designated representation area or activity. This shall be accomplished through the election of all IAC representatives by the entire inmate population or by only those inmates of each ethnic segment of the population."

Title 15 section 3230. Establishment of Inmate Advisory Councils, states in part:
"(c) Only inmates shall nominate and elect inmate advisory council representatives."

OOG interviewed the IAC Chairman and the IAC ADA representative on June 14, 2023. They stated that the inmates on A Facility are all afforded an equal opportunity to vote on building IAC representatives and that when a position becomes available, signup sheets are posted in the building where the vacancy is at.
The EOP inmate population participated in a vote for IAC building representatives in Facility A Buildings 3, 6 and 7. The vote took place in March 2023 in which all inmates were allowed to vote on their buildings IAC representatives.

A thorough review of the allegation presented has been conducted, and all submitted documents have been considered and evaluated in accordance with CDCR departmental policies. Therefore, based on the departmental policy this claim has been denied.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Scotland [SCAN008] | Reviewing Authority | 06/15/2023 |

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)                                                                                        Page 1 of 2

| STAFF USE ONLY | OGT Log No:        000000402611        Date Received: _____ |
| | **Decision Due Date:** _____ |
| | **Categories:** _____ |

**Claimant Name:** _____ DALKE, JOSHUA _____        **CDCR #:**        AE0507 _____

**Institution/Parole Region:** _____ **Current Housing/Parole Unit:** _____

---

**STAFF USE ONLY**

---

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _____ 000000402611 _____        **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ Looking at all blocks ADA workers and none are White. Or Mexican. And thats a fact. SGT Lamb and a Leutenant hire ADA workers on this yard A Captain on our yard gives the blacks the jobs because they hunger strike two days and we: that need to help people that dont trust the other races in there cell needs he who pays all my bills dont steal and dont lie to get out of anything. So I want this ADA Position And no one told me theres a sign up Sheet in the building for the ADA. Or I would have signed up. Do you think you can hear me out on this. The census didnt tell how every block ADA worker are Black pretty much. And 100% when equal balance They should all jobs A.S.A.P.

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811
>
> **IMPORTANT:**
> The Office of Appeals will consider all of the supporting documentation you previously submitted to the
> Office of Grievances when reviewing your appeal, but will not consider any new documentation.
> Therefore, it is recommended you not attach any documentation to this form.
> Furthermore, any documentation you attach to this form will not be returned to you.

**Claimant Signature:** Joshua V. Dalke        **Date Signed:** _____

ADA Accessible

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**OGT Log No:** _____000000402611_____    **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*ADA Accessible*



STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION    GAVIN NEWSOM, GOVERNOR

**OFFICE OF APPEALS**
PO Box 942883
Sacramento, CA 95811

November 13, 2023

Dalke, Joshua
CDCR #AE0507
California State Prison, Sacramento (SAC)

## Response to Offender's Correspondence

The California Department of Corrections and Rehabilitation, Office of Appeals is in receipt of your enclosed correspondence.

Due to the amount of correspondence received and the extreme backlog in processing, the Office of Appeals will not take action with regards to the outdated correspondence. At this time, your correspondence is being returned and this office will take no further action until additional correspondence is received.

If your inquiry remains, you may submit correspondence to the Office of Appeals' Correspondence Coordinator by regular mail to the California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 95811.

Thank you for contacting the Office of Appeals.


Correspondence Coordinator
Office of Appeals

**REC BY OOA**

Dear Appeals

APR 2 0 2022

Hello how are you all. I'm Joshua Dalke
CDC# HE0507,

And I sent a 602 appeal to you threw
Salinas State prison, A-12 section JC2
building.

It contained defendants P Cordana,
J ALGANTAR, J Fugate N. Vera, P Ramos Jr,
describing there acts against me in ASU
4 of them P Cordana, was 3B3, Yard
well P Cordana told on a snitch after
I quit due to him asking me to tell on
phone owners and drug dealers. And when
this snitch jumped me for telling he the
snman CO. told on him, I faved out in ASU, CO
Cordana told I m a sex offender. Which made
sense due to I only warned dude of what
the CO did. And he and two face off while he
hit me from behind.

And CO N Vera J Fugate J Algantar, P Ramos Jr
all told inmates I m a Rapist.

This change of case police reports was
done by Hyman Counselor in 2014 where she
called DOJ but did nt send the documents
to DOJ To take a look. Due to I m not
a Registered Sex offender. And she lied.