Joshua Dalke
Name and Prisoner/Booking Number
CSP California State Prison
Place of Confinement
PO BOX 290066
Mailing Address
Represa CA 95671
City, State, Zip Code

**FILED**

AUG 13 2024

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Joshua Dalke
(Full Name of Plaintiff)                      Plaintiff,

v.

(1) Human Correctional Officers
(Full Name of Defendant)
(2) California Correction Sac Head,

(3) _____,

(4) _____,
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** __2:22-cv-1842 DAD AC (PC)__
(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☐ Original Complaint
☐ First Amended Complaint

☐ Second Amended Complaint
3rd Amended

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

    ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

## B. DEFENDANTS

1. Name of first Defendant: *Hyman CCI Donavan* . The first Defendant is employed as:
_____ at _____.
<div align="center">(Position and Title)                                             (Institution)</div>

2. Name of second Defendant: *Head Quarters Sac.* . The second Defendant is employed as:
*Director of Corrections Appeals.* at *Sacramento Head quarters.*
<div align="center">(Position and Title)                                             (Institution)</div>

3. Name of third Defendant: _____ . The third Defendant is employed as:
_____ at _____.
<div align="center">(Position and Title)                                             (Institution)</div>

4. Name of fourth Defendant: _____ . The fourth Defendant is employed as:
_____ at _____.
<div align="center">(Position and Title)                                             (Institution)</div>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☑ Yes        ☐ No

2. If yes, how many lawsuits have you filed? *3* . Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: *Dr Oh* v. *Dalke*
   2. Court and case number: *Dont have any more* .
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____

b. Second prior lawsuit:
   1. Parties: *Dalke* v. *Corcoran P&ardora.*
   2. Court and case number: *222 cv*
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____

c. Third prior lawsuit:
   1. Parties: *01842* v. _____
   2. Court and case number: _____ .
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
   _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: _8th 14th_

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property      ☐ Exercise of religion     ☒ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the **FACTS** supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_False Muider on San Bernardino Sheriff 2nd degree Place to Department of Justice Jan 9th 2009 Cause California Corrections Correctional officers to take their tools of the Job to violate my rights, saffy and all the rights it caused putting a False rape on C-file after the first two prisons demed their urint require "R" due to the Police reports stating sex was consensual. Dalke 802 in 2014 CO Hyman illegal "R" 26 extra points and Transfer destcnation was out of Retaliation Also from CO Hymans own words she said Escape Des 5 2008 by force and Violence She had not heard me Jan 9th 2009 it as Dismissed But the snitch har Sheriffs told Dalke was a sex offender and Donald Mc Fadden set up escape plan And wrote a Kite. Hyman said She used to be LAPD and 802 this "R" 26 points Colcoron life visits Tooking, Rape under age girl the girl called back the cops. I 802 May 2014 Never un Sloged. And Jan 2 2015 Dalke got a escape write up, sense than CO were ever Dalke Gos in the prison System tell gangs on the "R" Dalkes got into many fights case for knife out of correcting self Parole Risk Assessment came showed the False murder on sheriff False Rape and Dalke contacted DOJ and got False Murder and False PC290 off Owd Parole denied 10 years If Retaliation never happen Dalke programs would have stayed out of trouble got board,_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   _I got into 6 or more fights_

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?       ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _8th JC_

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

602 and Civil case has put CO's I cant tell which to tell inmates
I'm a child rapist abd it's got me into Fights and poisoned
by cellmate who confessed He was a 2.5 gang member and CO's got to
find out what my lawsuite and he told me they said it was a
group of guys that were having sex with this girl and made
out a lie he were I started having to go to the Dr and come to find
out Stomach infection and they couldn't find out what from
He told me CO's have inmates kill for them and he wouldn't do
that for them but was asked. I 602 the stomach problems
I 602 the CO's in the hole telling inmates the girl's age. I'm
having to get out of California prison system for good reasons. One I
did my time for my crime and second My life is in danger by CO's useing
liters to kill inmates that show their corrupt gang members with
a hadge useing violence tactics to avoid being caught. And its a
violation of 8th And their retaliation when I file my due process 14th
Avenue and they use violence to resolve is the reason I'm bring suit to be
Safe by getting a court to hear evidence and See the injustice. They set me up to
4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). stop Junger with write up.
I had got jumped one ear small. Loss 25 pounds where stomach infectian.
And all the fights and sprayed shot with the block gun. And the 10 years
to be infear do to parole was denied

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

Claim 3,

State Federal rights violations. Denied
Freedom from cruel and unusual punishment.

Statement of facts.

The "R" and not being loged due to more corruption
in 2014 Donavan Dalke got escape wrote up and
asked for DA referral so the illegal acts would
get taken off and the fix troubles.
And Sacremento Headquarters gets told of escape and they
demanded to DA Referral. The fights cause inmates
victimize me to show off infront Officers
that made out I'm the aggressor. And I
was First Assaulted and then inmates would say
your a sex offender. Then I got set up to level 4 and
had to show I'm not going to let people hurt me with
out protecting myself.
This isnt a requirement by the sentence I wasnt told
the corrections lie on you in order for you to get into
fights; takings and other dissline. To hold against
you at Board. Notice I seen the false Murder and lies on the
case with the girl lied and her parents didnt press
charges DA did but not Registration. But if I cant
break the law and get away with it then why can they
and I suffer. Sacremento seen I've been telling for
2015 that the R wasnt correct. 2012 "R" denied. And they
never attempted to answer CDC correctly. So this is my Request
To get parole. Minus "R" 26 points Dalke programs and would
got parole and They wouldnt denied 10 years.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Sense the 26 extra points "R" suffix and false escape was placed when I had 55 points I want down to level two, I didnt have any write ups that if the CO's didnt tell I'm a rapist I dont fight or did drugs. Drop all those 115s and show Parole Board the illegal things When Parole is reheard, And I want Some Money Damage Compensatory damages, Punitive Damages Nominal All decided individual Capacity 50,000, 50,000

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   7 21 24

DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

.

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:    (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

This case was dismissed January 9th 2009 Day of
# tradiction and Day False Murder 2 degree on Peace Officer
Next Exhibit.

Jan 20 2012 11:01AM   NYE CO SHERIFF                    7754809196          P.1

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, Governor

DIVISION OF ADULT INSTITUTIONS
Calipatria State Prison
P.O. Box 5001
Calipatria, CA 92233

JANUARY 4, 2012

*(handwritten: False escape / Donald Mc faddey had / W/ Glumes Tell on? / go free law in NV / He lied to get out)*

NYE COUNTY SHERIFF'S DEPARTMENT
101 RADAR ROAD
TONOPAH, NV 89049

NAME: _____ DALKE, JOSHUA          CDC#: AE0507

ARREST NAME: DALKE, JOSHUA JASON      DOB     06-03-77 / 06-06-77

ARREST DATE: 12/04/2003               CII#:   A24354030

BKA/ARR/CASE#                         FBI#:   858030VA9

CHARGES: ATTEMPTED ESCAPE WITH DEADLY WEAPON

PAROLE DATE: MEPD 08/24/2058

Please supply us with the following information marked below. Your prompt attention will help us in
making decisions on this individual's transfer and custody requirements as well as ensure our records
accurately reflect all state and local commitments.

☒ Case Disposition

☐ Arrest Report

☐ Check Warrant Status

Please return a copy of this letter with your reply. Your attention to this matter is appreciated. If you
have any questions do not hesitate to contact us at (760) 348-7000, ext. 5148 or Fax (760) 348-7127

HATFIELD for
V. Myers
Correctional Case Records Manager

*(handwritten: Dismissed so I could no ext. adhelist / Shows in the date Jan 9 2009 California / Los dedies CC)*

☒  The above referred to matter is pending or under prosecution under case # 06-3869
    For additional information contact: Pahrump Justice Court (775) 751-7050
    *(handwritten line)* The above referred to matter was prosecuted under case #.

☐  DISPOSITION ON THIS CASE:

☐  *(signature)* Nye County Sheriff     01/20/2012
    Signature/Title and Agency              Date

Your Honor this dismiss escaped charge in discovery if this
case is excepted will be shown couldn't be held to punish me
taking away my rights was another showing of abuse of power
and Retaliation which is the grounds to bring this suit. Dalke
first was false accussed by officer In a case out of NY
Were the Cops got mad dalke refused to work for them So
on a girl lieing of age Dalke found out Girls mam claim rape
Dalke found out Girl lied of age and Dalke Called Cops.
When Dalke got no Registration Misdemenor and on top
refused to work for Police Police put false reports.
And corrupt cops accross the country punish Dalke
for retaliation for this situation As you see in this
~~Case Hyman was LAPD and said I was excused~~
of tring to Kill a cop to escape. Detectives didnt
have a case due to the 14 felones the person
who made up escape in first place lied to
get out of 14 Felonies Deputies told inmate
Dalke has sex poor case. Inmate set up escape
Do to this situation Dalke has been victimized
by both Deputies and Directions Over abuse
of discression. Lies told to hurt Dalke out
of pure hate. And these people have power over
humans lives doing this concerns Dalke
Now sense he has to show Because this caused
a chain reaction. Corrections told the inmates at
over many prisons Lies told by Hyman due to
Retaliation. And Dalkes only asking for what
problems caused 115 fights and escapes point Release

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____|_____ pages.

JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

False 187 (A) PC-Murder "Sec Deg on Peace Officer
Dated the day Dalke was Extra dicted from Pa hrump
Which previous charge dismissed Attempt Escape with force and
Violence. This is why Dalkes C-file had things placed not true Rope
to get Dalke Killed in Retaliation. Instead 16 more years inprison
Due to the COs telling inmates D. Hos c huld rapist that got Dalke
into Fights. Attempt escapes out of fear for safty.

RE: QHYXCA0345400V.2435459:APPUSR.    DATE:20201229 TIME:07:18:00

RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:APPUSR

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
DNA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
UPLOADED INTO THE CAL-DNA DATA BANK. FCR INFO (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV.
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
PALM.PRINT@DOJ.CA.GOV
** III MULTIPLE SOURCE RECORD
CII/A24354930
DOB/19770603    SEX/M RAC/WHITE
HGT/511  WGT/175  EYE/BRO  HAI/BRO  POB/WA
NAM/001 DALKE,JOSHUA JASON
    002 DALKE,JOSHUA

FBI/858380VA9
SOC/464774249
INM/CDC-AE00507
SMT/TAT L ANKL-UNKNOWN                ; TAT NECK-UNKNOWN
* * * *

REGISTRATION:        NAM:002
20170919  CASD CORR LANCASTER

CNT:001    #AE0507
  290 PC-REGISTRATION OF SEX OFFENDER                    TOC:N
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
**
**    FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO
**    THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR)
**
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
* * * *

ARR/DET/CITE:        NAM:001  DOB:19770603
20030128  CAPD SAN FRANCISCO

CNT:001    #2091612
  647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG      TOC:M
20030130
  DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
  SCN:99530280112
* * * *

ARR/DET/CITE:        NAM:002  DOB:19770603
20090109  CASO SAN BERNARDINO

CNT:001    #0901080094-361271974
  187(A) PC-MURDER:SEC DEG ON PEACE OFFICER
  ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,89048
  COM: PHOTO AVAILABLE
  SCN:998C0090349
  - - -
COURT:        NAM:001
20100701  CASC MCBARSTOW

CNT:001    #FBA800768
  664/187(A) PC-ATTEMPTED MURDER
    -GREAT BOD INJ
  *DISPO:CONVICTED



**CDCR #:AE-0507**          **NAME:**DALKE          **HOUSING:** D5-244 U          CDCR-128G
**PS: 53 LEVEL:** IV         **MEPD:** 8/24/2058       **CUSTODY:** CLO-A
**WG/PG:** A2-B **EFF:**11/11/11    **NEXT CLASS:**8/12    **ASSIGNMENT:**U/A

ACTION: INITIAL REVIEW: **RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A
CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND
BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED
WITH SNY INMATES ONLY.**

Inmate Dalke made a personal appearance before Facility "D", UCC for the purpose of an Initial Review.
Inmate's DDP code is NCF per 128-C2 dated 8/11/10. Inmate Reading GPL is 12.9. Inmate claimed
completion of the 12th grade. A CSRA score of LOW (1) is noted, no Compas Assessment required. **(NT)**
Inmate Dalke is a 34-year-old (DOB 6/3/1977), **White**, 2nd termer committed from San Bernardino County
for the offense of PC 187 Attempted Murder in the 2nd (Attempted Murder of a Peace Officer) for a total term
of 50 Years to Life. Inmate was received in CDCR on 8/11/10 and transferred to CAL-IV (SNY) on 10/28/11
from CCI-RC as a non-adverse transfer. It is noted last Legal County of residence was San Bernardino
County. Prior arrest history includes charges of Disorderly Conduct, Under the Influence of Drugs,
Possession of Marijuana (X8), Grand Theft in the 3rd Degree, Vehicle Theft (X4), Threatening a Public
Servant (X5), Failure to Appear, Attempted Escape with a Deadly Weapon, Conspiracy to Commit a Crime
(X5) and Sexual Misconduct (X6). Inmate is medically classified as Full Duty. TB Alert Code is 22 per
CDCR 128-C dated 4/18/11. Confidential file is clear. CDCR 812 indicates enemies. Disciplinary history is
clear of RVRs. There is no history of arson or kidnapping noted. A sex-related offense is noted on the
inmates C.L.E.T.S report from the state of New York dated on 5/10/99, inmate was arrested for Rape in the
3rd degree Escape is noted on 12/4/08 from Nye Nevada as an Attempted Escape with the use of a Deadly
Weapon. It is noted that inmate Dalke is a Registered Sex Offender in the state of New York The police
reports have been order from New York and Nevada to review for the Sex offense and Escape. There are
no holds/detainers noted. Inmate is not a FBN. Restitution has not been ordered by the court in the amount
of $10,146.13. After a review of all case factors, Committee elects to **RELEASE TO FACILTY D "SNY".
RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE
ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP
ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY.** Inmate is not eligible to earn
work credits per PC 3057. PC 2930 and 2933 has been explained. Inmate meets 270-design criteria.
Inmate is not eligible for MSF, CCRC, MCCF, CCF or Camp due to LIF, VIO and P/S. Inmate is not a
participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet initial MDO screening criteria.
Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted
and Inmate is approved for double cell housing with SNY inmate only. Inmate has stated he has no problem
with his current cell partner. CDCR 840, 812, 127, 1882 and Minimum Custody Screening forms are
current. Inmate was an active participant in this Committee and indicated he understood all the actions
taken. Inmate was advised of his right to appeal and that this Committee acts as his first level of appeal and
This Chrono will serve to inform Inmate of this Committee's actions, his right to appeal and that this
Committee will act as his first level of appeal. Inmate's next DOC BPT Hearing is scheduled for 8/2014
Committee is aware that a case–by–case violence review is not required due to Inmate's instant offense,
which is an automatic exclusion from MSF. His next Annual Review is scheduled for 8/12. (TA/ta)

| | | **REVIEWED**<br>**OBIS** |
|---|---|---|
| M. McNair, FC          Chairperson | T. Adams, CCI | Recorder |

Committee Members: M. McNair, FC; J. Devenberg, CCII; T. Adams, CCI
Cc: CCI, Inmate and Central File
Date:11/15/11      INITIAL CLASSIFICATION COMMITTEE      INST:CAL IV



# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ___6___ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



| | | | |
|---|---|---|---|
| CDCR #:AE-0507 | NAME:DALKE | HOUSING: D5-244 U | CDCR-128G |
| PS: 53 LEVEL: IV | MEPD: 8/24/2058 | CUSTODY: CLO-A | |
| WG/PG: A2-B EFF:11/11/11 | NEXT CLASS:8/12 | ASSIGNMENT:U/A | |

ACTION INITIAL REVIEW: **RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY.**

Inmate Dalke made a personal appearance before Facility "D", UCC for the purpose of an Initial Review. Inmate's DDP code is NCF per 128-C2 dated 8/11/10 Inmate Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA score of LOW (1) is noted, no Compas Assessment required. **(NT)** Inmate Dalke is a 34-year-old (DOB 6/3/1977), **White**, 2nd termer committed from San Bernardino County for the offense of PC 187 Attempted Murder in the 2nd (Attempted Murder of a Peace Officer) for a total term of 50 Years to Life. Inmate was received in CDCR on 8/11/10 and transferred to CAL-IV (SNY) on 10/28/11 from CCI-RC as a non-adverse transfer. It is noted last Legal County of residence was San Bernardino County. Prior arrest history includes charges of Disorderly Conduct, Under the Influence of Drugs, Possession of Marijuana (X8), Grand Theft in the 3rd Degree, Vehicle Theft (X4), Threatening a Public Servant (X5), Failure to Appear, Attempted Escape with a Deadly Weapon, Conspiracy to Commit a Crime (X5) and Sexual Misconduct (X6). Inmate is medically classified as Full Duty. TB Alert Code is 22 per CDCR 128-C dated 4/18/11. Confidential file is clear. CDCR 812 indicates enemies. Disciplinary history is clear of RVRs. There is no history of arson or kidnapping noted. A sex-related offense is noted on the inmates C.L.E.T.S report from the state of New York dated on 5/10/99, inmate was arrested for Rape in the 3rd degree Escape is noted on 12/4/08 from Nye Nevada as an Attempted Escape with the use of a Deadly Weapon. It is noted that inmate Dalke is a Registered Sex Offender in the state of New York. The police reports have been order from New York and Nevada to review for the Sex offense and Escape There are no holds/detainers noted. Inmate is not a FBN. Restitution has not been ordered by the court in the amount of $10,146.13. After a review of all case factors, Committee elects to **RELEASE TO FACILTY D "SNY". RETAIN P/S AT 53. ESTABLISH CLO-A CUSTODY AND WG/PG A2-B EFFECTIVE 11/11/11. PLACE ON SUPPORT SERVICES, TUTOR AND BARBER WAITING LIST. NO MHSDS, MDO, DPP OR DDP ISSUE NOTED. DOUBLE-CELL CLEARED WITH SNY INMATES ONLY**. Inmate is not eligible to earn work credits per PC 3057. PC 2930 and 2933 has been explained. Inmate meets 270-design criteria Inmate is not eligible for MSF, CCRC, MCCF, CCF or Camp due to LIF, VIO and P/S. Inmate is not a participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet initial MDO screening criteria. Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with SNY inmate only. Inmate has stated he has no problem with his current cell partner. CDCR 840, 812, 127, 1882 and Minimum Custody Screening forms are current. Inmate was an active participant in this Committee and indicated he understood all the actions taken. Inmate was advised of his right to appeal and that this Committee acts as his first level of appeal and This Chrono will serve to inform Inmate of this Committee's actions, his right to appeal and that this Committee will act as his first level of appeal. Inmate's next DOC BPT Hearing is scheduled for 8/2014 Committee is aware that a case–by–case violence review is not required due to Inmate's instant offense, which is an automatic exclusion from MSF. His next Annual Review is scheduled for 8/12. (TA/ta)

REVIEWED OBIS

M. McNair, FC Chairperson — T. Adams, CCI — Recorder

Committee Members M McNair, FC, J Devenberg, CCII, T Adams CCI
Cc CCI, Inmate and Central File
Date 11/15/11 INITIAL CLASSIFICATION COMMITTEE INST CAL IV

| | | |
|---|---|---|
| CDCR #: AE0507 | NAME: DALKE | HOUSING: D1 222L    CDC 128-G |
| P/S: 49 LEVEL: III | MEPD : 8/24/2058 | CUSTODY: CLO-A |
| WG/PG: A2B EFF: 11/11/2011 | NEXT CLASS: 8/2013 | ASSIGNMENT: UNASSIGNED |

**ACTION: ANNUAL REVIEW/OTC RETURN:   P/S REDUCED FROM 53 TO 49.   REFER TO CSR RX NON-ADVERSE TX TO PVSP-III SNY OR COR-III SNY TO ACCOMMODATE THE INMATE'S LEVEL-III PLACEMENT SCORE. ("R" SUFFIX REVIEW-NOT APPLIED) PLACE ON THE S/S WAITING LIST.   NO MHSDS, MDO, DPP OR DDP ISSUES NOTED.   RETAIN AT CAL-IV PENDING TRANSFER. DOUBLE CELL APPROVED SNY INMATES ONLY.**

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual Review. Inmate's Reading GPL is 12.9.  Inmate claimed completion of the 12th grade.  A CSRA score of 1 is noted, no COMPAS Assessment required. Committee notes Inmate is unassigned.  For the Annual Review periods of 8/11/2011 through 8/10/2012, Inmate Dalke had 2 qualifying periods of disciplinary free behavior and no qualifying periods of work.  His placement score has been reduced from 53 to 49.  Committee notes the Inmate was released to attend court proceeding in San Bernardino County on 5/31/2012; Court Case # FBA800768.  The Inmate returned to CAL on 7/12/2012.  The inmate possess paper work reflecting his sentence has been reduced; at this time CAL Records has not yet received this information.  His PS will remain until further documentation is received. Committee notes CSR request for "R" suffix review.  After review it has been determined that sex was consentual "R" suffix is not appropriate. Arresting agency report has been reviewed and utilized in this decision.  DA comments from New York state were unobtainable. **After a review of all case factors, Committee elects to** refer this case to the CSR requesting transfer to PVSP-III SNY OR COR-III SNY to accomodate the inmate's Level-III placement score.  The transfer is non-adverse in nature.  Inmate will retain CLO-A Custody and WG/PG A2B effective 11/11/2011 upon transfer. Place the inmate on the S/S waiting list.  Retain at CAL-IV pending transfer.  Inmate is not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence.  Inmate is not a participant in the MHSDS, DDP or the DPP.  Inmate Dalke does not meet the initial MDO screening criteria.  Inmate's case was reviewed for double cell housing.  No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with **SNY** restrictions.  Inmate stated he has no problem with his current cell partner.  CDC forms 840, 812, 127, 1882 and Minimum Custody Screening forms are current.  The Initial Review Chrono, dated 11/15/2011, has been reviewed and all case factors remain the same with the exception of the following: Inmate Health Assessment notes a TB code of 22 dated 7/12/2012.  Inmate was an active participant in this Committee and indicated he understood all the actions taken.  Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013.  The Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder.  His next Annual Review is scheduled for 8/2013.  (jil)


J. Devenberg, FC (A)          CHAIRPERSON          J. Lewis, CCI (A)          RECORDER

**Committee Members:** J. Devenberg, FC (A); M. Mc Shan, CCII (A); J Lewis, CCI (A), D. Berthaud, CCI, F. Hauck, Edu.
**cc:**   CCI, Inmate
**Date:** 8/21/2012          **UNIT CLASSIFICATION COMMITTEE**          **INST: CAL IV**





| | | |
|---|---|---|
| CDCR #: AE0507 | NAME: DALKE | HOUSING: D1 222L    CDC 128-G |
| P/S: 49 LEVEL: III | MEPD : 8/24/2058 | CUSTODY: CLO-A |
| WG/PG: A2B EFF: 11/11/2011 | NEXT CLASS: 8/2013 | ASSIGNMENT: UNASSIGNED |

**ACTION: PROGRAM:    P/S REMAINS 49.    REFER TO CSR RX CAL-IV OVERRIDE PENDING CASE WORK.    REAFFIRM CLO-A CUSTODY AND WG/PG A2B EFFECTIVE 11/11/2011.    NO MHSDS, MDO, DPP OR DDP ISSUES NOTED.    RETAIN AT CAL-IV.    DOUBLE CELL APPROVED SNY INMATES ONLY.**

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual Review. Inmate's Reading GPL is 12.9. Inmate claimed completion of the 12th grade. A CSRA score of 1 is noted, no COMPAS Assessment required. Committee notes Inmate was previously referred to CSR RX LVL-III TX. CSR has requested that CDCR determine if his out of state Misdemeanor Conviction of Sexual Misconduct is equivalent to CA Law that would require him to register per PC section 290. On 9/19/2012 DOJ was contacted see CDC 3017. DOJ gave a list of documentation required to complete the evaluation due to paperwork being requested along with the crime having been committed over 10 years ago the estimated time of completion given by DOJ was several weeks to months when all paperwork is received. It is further noted during committee the Inmate became disruptive immediately upon the commencement of UCC; he was warned by the Chairman to be calm and let the CCI present his case in order to determine his case factors. The Inmate continued to loud talk over the CCI preventing the committee from understanding the totality of his case factors. The Chairman again warned the Inmate to be quite and advised him he would have a chance to speak when the CCI had completed presenting his case. The inmate began to over talk the Chairman and refused to cooperate with committee. The Chairman elected to order the inmate out of the committee room. The Chairman advised the inmate of his right to appeal. The remainder of UCC was continued In absentia. **After a review of all case factors, Committee elects to refer this case to the CSR requesting CAL-IV override due to pending case work and his LVL-III PS.** Reaffirm CLO-A Custody and WG/PG A2B effective 11/11/2011. Retain at CAL-IV. Inmate is not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence. Inmate is not a participant in the MHSDS, DDP or the DPP. Inmate Dalke does not meet the initial MDO screening criteria. Inmate's case was reviewed for double cell housing. No pervasive pattern of in-cell misconduct is noted and Inmate is approved for double cell housing with SNY restrictions. Inmate stated he has no problem with his current cell partner. CDC forms 840, 812, 127, 1882 and Minimum Custody Screening forms are current. The Initial Review Chrono, dated 11/15/2011, has been reviewed and all case factors remain the same with the exception of the following: Inmate Health Assessment notes a TB code of 22 dated 7/12/2012. Inmate was an active participant in this Committee and indicated he understood all the actions taken, he stated "I have been through this already with CCIAdams, and then CCI (A) Alvarez they said that it was taken care of and I won't have to go through this anymore". Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013. The Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder. His next Annual Review is scheduled for 8/2013. (jil)

P. Kuzil-Ruan, FC        CHAIRPERSON           J. Lewis, CCI (A)          RECORDER

**Committee Members:** P. Kuzil-Ruan, FC; A. Cebreros, CCII (A); J. Lewis, CCI (A); R. Larios, Edu.
**cc:**    CCI, Inmate
**Date:** 9/25/2012              UNIT CLASSIFICATION COMMITTEE              INST: CAL IV



CDCR #: AE0507              NAME: DALKE              HOUSING: D1 222L      CDC 128-G
P/S: 49 LEVEL: III         MEPD : 8/24/2058         CUSTODY: CLO-A
WG/PG: A2B EFF: 11/11/2011  NEXT CLASS: 8/2013       ASSIGNMENT: UNASSIGNED

ACTION: PROGRAM:    P/S REMAINS 49.  REFER TO CSR RX CAL-IV OVERRIDE PENDING
CASE WORK.  REAFFIRM CLO-A CUSTODY AND WG/PG A2B EFFECTIVE 11/11/2011.  NO
MHSDS, MDO, DPP OR DDP ISSUES NOTED. RETAIN AT CAL-IV. DOUBLE CELL APPROVED
SNY INMATES ONLY.

Inmate Dalke made a personal appearance before Facility D UCC for the purpose of an Annual
Review.  Inmate's Reading GPL is 12.9.  Inmate claimed completion of the 12th grade.  A CSRA
score of 1 is noted, no COMPAS Assessment required.  Committee notes Inmate was previously
referred to CSR RX LVL-III TX.  CSR has requested that CDCR determine if his out of state
Misdemeanor Conviction of Sexual Misconduct is equivalent to CA Law that would require him to
register per PC section 290.  On 9/19/2012  DOJ was contacted see CDC 3017. DOJ gave a list of
documentation required to complete the evaluation. Due to paperwork being requested along with the
crime having been committed over 10 years ago the estimated time of completion given by DOJ was
several weeks to months when all paperwork is received.  It is further noted during committee the
Inmate became disruptive immediately upon the commencement of UCC; he was warned by the
Chairman to be calm and let the CCI present his case in order to determine his case factors.   The
Inmate continued to loud talk over the CCI preventing the committee from understanding the totality
of his case factors. The Chairman again warned the Inmate to be quite and advised him he would
have a chance to speak when the CCI had completed presenting his case. The inmate began to over
talk the Chairman and refused to cooperate with committee.  The Chairman elected to order the
inmate out of the committee room.  The Chairman advised the inmate of his right to appeal.  The
remainder of UCC was continued in absentia. After a review of all case factors, Committee elects
to refer this case to the CSR requesting CAL-IV override due to pending case work and his LVL-III
PS. Reaffirm CLO-A Custody and WG/PG A2B effective 11/11/2011. Retain at CAL-IV.  Inmate is
not eligible for MSF, MCCF, CCF, or Camp due to his LIFE sentence.  Inmate is not a participant in
the MHSDS, DDP or the DPP.  Inmate Dalke does not meet the initial MDO screening criteria.
Inmate's case was reviewed for double cell housing   No pervasive pattern of in-cell misconduct is
noted and Inmate is approved for double cell housing with SNY restrictions.  Inmate stated he has no
problem with his current cell partner.  CDC forms 840, 812, 127, 1882 and Minimum Custody
Screening forms are current.  The Initial Review Chrono, dated 11/15/2011, has been reviewed and
all case factors remain the same with the exception of the following: Inmate Health Assessment notes
a TB code of 22 dated 7/12/2012.  Inmate was an active participant in this Committee and indicated
he understood all the actions taken, he stated "I have been through this already with CCIAdams, and
then CCI (A) Alvarez they said that it was taken care of and I won't have to go through this anymore".
Inmate Dalke's next BPH appearance is a Documentation Hearing scheduled for 8/11/2013.  The
Violence Exclusion was automatically applied due to the inmate's conviction for Attempted Murder.
His next Annual Review is scheduled for 8/2013. (jil)

P. Kuzil-Ruan, FC         CHAIRPERSON          J. Lewis, CCI (A)        RECORDER

Committee Members: P. Kuzil-Ruan, FC; A. Cebreros, CCII (A); J. Lewis, CCI (A); R. Larios, Edu
cc:    CCI, Inmate
Date: 9/25/2012                  UNIT CLASSIFICATION COMMITTEE              INST: CAL IV

*This is when per Title 15 that all "R" were handled by DRB and that never happen which caused change policy and DOJ didn't get cout transcripts to make trud decision*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR-128G (Rev. 12/91)

**CDCR #: AE0507**          **NAME: DALKE**                  **HOUSING: A5-109**
**PS: 49  LEVEL: III**       **MEPD: 08/24/2058**            **CUSTODY: MAX**
**WG/PG: D1/D EFF. 11/13/2012**   **NEXT ANNUAL: 08/2013**

**EXCEPTIONAL REVIEW:** STAFF ASSISTANT WAS ASSIGNED C/O B. HATFIELD DUE TO CCCMS IDTT
CONDUCTED ON 12/04/2012 MOD RISK DECOMPOSITION / RETAIN IN ASU DUE TO SAFETY AND SECURITY
OF THE INSTITUTION PENDING ADJUDICATION RVR DATED 11/13/2012 (LOG #11-12-D008) WITH
TENTATIVE MERD 01/21/2013 / REAFFIRM MAX CUSTODY AND WG/PG D1/D EFFECTIVE 11/13/2012 /
RESCIND UCC OF 11/21/2012 REFERRING CSR RX 90 ASU DAY EXTENSION AND CAL-IV OVERRIDE /
**REFER TO CSR RX TX RJD-HUB / LAC-HUB** / REAFFIRM YARD WITH CELLMATE / DOUBLE CELL WITH SNY
INMATE ONLY / MHSDS NOTED CCCMS / NO MDO, DPP OR DDP ISSUES NOTED / RESCHEDULE ICC ON
01/03/2013

Inmate Dalke was screened in person ICC today for the purpose Day Exceptional Review. Staff Assistant B. Hatfield
was assigned due to inmate's inclusion in the MHSDS at the CCCMS Level of Care per 128C dated 11-29-12. IDTT
was conducted on 12/04/2012 mod risk of decomposition was noted. Inmate's reading GPL is 5.8. Inmate was
placed in the Administrative Segregation Unit (ASU) on 11-13-12 for the offense of Battery on Inmate, referenced in
CDCR 115 dated 11-13-12 (Log #11-12-D008). If found guilty inmate could be assessed a 3 month SHU Term with
a tentative MERD of 01-21-13. Information was received that inmate Dalke was involved in a Battery on Inmate per
Confidential Memorandum dated 11-13-12 authored by Sergeant K. Teeters. Inmate's case is pending CAL
administrative review for DA referral. Committee finds that Segregated Housing is Appropriate and Elects to Retain
in ASU pending Adjudication of RVR dated 11-13-12, (LOG # 11-12-D008). Committee notes that ICC of 11-21-12
referred to CSR RX 90 ASU EXT and CAL-IV Override which is no longer appropriate due to inmate's inclusion in
CCCMS. Committee notes that we are still pending court documents in order to send all information to DOJ for the
determination of Inmate's need to register as PC 290 based on California Law, as Inmate was found Guilty of a
Misdemeanor in the State of New York (Sexual Misconduct). Once all documents are received they will be sent to
DOJ to determine if an "R" Suffix review is required. DOJ was contacted, and they stated once they receive all
documents the process can take months. Receiving Institution should follow up to ensure that all documents are
received and then forward to DOJ. Committee elects to Rescind ICC action of 11-21-12 which referred to CSR RX
90 ASU EXT, and CAL-IV Override, **committee elects to refer to CSR RX TX to RJD-HUB / LAC-HUB due to
inclusion in the CCCMS.** Retain MAX Custody and WG/PG D1D effective 11-13-12. No enemies in ASU are noted.
Committee reaffirms inmate for yard with cellmate. Inmate's case was reviewed for double cell housing and no
pervasive pattern on in cell violence is noted. Inmate is assigned to double cell housing with SNY inmates only. A
BPH DOC hearing is scheduled for 8-2013. Inmate does not meet initial MDO criteria. Inmate is a participant in the
MHSDS. CDCR 128C2 indicates NCF. Inmate does not meet DPP criteria. Inmate Dalke was informed of the
Behavioral expectations and ramification of SNY Placement. Inmate agreed to abide by SNY rules. Confidential
information was used and a CDCR 1030 is in the C-File. Case factors remain the same as noted in initial 128G
dated 11-15-11. Inmate Health Assessment notes a TB Code of 22 dated 7-12-12. Inmate was advised of his right
to appeal and that this Committee acts as his First Level of Appeal. Inmate actively participated and stated he
understood Committee's actions. Inmate had no questions or comments to address to Committee at this time.
Inmate's next Annual Review is 08-2013. Inmate was advised he would be rescheduled for ICC on 01/03/2012.
There are no other pertinent case factors noted. (rm)

S. Andersen, CDW (A)      Chairperson        A. Cebreros, CCII      Asst CHR      Recorder

**Committee Members:** C. Butler, AW; P. Kuzil-Ruan, FC; J. Criman, Assist. C&PR; D.Middleton, Ph.D.;
**cc:**    Counselor, Inmate
**Date: 12/06/2012**                **CLASSIFICATION:** ICC ASU              **INST:** CAL-IV

| State of California | | DEPARTMENT OF CORRECTIONS | | CDC-128G |
|---|---|---|---|---|
| CDC Number: AE0507 | Name: DALKE, J. | Classification Score: 67 Level: IV | Type and Release Date: MEPD: 1-28-2023 | |
| Custody: CLO-B | WG/PG: A2/B Effective: 12-27-12 | Next Classification: 8-14 Next BPT: 1/2019 TYPE:DOC | Housing: FD-17-117U | R.P.S. Status: N/A |

**Assignment/Committee Summary**

UNASSIGNED /ANNUAL AND POST BOARD REVIEW: PROVIDED COPIES OF BP RECOMMENDATIONS; NEXT BPH HEARING SCHEDULED FOR 1/2019 / REFER TO ICC-GP SHU REVIEW & TX, RETAIN FAC D / PO ABE-III/GED WL / REDUCE CUSTODY TO CLO-B / REAFFIRM SSWL,WG/PG A1/A EFF:12-27-12/IHC:RE/DC/CPP.

**Committee:**

Inmate DALKE appeared in person before the Facility D Unit Classification Committee (UCC) for an Annual/Post Board Review. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128-MH 1 daed 1-10-13. Inmate is not a participant in the DD Program. Inmate waived his 72 hours preparation time. Inmate was introduced to the Committee and stated he felt well enough to proceed with committee.
Level of Care: CCCMS   DDP: NCF   DDP: N/A   TABE:12.9 HSD/GED NOT VERIFIED
CSRA: 1   COMPAS Core Risk Assessment not required (CSRA 1/LIF)
PC2933: INELIG   PC2933.05: INELIG   IHC: RE

**Accommodations / Staff Assistant**

No Staff Assistant was not assigned. Reading GPL is 12.9. Effective Communication was established by using Simple English Spoken Slowly and Clearly. Subject reiterated in his own words what was explained. Subject provided appropriate, substantive responses to questions asked. Subject asked appropriate questions regarding the information provided.

**Committee Discussion**

Inmate DALKE appeared before the BPH for a Documentation Hearing on July 16, 2013. Committee notes the following BPH recommendations: Work when and where possible. Upgrade vocationally, educationally and participate in available self-help and therapy groups. Become disciplinary free. Inmate DALKE was provided a copy of the Documentation Hearing paperwork and indicated that he understood BPH's recommendations and would comply. Inmate's next scheduled BPH appearance is scheduled for 1/2019 for an Initial Hearing. Inmate DALKE was advised that failure to comply with the BPH's recommendations may have an adverse affect at future parole consideration hearings. Inmate's classification score has been adjusted from 49 to 67 to reflect one (1) qualifying periods for disciplinary free behavior, no satisfactory work performance or qualifying periods for minimum custody. Subject received an amended Abstract of Judgment dated 7-2-12, changing his term from 50 years to life to 7 years to life with an enhancement of 8 years. Committee noted the mandatory minimum score of 19 due to the "VIO" administrative determinant. UCC notes on 12-16-12, Correctional Lieutenant R. Hopper, found subject guilty of CDC 115 dated 11-13-12, Log #J 1-12-D008, Battery on an Inmate. As a result subject is being referred to ICC-GP for SHU review and transfer considerations. CSR action of 2-1-13 notes casework follow-up concerns regarding "R" suffix and escape review needed. Via phone, I attempted to contact the Department of Justice (DOJ) regarding CDC 3017 dated 9/19/12 requesting the status of DOJ's decision of whether subject's 5-10-99 conviction of Sexual Misconduct was the equivalent of California's registrable sex offense. I also attempted to contact NYE County Sheriff's Department regarding the status of I/M's 12-4-08 arrest for Attempted Escape w/Deadly Weapon. Per CDCR requested the case disposition on the attempted escape via letter dated 1-4-12 to NYE County Sheriff's Department. NYE County Sheriff 's Department response was that the case was still pending or under prosecution. As of today's committee I have yet to receive a response from either agency. Therefore, case still requires follow-up to determine "ESC"/"R" administration determinants. Committee notes that subject's case was reviewed for transfer consideration to a Reentry Hub institution, however, he does not meet the eligibility criteria due to CSRA 1/LIF.

*(handwritten margin notes: "juke", "$", "Jupiter", and right margin: "Note weir? not court I just: pics due tul intereuv this is wrect should illegal")*

**Committee Action**

After a careful review of all case factors, Committee elects to retain on Facility D and and refer to ICC-GP for SHU Reveiw. Reaffirm the following. Reaffirm the following:PO SSWL, WG/PG A2/B, EFF: 12-27-12, IHC of RE and DC eligibility.

**Case Factors**

CDC forms 840, 812,127, 812-C and MSF have been updated. Confidential is noted and updated. Per CDC 128C-3 dated 1-10-13, notes Vigorous Activity, Low Risk with no restrictions noted. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following: Inmate is 36 years old, TB Code 22 per the SOMS Inmate Health Assesment dated 5-2-13 as well as any actions noted in this committee. MSF ineligible due to VIO/LIF/PS/PSY.

**Participation**

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions, however, he was not in agreement with his adjusted placement score. RJD's behavioral expectations and the inmate's right to appeal have been explained. His next scheduled classification is 8-14 for an Annual Review. There are no other case concerns at this time.

**Committee Members**

D. Arguilez, Captain (A), C. Taylor, CCII (A), L. Hyman, CCI, F. Fountain, ED

Chairperson: D. Arguilez, Captain (A)         Recorder: L. Hyman, CCI

DATE: 7-24-13         CLASSIFICATION: UCC         INSTITUTION: RJDCF
(Rev. 1/1/03)





State of California DEPARTMENT OF CORRECTIONS CDC-128G

| | | | | |
|---|---|---|---|---|
| CDC Number: AE0507 | Name: DALKE, J | Classification Score: 67<br>Level: IV | Type and Release Date: MEPD 01-28-2023 | |
| Custody: CLOB | WG/PG: A2/B<br>Effective: 12-27-12 | Next Classification: 08-14<br>Next BPT: 01-2019 | Housing: FD-17-117 | R.P.S. Status: |

**Assignment/Committee Summary**

UNASSIGNED / FAC D ICC: REISSUE/REHEAR RVR # 11-12-D008, DTD 11-13-12 DUE TO DUE PROCESS VIOLATION

**Committee**

Inmate DALKE appeared in person before the Facility D Institution Classification Committee (ICC) for a(n) Program Review. Inmate waived his 72 hour notice. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128C dated 12-26-12. Inmate is not a participant in the DD Program.

**Accommodations / Staff Assistant**

I/M has a reading score of 12.9, ICC did not assign a SA.

**Committee Discussion**

I/M is before Facility D ICC for a SHU Term assessment. I/M received RVR # 11-12-D008 for 'Battery on an Inmate' from CSP-CAL on 11/13/12. The RVR was adjudicated at CAL on 12/16/12 and I/M was found guilty as charged and assessed 61 days forfeiture of credit. On 12/18/12, I/M transferred to RJD as a HUB case due to his participation in the MHSDS at the CCCMS level of care. The SHU Term was never assessed for the RVR.

ICC noted a 115MH was not completed in preparation to adjudicate the RVR. The date of the incident was 11/13/12. I/M started participating in the MHSDS at the CCCMS level of care on 11/29/12. The RVR notes a Staff Assisstant was assigned for I/M on 12/6/12 due to CCCMS, however, a 115MH was not ordered. The RVR requires a 115MH because it is a SHU offense. Therefore, CDW ordered the RVR reissued and reheard.

ICC notes case needs an R suffix review and an escape administrative determinate review. RJD is waiting for the information regarding the circumstances of those incidents from agencies in other states.

**Committee Action**

ICC elects to order RVR # 11-12-D008, dated 11-13-12, be reissued and reheard.

**Case Factors**

The CDCR 812 and 812-C have been updated. Confidential file noted and reviewed. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following: Inmate is 36 years old, TB Code 22 per CDC 128-C dated 05-02-13 as well as any actions noted in this committee.

**Participation**

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions and was in agreement. RJD's behavioral expectations and the inmate's right to appeal have been explained. There are no other case concerns at this time.

**Committee Members**

G. Stratton, CDW(A); P. Logan, Capt(A); K. Smith, CCII

Chairperson: G. Stratton, CDW(A)    Recorder: K. Smith, CCII

DATE: 12-06-13    CLASSIFICATION: ICC    INSTITUTION: RJDCF

(Rev 1/1/08)

| State of California | | DEPARTMENT OF CORRECTIONS | | CDC-128G |
|---|---|---|---|---|
| CDC Number: AB3587 | Name: DALKE, J | Classification Score: 77 | Type and Release Date: MEPD: 7-12-2025 | |
| Custody: CLO-BR | W/G/PG: A2 B  Effective: 12-27-12 | Next Classification: 8-14  Next BPT: 7/2024 TYPE-IPCH | Housing: FD-17-143U | R.P.S. Status: N/A |
| | | Assignment/Committee Summary | | |

UNASSIGNED /PROGRAM REVIEW : / REFER TO CSR RX ADVERSE TX: COR-IV (270-SNY)(CCCMS) ALT SATF-IV (180-SNY)(CCCMS) / RETAIN FAC D PENDING TX / ESTABLISH CLO-BR CUSTODY / REAFFIRM PG SS & A2B-ELIGIBLE W/L, W/G/PG A1/A EFF. 12-27-12/IHC:RE/DC/CPP.

| | | Committee. | |
|---|---|---|---|

Inmate DALKE appeared in person before the Facility D Unit Classification Committee (UCC) for a Program Review. Inmate received his 72 hours preparation time. Inmate is a participant of the MHSDS Program at the CCCMS level of care per CDC 128-MH 3 dated 1-10-13. Inmate is not a participant in the DD Program.

Level of Care: CCCMS   DDP: NCF   DDP: N/A   TABE:12.9 HSD/GED NOT VERIFIED
CSRA  1    COMPAS Core Risk Assessment not required (LIF)
PC2933. INELIG       PC2933.05: INELIG       IHC: RE

Accommodations / Staff Assistant

No Staff Assistant was not assigned. Reading GPL is 12.9. Effective Communication was established by using Simple English. Spoken Slowly and Clearly. Subject reiterated in his own words what was explained. Subject provided appropriate, substantive responses to questions asked. Subject asked appropriate questions regarding the information provided.

Committee Discussion

Inmate's classification score has been adjusted from 67 to 77 to reflect no qualifying periods for disciplinary free behavior, no satisfactory work performance or qualifying periods for minimum custody. During this review period 'S' received two RVR's dated 3-6-14, Positive Urinalysis(U/A), Div 'D' offense, 10-21-13, Refusing Urinalysis, Div 'F' offense.

CSR action of 2-1-13 notes casework follow-up concerns regarding "R" suffix and escape review needed. In regards to the 1999 New York misdemeanor Sexual Misconduct conviction, the case was referred to Case Records for clarification and follow-up as indicated by the initial CDC 3217 dated 9-19-12 at which time the Department of Justice (DOJ) was contacted. During this time there was no closure to this matter. Again on 4-29-14, the DOJ was contacted to determine whether subject's 1999 misdemeanor conviction of Sexual Misconduct in the state of New York was the equivalent of a California's registrable sex offense. Per DOJ's Sex Registration Unit, 'S' is required to register as a Sex Offender under PC290 and Pre-registration should begin. Refer to Inmate Case Notes in the Strategic Offender Management System(SOMS). Based upon the aforementioned as this case, relates to Departments Operations Manual (DOM) revision to Chapter 6, Article 5, Subsection 62213.4.3.1 "R" suffix and CCR subjection 3377.1(b)(1) under the departments current policy noted above 'S' will be affixed an "R" suffix. As to the escape Sheriff's Department(located in HWD section), NYE County Sheriff's Department response was that the case was still pending after prosecution and as of today's committee there has been no changes.

I/M's placement score requires Level IV SNY placement. Subject's case was reviewed for 270 degree design Committee notes due to DALKE's case factors which include CCCMS, Low Risk medical needs; level IV SNY and identified enemy concerns, COR-IV SNY is the only viable 270 degree design institution available for transfer. Therefore, I/M's case is also being referred to the CSR for an alternate recommendation of a 180 degree design placement. 'S' has requested a transfer to SATF-IV (180-SNY) to be closer to his family that resides in San Bernardino county. UCC elects to refer this case to the CSR for an adverse transfer to a designated Level-IV SNY institution which commensurates with the inmate's placement score, case factors and programing needs. Committee notes that subject's case was reviewed for transfer consideration to a Reentry Hub Institution, however, he does not meet the eligibility criteria due to CSRA 1 LIF.

Committee Action

After a careful review of all case factors, Committee elects to refer to CSR RX ADVERSE TX: COR-IV (270-SNY) (CCCMS) alt SATF-IV (180-SNY)(CCCMS) retain on Facility D pending an adverse transfer. Establish CLO-BR Custody. Reaffirm the following:PG SSWL, W/G/PG A2 B, EFF. 12-27-12, IHC of RE and DC eligibility.

Case Factors

CDC forms 840, 813,127, 812-C and MSF have been updated. Confidential is noted and updated. Per CDC 128C-3 dated 11-15-13, notes Vigorous Activity, Low Risk with no restrictions noted. Case Factors are noted on CDC 128-G dated 11-15-11, and remain appropriate with the exception of the following. Inmate is 36 years old, TB Code 22 per the SOMS Inmate Health. Assessment dated 5-1-14 as well as any actions noted in this committee. MSF ineligible due to VIO/LIF/PS/PSY. Upon transfer, inmate custody and credit earning status should be CLO-BR and A2B, EFF. 12-27-12 at the receiving institution.

Participation

Inmate DALKE actively participated in today's hearing and stated he did understand the Committee's actions, however, he was not in agreement with the DOJ's decision to require him to register under PC290. RJD's behavioral expectations and the inmate's right to appeal have been explained. His next scheduled classification is 8-14 for an Annual Review. There are no other case concerns at this time.

| | | Committee Members | | | | |
|---|---|---|---|---|---|---|
| S. Davis, Captain (A), K. Smith, CCII, S. A??? Harman, CCI | | | | | | |

Chairperson: S. Davis, Captain (A)     Recorder: L. Hyman, CCI

DATE: 5-1-14     CLASSIFICATION: UCC     INSTITUTION: RJCF

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____2_____ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

STATE OF CALIFORNIA DEPAR...

RULES VIOLATION REPORT    MHSDS: MHCB    G.P.L:

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING NO | LOG NO |
|---|---|---|---|---|---|
| AE0507 | DALKE | MEPD 6|24|25 RJDCF | | B7-145L | FD-15-024RR |
| VIOLATED RULE NO (S) | SPECIFIC CHARGE: | | LOCATION | DATE | TIME |
| CCR §3015 (d) | Conspiracy to Escape with Force or Violence | | D-19-233 | 01/9/15 | 0830 Hours |

CIRCUMSTANCES

On April 29, 2015, the Chief Disciplinary Officer (CDO) C. Covel, ordered the Rules Violation Report (RVR) dated 01/9/15 (Log#: FD-15-024), for the specific act of "Conspiracy to Escape w/Force or Violence" to be Reissue/Rehear citing the following due process violation: An incident package was not generated.

The circumstances are as follows:

On Tuesday, January 13, 2015, an investigation was completed into your Conspiracy to Escape from Custody of the Department.

*Three time Surrernts Reissue Rehear to get DA packet do to illegal actobuse*

On January 2, 2015, you were identified as conspiring to escape from the Richard J. Donovan Correctional Facility (RJDCF). Your plan was to have an accomplice in the community kidnap a District Attorney's (DA's) family member and hold that person hostage in order to negotiate your release from state custody. Once the kidnaping was completed, your accomplice would contact the DA's office and begin to negotiate. Part of the negotiating would be the transport of three (3) inmates to the DA's office and you (DALKE AE0507) were one of the inmates that was identified to be transported from the RJDCF to the DA's office where upon you would be released from custody to deliver the ransom. A total of $10 million dollars was going to be part of the negotiations; specifically, three (3) bags, weighing a total of 60 pounds. The money would be used to fly to Brazil, get a passport and apply for citizenship there *each*

*adg. . . ch.d . . al consulate of +-+-. Aas hous legs' c. + awastig . . . a . . . est. f.*

On January 9, 2015, I conducted an interview with you, (DALKE AE0507) regarding a possible plan to escape from the RJDCF. The interview was conducted in the Investigative Services Unit Office. Officer C. Davis was present during the course of the interview. I asked you (DALKE) direct questions regarding a potential escape. You (DALKE) self-admitted to planning and escape from custody of the department by stating you had obtained twine from the Canteen and had constructed a rope. The rope was to be utilized to lasso to a light pole on the outer perimeter of the facility and swing over the fence. You (DALKE) stated first you were going to obtain a pair of cutters and snip through the first fence and then lasso the light pole. Once you were out, you were going to run to Mexico and hide out. Furthermore, you (DALKE) admitted to conspiring with Inmate (LOCHMILLER H03847) to escape from the RJDCF utilizing Inmate LOCHMILLER's plan. Based upon your (DALKE's) admission, it is clear you (DALKE) had an active plan to attempt an escape from Richard J. Donovan State Prison

*Look up Crimedal History*

| REPORTING EMPLOYEE (Typed Name and Signature) | | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|---|
| M. Tamayo | | | 5/6/15 | ISU Correctional Sergeant | | S/S/H *Riverside  Court in* |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGRATED PENDING HEARING | | | *Transcript on Escape* |
| G. Hernández, Lieutenant, ISU | | 5/4/15 | | | | |
| CLASSIFIED  ☐ ADMINISTRATIVE  ☒ SERIOUS | OFFENSE/DIVISION  A-2 | DATE  5/6/15 | CLASSIFIED BY (Typed Name and Signature)  S. Rink, Facility D Captain (A) | | HEARING REFERRED TO  ☐ HO  ☒ SHO  ☐ SC  ☐ FC | *A-theng of* |
| | | COPIES GIVEN INMATE BEFORE HEARING | *Extraordinary Circumstances* | | | |
| ☒ CDC 115 | BY (STAFF SIGNATURE) | DATE  5/7/15 | TIME  0925 | TITLE OF SUPPLEMENT  ☐ CDC-7219  ☐ CDC-115 C | ☐ CDC-837-C  ☐ CDC-837-C1 | *115 MH  ASO  GOD/FICATION* |
| ☐ CDC-115A | (S. LOCKER) | 6-4-15 | MHS HC | | | |
| ☒ INCIDENT REPORT  R10-LOG NUMBER  FD-15-01-0136 | BY (STAFF SIGNATURE)  N. 8L | DATE  05/13/15 | TIME  1450 | BY (STAFF SIGNATURE)  N-8L | DATE  05/13/15 | TIME  1450 |
| HEARING  IE Report 6-15-15 % Horner M10 | | 7219's x3, MHA, DA non-ref | | DLPEFR  6-1-15 | | 1445 |
| REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA 2) HOLDING CELL CO6, REISSUE REHEAR Memo | | | | | | |
| ACTION BY (TYPED) | | SIGNATURE | | | DATE | TIME |
| LIUA, CORRECTIONAL LIEUTENANT | | | | MHCB | 9/19/15 | 1715 |
| REVIEWED BY (SIGNATURE)  S. Rink, Facility D Captain (A) | DATE  8/20/15 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE  C. Covel, Associate Warden | | | DATE  9/2/15 | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY (STAFF SIGNATURE) | | | | DATE  9/25/15 | TIME  1200 |

Cdc. 115 Issued again on 6-25-15 by % Horner @ 1410 hrs

RECEIVED AUG 2 5 2015

The 115 was 6 months after CO's didn't log 602 from the illegal 26 points that puts me on a level 4 were Killers have life and kill sex offenders for just cause the under ground policy that Dalke dont deserve concitering Dalke didnt do what was said did or a Misdemenor No Jail time or Registration would have happen. The reason Dalkes bringing this obserd situation is to show how a real hit was placed on Dalkes head due to chain effect Because Cops didnt get Dalke to work under cover as a snitch. So in Rochester, New York City Cops on stabing case Knew Dalke saved one Kid when 8 jumped Kid The Cops asked Dalke to snitch Dalke turnself in and Kept quite. Then Not known to Dalke till 2011 in California prison when the CDCR wanted the misdemenor case to see it to use against Dalke regardless if legally could or not as did. Dalke Saw the False reports cops put that the Court never had infront. Dalke got 115 for escape when CO Hyman and fellow Donovan CO's violated the rights due to CO's asked Dalke to help tell on drugs and phones Dalke dont cause its going to get Dalke killed. Now CO's Cops are making Dalke to get set up to be killed. Sacramento ordered three times for Donovan due to escape to press to DA. Dalke wanted DA incole. Dalke life is in danger on purpuse by Corrections. Now with the Parole shured out right lie. Dalke needs this case to get justice and Parole

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ___ 12 pages.

JURISDICTION:    (Check only one)

|  |  |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Appellate Court |
| ☐ | State Supreme Court |
| ☐ | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

Then When Sacremento got so many 602's From
Dalke, They lie on documents to fool Dalke and
not disapline the employees due to promote the
corruption and illegal acts and cover their acts
breach not to get introuble. But then press
charges and displine on us inmates makes
the system unfair unnatural and keeps a
corruption going that in Dalkes showing of Retaliation
violates his federal rights for a safe environment
free from cruel and unuscial punishment. (CDCR)
lieing on documents Claiming (Girl press charges
the next Day when Dalke in paper of This
Exhibit not like page three of this exhibit
Say the girl called police versus New York Actaal
police Report. Sex was consencual. Dalke turn self
in Cooperative with police. And on top your
honors their was Baliff typed reports Donavan took
out of C-file and placed false reports. That got all
Dalkes 115's threw out the years and the facts will
be brought out on each situation at trial or
during medliations between atorney General
and Judges Dalkes meeting.
Notice CDCR never fixed what the wrong caused.
Thats the reason of this suite. Dalkes rights on
Purpose were violated. And the ones incharge did it
onpuppose and refuse to make right the damage.
So to tell this case any better I need a lawyer to call
on witnessess to the liking in Prison They witness.



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

$C1C$ $Unit$ $C$

RE: Screening at the FIRST Level

*Friday, May 22, 2020*

*DALKE, AE0507*
*Z 001D1137001L*

LIVING CONDITIONS, , 05/20/2020
Log Number: CSPC-7-20-02940
(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is
subject to cancellation for failure to correct noted deficiencies.</u>)

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15,
Section (CCR) 3084.6(b)(8). Your appeal involves multiple issues that do not derive from a
single event, or are not directly related and cannot be reasonably addressed in a single
response due to this fact. You may resubmit the unrelated issues separately using separate
appeals. Be advised that you are still subject to the submission of one non-emergency appeal
every 14 calendar days.*

*You cannot submit an appeal with multiple unrelated issues. You contend you are appealing
rejected appeals 20-2509, 20-1916, 20-2267 and 20-0921. You cannot appeal a rejection as it is
designed to allow you to fix the appeal you submitted. You continuously claim an
inappropriate R suffix however, the R suffix was not implemented by CDCR. Your R-suffix
was imposed by the courts as you are identified as a PC 290 registrant. ,That is a dispute with
the court it was implemented. You claim to make allegations against staff which is another
issue. You contend a write up also being a separate issue. You claim possible enemy concerns.
You can only contend 1 issue. If dissatisfied with the response, you can go through the appeals
process for review.*

☐   J. Ceballos, CCII Appeals Coordinator
☐   C. Brown, SCR LT
☑   L. Carrol, CCII Specialist

NOTE: If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.
~~Rochester Nurse implemented me to Register as a SCR offender~~
~~Vegas in charge for Ted to register the DA never showed~~
~~is case No court to USP ever married SCR offender~~
~~I have the only out and it illegal~~

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if
the appeal on the cancellation is granted.
NOTE: THIS COLUMN:

**RIS** **PRISONER DATA REPORT**    MoRIS#                RPC#          MCSO#          DATE CHK SET

| NAME | FIRST NAME | MIDDLE NAME | SUFFIX | 2. ORIGINAL CR# |
|---|---|---|---|---|
| ALKE | Joshua | JASON | | 99-153545 |

ES AND/OR MAIDEN NAME              NICKNAME          C.I.S./          6. ARREST CR#
                                                              99-154656

| 2. NO. | STREET | CITY OR TOWN | STATE | ZIP | 8. PLACE OF BIRTH, STATE/COUNTRY |
|---|---|---|---|---|---|
| Phelps Ave | Roch | NY | | RENTIN, WASH. |

| SS & DATE OF CRIME | 10. DOW/DATE/TIME AND PLACE OF ARREST | 11. SECTION OF OCCURRENCE |
|---|---|---|
| Phelps Ave  5-8-99 | MO  5-10-99  2000  261 Child St | |

| 12. ☐ BENCH WARR ☐ OTHER WARR ☐ TURNOVER  ☐ ON VIEW/OBSERV. ☒ REPORT/INVEST. ☐ JUV. OFFENDER | 13. APP. TICKET # | 14. ARRESTED BY: | OFFICER(S) | ID# |
|---|---|---|---|---|
| | — | AGENCY: RPD  Wilson #1060/Kelntz #1083 | | |

| 16. SECTION NO. & SUBS | 17. CLASS | CAT | 18. NAME OF OFFENSE & UTS# | 19. DEGREE |
|---|---|---|---|---|
| L. 130.25-2 | E | FEL | RAPE | 3RD |

ER OF VICTIMS 1/OE   SEX  AGE  SEX  AGE  SEX  AGE  SEX  AGE  SEX   ☐ HANDICAPPED   21. NO. OF OFFENDERS  22. ☐ BUSINESS   23. BAC
                F                                          ☐ VULNERABLE              /           ☐ DWELLING       -

CON (on arrest/resisting)  5. AUTO RIFLE  6. RIFLE            25. DRUG ARREST TYPE       28. FORGED INSTRUMENT USED
N REVOLVER  2. SHOTGUN  6. KNIFE  8. OTHER —  1. HEROIN  3. MARIJUANA  1. LICENSE  3. BANK DRAFT  5. PRESCRIPTION —
N AUTOMATIC  4. SAWED OFF  7. BLUNT OBJ.            2. COCAINE  4. OTHER _____  2. PERSONAL CK  4. CREDIT CARD  6.

| CONTEXT (2 MAX.) | 3. DRUGS | 6. GAMBLING | 8. PROPERTY CRIME | 12. B&E/BURGLE | 15. OTHER | 27. SAME ORGANIZATION |
|---|---|---|---|---|---|---|
| C OFFENSE | 4. D.W.I. & TRAFFIC 5. FORGERY & FRAUD | 7. MURDER 8. PHYSICAL CRIME | 10. PROSTITUTION 11. PUBLIC ORDER | 13. STOLEN VEHICLE 14. WEAPONS | | |

SIGNATURE IF I HAVE ARRESTED THE ABOVE NAMED PERSON & TURNED THE INDIVIDUAL OVER TO THE POLICE. I AGREE TO APPEAR IN COURT AS DIRECTED.)

                          X

ING OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, CO-DEFENDANTS, DAMAGE TO PUBLIC PROPERTY)

F DID HAVE CONSENTUAL SEXUAL INTERCOURSE W/ _____ FEMALE.

WAS COOPERATIVE + DID TURN himself IN TO POLICE.

| HED BY | OFFICER(S) | ID# | 32. IS THIS A FINGERPRINTABLE ARREST? (SEE BACK FOR DEFINITION) | 33. HAVE YOU POSITIVELY IDENTIFIED ARRESTEE? |
|---|---|---|---|---|
| RPD | WILSON | 1080 | ☒ YES  ☐ NO  (IF YES SKIP 33 & 34) | ☒ YES  ☐ NO |

U HAVE REASON TO SUSPECT THAT ARRESTEE IS BEING       REASON
T FOR ANOTHER OFFENSE?  ☐ YES (MUST STATE REASON)
                        ☒ NO

| 34. SEX | 35. RACE | 38. ETHNICITY | 40. | 41. | 42. DEF. PH. # | 43. EYE COLOR |
|---|---|---|---|---|---|---|
| ☒ MALE  1. WHITE  3. AMERICAN INDIAN/ALASKAN NATIVE  ☐ FEMALE  2. BLACK  4. ASIAN/ORIENTAL/PACIFIC ISLANDER | | 1. ALIEN  2. NON-HISPANIC  3. HISPANIC SECTION | 1. ALIEN  2. PAROLE | 1. PROBATION | - NONE | BROWN |

OLOR  44. SKIN  46. HAIR LENGTH  50. FACIAL HAIR  47. COMPLEXION
1. BLOND  5. RED  7. WHITE  1. SHORT/ABOVE EAR  3. LONG (SHOULDER & BELOW)  1. NO FACIAL HAIR  3. BEARD  1. LIGHT  3. DARK
2. BROWN  6. SANDY  8. NO HAIR  2. MEDIUM (BELOW EAR)  4. BALD  2. MUSTACHE  4. GOATEE  2. MEDIUM  4. OTHER

| 48. WEIGHT | 50. BUILD | 51. BODY ODDITIES (LOCATION) | |
|---|---|---|---|
| 0  175  LBS | 1. SLIM/MEDIUM  3. HEAVY  2. MEDIUM  4. MUSCULAR | 1. NECK  3. ARMS  2. TORSO  4. HANDS, FINGERS | 5. LEGS, FEET  6. DESCRIBE |

|  | 1. NOSE  7. TEETH, MOUTH, LIPS | |
|---|---|---|
| 1. EARS  4. EYES, EYEBROWS | 5. CHEEKS  8. CHIN | 6. DESCRIBE |

LOCATIONS  ☐ LEGS, FEET  7. DESCRIBE ___ LFT ANKL
1. ARMS                                          5. SPEECH DESCRIPTORS
4. HANDS, FINGERS  6. TORSO                      1. GLASSES  3. SPEECH ACCENT  5. OTHER
                                                 2. SPEECH IMPEDIMENT  4. LEFT-HANDED

G OFFICER'S REMARKS (INCLUDE MEDICAL NOTES, INJURIES, ETC.)

| ED TO CUSTODY OF | DATE | TIME | 66. RELEASED ON BAIL | AMOUNT | 66. RELEASED BY |
|---|---|---|---|---|---|
| | | | ☐ YES  ☐ NO | | |

B SIGNATURE & ID #

SIGNATURE TO BE PLACED ON REVERSE SIDE OF JAIL COPY
REV 10/87                                                          G O 521

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

GAVIN NEWSOM GOVERNOR

**BOARD OF PAROLE HEARINGS**
EXECUTIVE OFFICE
P.O. BOX 4036
SACRAMENTO, CA 95812-4036



girlfriends; having to pay rent at times. He felt he was good at managing his money, but denied major financial issues due to the fact he did not have credit/debit cards or loans. He denied ever being evicted or having his utilities shut off for nonpayment. He reported gaining money by illegal means such as from selling drugs or "white collar crimes (fraud)."

Sexual Development/Relationship History:

Mr. Dalke's first sexual experience was when he was 11 years old with a 16-year-old female. He indicated that he has had approximately 200 sexual partners in his lifetime. He reported having three serious relationships in his life. He lived with his three partners, one for five years off and on, one for four years off and on, and another partner for a couple of years. Mr. Dalke said he has never been married and has no children.

Mr. Dalke reported being in simultaneous relationships with his partners' consent, having one-night stands, and engaging in group sex, but denied using violence during sex, a history of cheating on his partners/girlfriends, or using prostitutes. He admitted to not regularly using condoms, but denied he contracted an STD in the past. He reported domestic violence in one of his relationships. He said he was living with his girlfriend in NY around 2000 or 2001. He explained he thought his girlfriend was cheating on him and he hit her. Mr. Dalke said he is not currently in a relationship.

Mr. Dalke was arrested while in NY for a charge of rape in the third degree in 1999. At the time, he was 21 years old and the victim in the sexual assault case was under 17 years old. Mr. Dalke was ultimately convicted of sexual misconduct. Per police reports from the Rochester Police Department dated 1999, the victim indicated that she and Mr. Dalke had consensual sex. The victim stated Mr. Dalke "did not force her to have sex with him at any point." The victim's mother became aware of the sexual contact and called the police. The victim refused to have the rape kit completed because "the intercourse was consensual and because of the amount of time between the incident and the exam." The police report noted the victim "told the R.O. (reporting officer) on three separate occasions that she did not wish to press criminal charges against S (Mr. Dalke)." However, the following day, the victim told the investigating officer she "desired prosecution. It appeared that family members had convinced V(victim) to follow through with prosecution, which contradicts her written deposition taken on 05/09/1999." When police contacted Mr. Dalke about the incident, he admitted to having sex with the victim, but said he "was positive that she was 17 years old." During the current interview, when asked about the circumstances of the above situation, Mr. Dalke stated, "The girl was 15. My ex-girlfriend introduced us and told me she (victim) was 18. I was drunk and we went to my house and we had consensual sex. My ex-girlfriend [then] told me she (victim) was underage. I went straight to her (victim) dad and told him what happened. I called the cops. (*Was this the only time you had sex with an under aged female?*) First time and last time."

DALKE. JOSHUA        AE0507              Page 5 of 24              COR     BPH COMPREHENSIVE

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

5626 1

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Dalke Joshuca | CDC Number: AE0507 | Unit/Cell Number: 3A3296 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
Parole puch eval wasn't correct and police reports arent

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): Hole. Either Donavin when I 602 "R" took out rest of police reports were girl told cop's she lied of age and I found out and wcount to her dadloud I called the police and that's how no Regestration Misdemenor

B. Action requested (If you need more space, use Section B of the CDCR 602-A): To give my legal mail from Rochester were friends payed for police reports and its been months sense ordered but cent. So I can have for Parole to show Im no liar and civil case

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):
I have eval and so do you in Soms In, t Shestates a different version then the accual police reports and I slutted the actual police reports thatmissing. I conget 911 call Fdld

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: _____    Date Submitted: 11/2/20

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**

Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____

Reviewer: _____ (Print Name) Title: _____ Signature: _____

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNI Case 2:22-cv-01842-DAD-AC   Document 50   Filed 08/13/24   DEPARTMENT OF COR...   Page 31 of 41
APPEAL OF GRIEVANCE
CDCR 602-2 (03/20)

Page 1 of 2

| STAFF USE ONLY | Appeal #:_____ Date Received:_____ |
|---|---|
| | Date Due:_____ |
| | Categories:_____ |
| | Grievance #: _____ 50261 |

Claimant Name:_____ CDCR #:_____

Current Housing/Parole Unit:_____ Institution/Facility/Parole Region:_____

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

Claim #s:
Parole eval Oct 20 2020 given to Inmate Dalts 2) Oct 2020, Filed 602
when seen 1/la Risk assessment, Never before this date after "R" was placed until 2020 Dec
her and CCI or agent to CDC showed Dalte t lomlice reports. That still the are given what hold
And 11-8-20 was Dalte recie'. Answered 11-11-20 and not given till 3-3-21 and Behavch as said answe
This is the process to appeal the decision made regarding a claim that is not listed above. D..lat, Correcton elid illegally,

Claim #:_____

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.
I am dissatisfied with the response I was given because First you d notice Donvans stump of
Receipt isnt there and the 7 day answer to it was done by Corcoran illegs
and the months not answered shows also violations of not allowing inmate a
chance to argue any responce te t a lave a inappropreate one as given here
And there reason for this, Shows conspracy to commit a crime. Depredig
on what transpired as in this case Assault Bottery and Com
_____
_____
_____
_____

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:
_____
_____
_____
_____
_____

TATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION

GAVIN NEWSOM. GOVERNOR

**OARD OF PAROLE HEARINGS**
O BOX 4036
ACRAMENTO  CA 95812-4036



November 06. 2020

DALKE, JOSHUA #AE0507
D 003 1135001U
COR-03A

Dear Joshua Dalke

On October 26, 2020, the Board of Parole Hearings (Board) received your letter objecting to the
contents of your Comprehensive Risk Assessment (CRA), approved on October 21, 2020.

Due to the proximity of your parole suitability hearing on November 19, 2020, your objections are
considered untimely and the Board is unable to respond to you. However, your objections letter has
been forwarded directly to the panel for review and consideration  You will be able to discuss your
challenges to the CRA with the commissioners at your parole suitability hearing on November 19, 2020

Sincerely,

Brian J. Lutz
Staff Attorney

STATE OF CALIFORNIA - DEPARTMENT OF CORRECTIONS AND REHABILITATION                    GAVIN NEWSOM, GOVERNOR

**BOARD OF PAROLE HEARINGS**
P O BOX 4036
SACRAMENTO CA 95812-4036



December 15, 2020

DALKE, JOSHUA #AE0507
D 003 1135001U
COR-S

Dear Joshua Dalke·

On October 26, 2020 and November 30, 2020, the Board of Parole Hearings (Board) received your letters objecting to the contents of your Comprehensive Risk Assessment (CRA), approved on October 21, 2020.

On December 15, 2020, the Board issued a Miscellaneous Decision (MD) regarding your CRA Objections. The Miscellaneous Decision is attached to this letter

Sincerely,

Brian J. Lutz
Staff Attorney

Enclosure· Miscellaneous Decision (December 15, 2020)

Board of Parole Heanngs                                                                                   State of California
**MISCELLANEOUS DECISIONS**

SUBJECT

FACTS

On October 22. 2020 and November 21. 2020. JOSHUA DALKE (AE0507) wrote to the Board of Parole Heanngs (Board) objecting
to the contents of his Comprehensive Risk Assessment (CRA), approved on October 21, 2020   DALKE raised the following four
objections to his CRA

Objection 1  DALKE objected to the clinician's reference to alleged cocaine charges   DALKE alleges he "never had" cocaine
charges

Objection 2  DALKE objected to the clinician's reference to his 2008 arrest for "sex offender failure to register/notify change of
address " DALKE alleges that he does "not have to register for the misdemeanor "  *Got the hole case from Sentence New York.*

Objection 3  DALKE challenged the clinician's analysis that he represents a "high" risk for future violence and alleges that the
clinician made that determination "out of spite "

Objection 4  DALKE challenged the clinician's statement that he is addicted to drugs.

Objection 5  DALKE attempted to explain a statement in the CRA concerning his "attempt murder on a cop at 12 "

RECOMMENDATION(S)

For purposes of the Board's pre-heanng objection process, "factual error" is defined as an untrue circumstance or event.  Under this
process. factual errors do not include disagreements with clinical observations, opinions, or diagnoses.

Reliable source documentation was located in DALKE'S central file to substantiate the clinician's statements in Objections 1 and 2
Specifically, DALKE'S FBI RAP sheet indicates he was arrested in 2003 for third-degree felony cocaine possession in Flonda.  *Never been there*
however, it was subsequently reduced to a misdemeanor  Additionally, according to DALKE'S FBI RAP sheet, he was arrested in
2008 for failure to register as a sex offender in Nevada  Therefore, Objections 1 and 2 do not constitute factual error and are overruled
*Denrod was the finding bot that in Writing*
The Board determined Objections 3 and 4 constitute challenges to the clinician's observations, expert opinions, or diagnoses, which
do not meet the definition of factual error under the Board's pre-heanng objection process.  However, DALKE or his attorney remain
free to raise these allegations with the hearing panel at DALKE'S next parole consideration hearing

The Board determined Objection 5 constitutes an attempt to clanfy a statement in the CRA. Attempts to clarify statements in the
CRA or to provide additional information about statements in the CRA do not meet the definition of factual error under the Board's pre-
heanng objection process  However, DALKE or his attorney remain free to raise their concerns regarding this objection with the
heanng panel at DALKE'S next parole consideration hearing

| STAFF (Name)<br>BRIAN LUTZ | *Brian Lutz* | TITLE<br>Staff Attorney | DATE<br>12/15/2020 |
|---|---|---|---|

DECISION(S)

1  The October 21, 2020 CRA is valid  The heanng panel is encouraged to consider the CRA at DALKE'S next parole
consideration heanng and give this document whatever weight the panel deems appropriate

2

3

NAME                                                                  NUMBER

**BOARD OF PAROLE HEARINGS**                                                    **STATE OF CALIFORNIA**
**PROPOSED PAROLE CONSIDERATION DECISION**

## DECISION - INITIAL HEARING

Parole Granted - (Yes)

CDCR: Do not release inmate before Governor's review.

X  Parole Denied - (No)    10    Year(s)

Inmate Signed Stipulation of Unsuitability for _____ Year(s)

Inmate Signed Voluntary Waiver for _____ Year(s)

Split Decision

Term Calculation Only -

Continue _____ Month(s)

Hearing Postponed      Length: _____ Month(s)

Reason(s):

## PANEL RECOMMENDATIONS

| The Board Recommends: | As Available |
|---|---|
| X  No more 115's or 128A's | X  Get self-help |
| X  Work to reduce custody level | Learn a trade |
| X  Stay discipline free | Get therapy |
| X  Earn positive chronos | Get a GED |
| Recommend transfer to | |
| Other | |

## PRESENT AT HEARING

District Attorney            SAN BERNARDINO COUNTY DISTRICT ATTORNEY - DAUGHTERTY, SEAN

Inmate Attorney            MBELU, ROSEMARY

## HEARING PANEL

THORNTON, MARY - Commissioner                         Mary Thm /        Date:07/16/2021

KELLY, TIMOTHY - Deputy Commissioner                                        Date:07/16/2021

This form and the Board's decision at the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

**BOARD OF PAROLE HEARINGS**                                                                **STATE OF CALIFORNIA**
**PROPOSED PAROLE CONSIDERATION DECISION**

### BPH INVESTIGATION REQUESTS

No Requests

### HEARING COMMENTS

Randy Sundgren (Victim) appeared via video and made a statement.

Rick Pecanthaw appeared via video as victim representative for Mr. Sundgren.

Jason Keck appeared via video as support person for Mr. Sundgren.

Mark Vos appeared via video as observer from the San Bernardino County District Attorney's Office.

Inmate was given the opportunity to address his prior objections that had been previously addressed in writing. He was given the opportunity to clarify statements in the CRA and voice his concerns regarding the clinician's opinions rendered in the CRA.

### HEARING OBJECTIONS

No Objections

**BOARD OF PAROLE HEARINGS**
**EXECUTIVE OFFICE**
**P.O. BOX 4036**
**SACRAMENTO, CA 95812-4036**



violations of prison rules as recent as 2020, which was a violence related RVR (pending). He has had trouble with management of stress in a controlled environment and has displayed irresponsible thinking, antisocial behavior, violent behavior, low frustration tolerance, and poor coping skills, resorting to drug use during his term. Any difficulty coping with the stressors of living in the free community and the challenges of navigating interpersonal relationships in the free community are risk factors to Mr. Dalke's success if released. The inability to cope with daily life situations which could lead him to relapse into drugs/alcohol use would be the main concern for potential problematic behavior. Also of significant concern would be the emergence of acute symptoms of his Bipolar Disorder.

## OTHER RISK CONSIDERATIONS

### MEDICAL:

During the current interview, Mr. Dalke reported some medical issues he has or is currently receiving treatment for such as a chronic viral infection, Asthma, and migraines. He reported a history of head trauma. When he was 27 years old his jaw was broken and he lost consciousness. He also admitted to being hit in the head several times throughout his life; however, he did not indicate lasting cognitive deficits. He would have to provide for his own medical treatment upon release.

### STATIC-99R:

The Static-99R utilizes only static (unchangeable) factors that have been seen in the literature to correlate with sexual reconviction in adult males. The Static-99R does not address all relevant risk factors for sex offenders and the resulting raw score and risk category generally does not consider contextual and dynamic risks that may increase or decrease risk.

Mr. Dalke was charged with rape in the third degree and convicted of sexual misconduct in 1999 which was identified as the index sex offense with no other identified non-sexual violence offenses included. Based upon the specific risk factors cited on the STATIC-99R, as well as the revised scoring criteria for age, Mr. Dalke obtained a score on the Static-99R that placed him in the average risk range. His score is equal to or higher than approximately 48% of sex offenders in the Static-99R standardization sample.

Items which elevated his risk included: his age at time of release (22) and having an unrelated victim. Factors that did not elevate his risk included: having lived with a partner for more than two years in the community; not having an index non-sexual violence conviction; having no prior non-sexual violence convictions; having less than four prior sentencing dates; having a non-stranger victim; lack of prior charges/convictions of sex offenses; lack of convictions for non-contact sex offenses; and the victim of his sexual offense was not male. His age of 22 at the time of release increased his predicted risk on the Static-99R. Thus, his risk as predicted by the instrument may be higher than his true risk given that he is now 43 years old and risk of sexual re-offense is known to decrease with age.

**BOARD OF PAROLE HEARINGS**
**EXECUTIVE OFFICE**
**P.O. BOX 4036**
**SACRAMENTO, CA 95812-4036**



## RISK OF FUTURE VIOLENCE: CASE FORMULATION AND OPINIONS

Generally speaking, the current recidivism rates for long-term offenders are lower than those of other prisoners released from shorter sentences. The Board defines overall risk ratings relative to other life prisoners. Based upon an analysis of the presence and relevance of empirically supported risk factors, case formulation of risk, and consideration of the inmate's anticipated risk management needs if granted parole supervision (i.e., intervention, monitoring), Mr. Dalke represents a High risk for violence. He presents with markedly elevated risk relative to long-term parolees and average to above average risk relative to shorter-term parolees released without discretion. High-risk long-term parolees are expected to commit violence more frequently than Low- and Moderate-risk long-term parolees and similarly to shorter-term parolees.

In considering Mr. Dalke's risk for future violence, the primary considerations included his history of violence, both prior to and during incarceration, his continued substance use issues, recent instability, other antisocial behavior, negative peer relationships, major mental illness, poor insight, recent violence toward others, poor treatment/supervision response in the past and potentially in the future, educational/employment limitations, and any difficulty with stress and coping skills.

Given the above factors, Mr. Dalke's risk of violent recidivism would likely *increase* if he: does not utilize appropriate conflict management strategies; uses alcohol or drugs; obtains access to a weapon; associates with negative peers; finds himself without a permanent residence; lacks sufficient income to meet his living expenses; experiences untreated symptoms of mental illness; does not comply with psychiatric treatment; and/or lacks adequate social support in the community.

He could *decrease* his risk of violence if he: involves himself in stable and positive relationships; consistently utilizes adaptive strategies for managing negative emotions; maintains an alcohol and drug free lifestyle; attends self-help groups; engages in and complies with mental health treatment; improves his insight into his substance abuse issues and past criminal behavior; and maintains a stable lifestyle (likely through placement in a structured treatment environment).

Kim Ghosoph, Psy.D.; CA License PSY29651
Forensic Psychologist
Board of Parole Hearings / Forensic Assessment Division
California Department of Corrections and Rehabilitation



Jun/3/2021 10:47:12 PM                    CDCR 8316785507                              1/1

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          GAVIN NEWSOM, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
SALINAS VALLEY STATE PRISON
P.O. BOX 1020
SOLEDAD, CA 93960
(831)678-5500 Ext. 6602
FAX # (831)678-5507



Date: 06/03/2021

State of California
Department of Justice
ATTN: California Sex Offender Registry
P.O Box 903387
Sacramento CA. 94203-3870

RE: REQUEST FOR PRIORITY ASSESSMENT ON OUT-OF-STATE, FEDERAL OR MILITARY SEX
OFFENDER IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION (CDCR)

The California Department of Corrections and Rehabilitation (CDCR) is requesting the Department
of Justice (DOJ) complete an assessment on the following subject in order to determine if subject is
required to register as a sex offender in the State of California pursuant to Penal Code (PC) Section
290:

Subject's Full Name: DALKE, ~~JOHNSON~~          **CDCR # AE0507**
                                        *Joshua*
DOB: 06/03/1977                                 **Release date: Lifer**
FBI # 858380VA9
CI&I # A24354930

Conviction Offense (not arrest): Sexual Misconduct
Year of Conviction: 05/11/1999
Jurisdiction of Conviction: Monroe, New York

Should Subject's release date change to a date earlier than what is reflected above, you
will be notified via efax at (916) 731-2185. Please send your completed response to the
Case Records Services Unit via email at: dalcrsAdminasslst@cdcr.ca.gov

BY: *Nuha Montoya 6/3/21*          *Inmate is associate*
                                    *Warden inquirring*
                                    *about 290 registration*

**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DOJ USE ONLY . . . . . . . . . . . . . . . . . . . . . . . . . .**

☐   Not required
☑   No longer Required
☐   Required
☐   Pending

Assessment by: _DAG KR_ _____    Date: _6/6/2021_

                        *B4*

CNTDP287820.IH
E: QHY.CA0349400.21354930.APPUSR        DATE:20010712 TIME:11:24:00
ESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
TTN:APPUSR

```
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
```
NA SAMPLE NOT VERIFIED BY FINGERPRINT HAS BEEN RECEIVED, TYPED, AND
PLOADED INTO THE CAL-DNA DATA BANK.  FOR INFO (510) 620-3300 OR
C296.PC2968DOJ.CA.GOV.
```
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
```
* PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
ALM.PRINT@DOJ.CA.GOV
* III MULTIPLE SOURCE RECORD
II/A24354930
OB/19770603    SEX/M RAC/WHITE
GT/511  WGT/175  EYE/BRO  HAI/BRO  POB/WA
AM/001 DALKE,JOSHUA JASON
  002 DALKE,JOSHUA

BI/858380VA9
OC/464774249
NN/CDC-AE00507
MT/TAT L ANKL-UNKNOWN                ; TAT NECK-UNKNOWN
 * * *

EGISTRATION:        NAM:002
0170919 CASD CORR LANCASTER

NT:001    #AE0507
 290 PC-REGISTRATION OF SEX OFFENDER              TOC:N
  COM: 6/8/2021 NO LONGER REQUIRED TO REGISTER AS SEX
      OFFENDER IN CALIFORNIA/MAY BE REQUIRED TO REGISTER IN
      OTHER JURISDICTION(S)
```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```
*                                                                    **
* FOR CURRENT REGISTRANT ADDRESS INFORMATION INQUIRE INTO           **
* THE CALIFORNIA SEX AND ARSON REGISTRY (CSAR)                      **
*                                                                    **
```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```
 * * *

RR/DET/CITE:        NAM:001  DOB:19770603
0030128   CAPD SAN FRANCISCO

NT:001    #2091612
 647(F) PC-DISORDERLY CONDUCT:UNDER INFL DRUG     TOC:M
0030130
DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
 SCN:99530280112
 * * *

RR/DET/CITE:        NAM:002  DOB:19770603
0090109   CASO SAN BERNARDINO

NT:001    #0901080094-361271974
 -664 PC-ATT TO COMMIT CRIME
 187(A) PC-MURDER                                 TOC:F
 ADR:20090109 (10221,VICKI ANN, , ,PAHRUMP,NV,89048)
 CCM: PHOTO AVAILABLE
 SCN:998C0090349
 - - -
URT:              NAM:001
100701  CASC MCBARSTOW

```
':001    #FBA800768
-64/187(A) PC-ATTEMPTED MURDER                  TIC:F
-GREAT BOD INJ
SPO:CONVICTED
CONV STATUS:FELONY
SEN: LIFE PRISON, CONCURRENT

:002
82(A)(1) PC-CONSPIRACY:COMMIT CRIME             TOC:F
SPO:CONVICTED
CONV STATUS:FELONY
SEN: 600 MONTHS PRISON, CONSECUTIVE

:003
45(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY    TOC:F
-GREAT BOD INJ
SPO:CONVICTED
CONV STATUS:FELONY
SEN: 048 MONTHS PRISON STAYED

SPO:CONVICTION CERT BY CLERK OF THE COURT
SPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
DCN:P1037002001036000361
 * *

TODY:CDC          NAM:002
00811  CASD CORR TEHACHAPI

:001    #AE0507
-664 PC-ATT TO COMMIT CRIME
87(A) PC-MURDER:FIRST DEGREE                    TOC:F
-12022.7(A) PC-GBI:GREAT BODILY INJURY
SEN FROM: SAN BERNARDINO CO
CRT CASE #FBA800768

:002
45(A)(1) PC-FORCE/ADW NOT FIREARM:GBI LIKELY    TOC:F
-12022.7(A) PC-GBI:GREAT BODILY INJURY
SEN: 999 LIFE PLUS PRISON
COM: PHOTO AVAILABLE
SCN:931D2350004
 * *

/DET/CITE:        NAM:001 DOB:19770603
20531   CASO SAN BERNARDINO

:001    #1205343701-361271974
-664 PC-ATT TO COMMIT CRIME
-WARRANT
87(A) PC-MURDER                                 TOC:F
SPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
WARRANT   #FBA800768
COM: PHOTO AVAILABLE
SCN:998F1520175
 *    *    *    END OF MESSAGE    *    *    *
```