1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA JASON DALKE,                        No.  2:22-cv-1842 DAD AC P

12                    Plaintiff,

13           v.                                  FINDINGS AND RECOMMENDATIONS

14    SACRAMENTO CORRECTIONS, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Currently before the court is plaintiff's third

18    amended complaint.  ECF Nos. 50.

19         I.       Statutory Screening of Prisoner Complaints

20         The court is required to screen complaints brought by prisoners seeking relief against "a

21    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A

22    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v.

23    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

24    an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

25    327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

26    arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

27    superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

28    2000).

                                                    1

1   In order to avoid dismissal for failure to state a claim a complaint must contain more than

2 "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

3 cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

4 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5 statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

6 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

7 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

8 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation

9 omitted).  When considering whether a complaint states a claim, the court must accept the

10 allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

11 complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

12 (1969) (citations omitted).

13  II.  Third Amended Complaint

14   Plaintiff alleges that defendant Hyman and the unnamed director of appeals violated his

15 rights under the Eighth and Fourteenth Amendments.  ECF No. 50.  He asserts that Hyman

16 retaliated against him by placing false escape and attempted murder of an officer charges in his

17 file and adding an "R" suffix—indicating sex offender status—even though the reports stated the

18 sex was consensual.  Id. at 3-5, 26.  These additions to his file have contributed to plaintiff being

19 denied parole and the "R" suffix led to him being assaulted by other inmates.  Id.  Plaintiff asserts

20 that the escape charges were dismissed and that he was convicted of misdemeanor sexual

21 misconduct, which does not require registration as a sex offender in the state where he was

22 convicted.  Id. at 3, 8-9, 12.  Attached documentation shows that in May 2014 the misdemeanor

23 was deemed by the DOJ to be equivalent to a registerable sex offense in California, but the DOJ

24 later determined in June 2021 that he was no longer required to register.  Id. at 21, 39-40.

25 Plaintiff also alleges that officers have told other inmates he is a child rapist and have tried to

26 used inmates with life sentences to kill him and makes general allegations that even though he

27 files grievances, the California Department of Corrections and Rehabilitation does nothing to

28 discipline officers or fix the issues with his files.  Id. at 4, 26.

1    III.    Failure to State a Claim

2        A.    "R" Suffix Addition

3        Classifying an inmate as a sex offender implicates a protected liberty interest when the

4    "stigmatizing consequences" of being labeled a sex offender are coupled with some form of

5    mandatory behavior modification.  Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he

6    stigmatizing consequences of the attachment of the 'sex offender' label coupled with the

7    subjection of the targeted inmate to a mandatory treatment program whose successful completion

8    is a precondition for parole eligibility create the kind of deprivations of liberty that require

9    procedural protections.").  Where an inmate has been previously convicted of a sex offense after

10   formal criminal proceedings, he "has received the minimum protections required by due process"

11   and "[p]rison officials need do no more than notify such an inmate that he has been classified as a

12   sex offender because of his prior conviction for a sex crime."  Id. at 831.  However, when an

13   inmate "has never been convicted of a sex offense and has never had an opportunity to formally

14   challenge the imposition of the 'sex offender' label in an adversarial setting," he is entitled to the

15   same procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974).  Neal, 131

16   F.3d at 830-31.  In other words, the inmate is entitled to advance, written notification "of the

17   reasons for his classification as a sex offender without . . . having to request that information" and

18   "a hearing at which he must be allowed to call witnesses and present documentary evidence in his

19   defense."  Id. at 830-31 & n.14.  He is also entitled to a written statement as to the evidence relied

20   on and reasoning for the decision, assistance at the hearing if he is illiterate or the matter is

21   complex, and a sufficiently impartial fact finder.  Wolff, 418 U.S. at 564, 570-71.

22       Plaintiff does not allege facts sufficient to show that his classification as a sex offender

23   infringed on a protected liberty interest.  There are no facts showing the classification was

24   coupled with mandatory behavior modification or imposed any other kind of atypical and

25   significant hardship.  See Sandin v. Connor, 515 U.S. 472, 484 (1995) (liberty interest created

26   when prison regulation "imposes atypical and significant hardship on the inmate in relation to the

27   ordinary incidents of prison life").  To the extent plaintiff appears to allege that the addition of an

28   "R" suffix resulted in other inmates assaulting him, there are no facts demonstrating that other

3

1   inmates targeting him was due to the addition of the designation itself.  Instead, it appears that the

2   assaults were the result of malicious conduct by unspecified non-defendants who told other

3   inmates he was a sex offender.  See ECF No. 50 at 4.

4           Moreover, even assuming the addition of an "R" suffix entitled plaintiff to due process

5   protections, the attachments to the complaint indicate that Hyman was not responsible for

6   deciding that plaintiff's misdemeanor offense qualified him for an "R" suffix and plaintiff has not

7   alleged facts showing that he was denied the required protections.  Plaintiff once again alleges

8   that his sexual misconduct conviction does not count as a sex offense because the state he was

9   convicted in does not require him to register as a sex offender.  Id. at 9.  Assuming plaintiff is

10  correct, and his conviction is not defined as a sex offense such that he is entitled to all the

11  protections outlined in Wolff—as opposed to just a notification that he is being classified as a sex

12  offender based on his sexual misconduct conviction—he does not allege facts showing he was

13  denied those protections.  Instead, he once again simply argues that Hyman added the "R" suffix

14  even though he does not have a sex offense.

15          A due process claim requires facts showing that the inmate was denied any of the

16  following: (1) advance, written notification of the reasons for classifying him as a sex offender

17  without having to ask; (2) a hearing where he is allowed to call witnesses and present evidence;

18  (3) a written statement as to the evidence relied on and reasoning for the decision; (4) assistance

19  at the hearing if he is illiterate or the matter is complex; or (5) a sufficiently impartial fact finder.

20  Since plaintiff has not alleged that he was denied any of these protections, he has not stated a

21  claim for relief.

22          B.      Parole Denial

23          Plaintiff appears to allege that Hyman's addition of the "R" suffix and false escape and

24  attempted murder charges resulted in the denial of parole.  Even if the court assumes Hyman

25  falsely added this information to plaintiff's file, which the attachments to the complaint refute,[1]

26  ────────────────────
27  [1] As noted above, the documentation attached to the complaint indicates that Hyman was not
    responsible for the determination that plaintiff qualified for an "R" suffix.  The exhibits further
    show that plaintiff was charged with attempted escape with a deadly weapon in Nye County,
28  (continued)

1  there are no facts demonstrating that these actions precluded a grant of parole, and even if they

2  were primary reasons he was denied parole, that fact would not create a basis for liability.

3  Hyman does not appear to have been directly involved in the parole review process, and "[u]nder

4  California law, the parole board must consider '[a]ll relevant, reliable information' in determining

5  suitability for parole."  Cal. Code Regs. tit. 15, § 2281(b)-(c) (outlining information for

6  consideration and circumstances tending to show unsuitability).  In fact, plaintiff has attached a

7  portion of the risk assessment for future violence relied upon by the parole board that identifies a

8  number of risk factors.  ECF No. 50 at 38.  Hyman cannot be held liable for a subsequent decision

9  made by an independent body, and her conduct described in the complaint cannot be considered

10  the proximate cause of the parole board's decision.  See Mendez v. County of Los Angeles, 897

11  F.3d 1067, 1076-77 (9th Cir. 2018) (discussing proximate cause in the context of § 1983).

12          C.      Failure to Protect

13          Prison officials "are under an obligation to take reasonable measures to guarantee the

14  safety of the inmates."  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  This responsibility

15  requires prison officials "to protect prisoners from violence at the hands of other prisoners,"

16  Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted), and identifying an inmate as a

17  sex offender in front of other inmates for the purpose of putting him at risk of assault states a

18  claim under Eighth Amendment, Valdez v. Marques, No. 21-cv-1500 MMA (RBM), 2021 WL

19  4690511, at *3-4, 2021 U.S. Dist. LEXIS 194474, at *9-10 (S.D. Cal. Oct. 7, 2021) (collecting

20  cases).

21          Plaintiff alleges no facts demonstrating how the addition of an "R" suffix resulted in other

22  inmates assaulting him.  To the extent he may be attempting to claim that the addition of the "R"

23  _____

24  though plaintiff asserts the charges were dismissed (ECF No. 50 at 8); that he received a
   disciplinary write up for conspiracy to escape with force or violence (id. at 23); and that he was

25  convicted of attempted murder in San Bernardino County Superior Court Case FBA800768 (id. at
   11), which the docket in that case confirms, see United States ex rel. Robinson Rancheria Citizens

26  Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (court "may take notice of proceedings
   in other courts, both within and without the federal judicial system, if those proceedings have a

27  direct relation to matters at issue." (citations omitted)); Fed. R. Evid. 201(b)(2) (court may take
   judicial notice of facts that are capable of accurate determination by sources whose accuracy

28  cannot reasonably be questioned).

1    suffix led to officers telling other inmates that he was a sex offender, he does not identify or name

2    as defendants any individuals who told other inmates of his sex offender status and he also does

3    not allege facts indicating the named defendants were responsible for the conduct of the other

4    officers or designated him a sex offender knowing that other officers would purposely disclose

5    plaintiff's status.  The complaint therefore fails to state a viable claim for failure to protect.  See

6    Farmer, 511 U.S. at 837 (Eighth Amendment failure to protect claim requires showing that "the

7    official [knew] of and disregard[ed] an excessive risk to inmate health or safety.").

8            D.    Retaliation

9        In order to state a claim for retaliation, plaintiff must allege facts showing that the

10    defendant took adverse action against him and that the defendant was motivated to do so by

11    plaintiff' protected conduct.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (citation

12    omitted).  Although plaintiff alleges that Hyman's conduct was retaliatory, there are no facts

13    identifying the protected conduct plaintiff engaged in or demonstrating that any defendant was

14    motivated by plaintiff's protected conduct.  Rather, plaintiff appears to allege that Hyman's

15    conduct was motivated by the fact that he was convicted of attempted murder of a police officer,

16    ECF No. 50 at 3, 9, which is not protected conduct.  Plaintiff has therefore failed to state a claim

17    for retaliation against Hyman.

18            E.    Personal Involvement

19        "Liability under § 1983 must be based on the personal involvement of the defendant,"

20    Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

21    164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

22    rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

23    (citations omitted).  The complaint itself does not allege any conduct by the unnamed director of

24    appeals.  Although plaintiff makes general allegations that his grievances were not acted upon,

25    this is not sufficient to state a claim against the director of appeals specifically, or to state a

26    general claim for relief because "inmates lack a separate constitutional entitlement to a specific

27    prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann

28    v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  As a result, the prison grievance procedure does

1  not confer any substantive constitutional rights upon inmates and actions in reviewing and

2  denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.;

3  George v. Smith, 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a prisoner on an

4  administrative complaint does not cause or contribute to the violation.").

5       IV.    No Leave to Amend

6       Leave to amend should be granted if it appears possible that the defects in the complaint

7  could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

8  (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint

9  cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United

10  States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

11       The undersigned finds that, as set forth above, the third amended complaint fails to state a

12  claim upon which relief may be granted.  Plaintiff has already been given two opportunities to

13  amend the complaint and advised what kind of information he needed to provide.  See ECF Nos.

14  22, 37.  Given the lack of additional facts provided by plaintiff, it does not appear that further

15  amendment would result in a cognizable claim.  As a result, leave to amend would be futile and

16  the complaint should be dismissed without leave to amend.

17       V.    Plain Language Summary of this Order for a Pro Se Litigant

18       It is being recommended that your complaint be dismissed without leave to amend

19  because you have not alleged facts showing that you were entitled to due process before being

20  classified as a sex offender because you there are no facts showing it required any behavior

21  changes from you, such as mandatory treatment, or that it caused some other kind of hardship for

22  you outside the normal hardships of being in prison.  Assuming you were entitled to due process,

23  you have not shown that you were denied such process, either by Hyman or generally, when the

24  "R" suffix was added to your file.  There are also no facts showing that Hyman was responsible

25  for telling other inmates you are a sex offender.  Finally, there are no allegations showing what

26  the unnamed director of appeals did to violate your rights.

27  ////

28  ////

7

1

CONCLUSION

2        In accordance with the above, IT IS HEREBY RECOMMENDED that the third amended

3 complaint (ECF No. 50) be dismissed without leave to amend for failure to state a claim.

4        These findings and recommendations are submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

6 after being served with these findings and recommendations, plaintiff may file written objections

7 with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

8 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

9 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

10 (9th Cir. 1991).

11 DATED: May 29, 2025

12

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28