UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JASON DALKE, | No. 2:22-cv-01842-DAD-AC (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| SACRAMENTO CORRECTIONS, et al. | |
| Defendants. | |
| | (Doc. Nos. 56, 66) |

Plaintiff Joshua Jason Dalke is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 30, 2025, the assigned magistrate judge screened plaintiff's third amended complaint and issued findings and recommendations recommending that it be dismissed without further leave to amend for failure to state a cognizable claim. (Doc. No. 56.) Specifically, the magistrate judge concluded as follows: (1) plaintiff failed to state a cognizable due process claim in connection with his designation with an "R" suffix because he failed to allege facts sufficient to show that such classification infringed on his protected liberty interest, imposed any atypical or significant hardship upon him, or that he was denied the process due him in connection with that

1

classification; (2) plaintiff failed to state a cognizable claim that defendants' alleged actions resulted in plaintiff being denied parole because that alleged conduct cannot be considered the proximate cause of the parole board's decision to deny parole; (3) plaintiff failed to state a cognizable failure to protect claim because he alleged no facts that, if proven, would demonstrate that the addition of an "R" suffix resulted in other inmates assaulting him; (4) plaintiff failed to state a cognizable retaliation claim because he failed to allege facts showing that he had engaged in protected conduct or that any defendant was motivated by plaintiff's engagement in protected conduct; and (5) plaintiff failed to allege any conduct undertaken by the unnamed director of appeals and, in any event, plaintiff was not have a constitutional right to a specific inmate grievance procedure and therefore failed to state a cognizable claim in generally alleging that his inmate grievances were not acted upon. (*Id*. at 3–7.) The magistrate judge also noted that plaintiff had been given two opportunities to cure the pleading defects in his earlier filed complaints, with guidance provided by the court as to how to do so, and had been unable to cure the noted pleading deficiencies. (*Id*. at 7.) Accordingly, the magistrate judge concluded that the granting of further leave to amend would be futile and that dismissal should be without further leave to amend. (*Id.*)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 8.) On July 7, 2025, plaintiff filed untimely objections of seventy-nine pages in length to the pending findings and recommendations. (Doc. 59.) Despite being untimely filed, the court has considered plaintiff's objections. Although long and detailed, plaintiff's objections are difficult to decipher. The most favorable interpretation of those objections is that plaintiff believes that by way of the "R" designation (and in other ways) correctional officers intentionally labelled plaintiff as a child rapist when he was not, that they did so in retaliation for plaintiff's past conduct, and that in doing so the correctional officers caused him to be attacked by other inmates and resulted in him being denied parole and that his efforts to correct these errors through the inmate grievance process were wrongfully ignored. (*Id.*) However, plaintiff's lengthy objections do not engage with the pending findings and recommendations in any meaningful way. The

2

objections certainly do not present any cogent argument that the legal analysis set forth in those findings and recommendations, finding the allegations of plaintiff's third amended complaint insufficient to state any cognizable claim for relief, to be in error in any way.  Therefore, the undersigned concludes that plaintiff's objections provide no basis upon which those findings and recommendations should be rejected.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.  The findings and recommendations issued on May 30, 2025 (Doc. No. 56) are ADOPTED IN FULL;

2.  Plaintiff's third amended complaint is DISMISSED without further leave to amend for failure to state a cognizable claim;

3.  Plaintiff's  request for this case to proceed filed May 26, 2026 (Doc. No. 66), is DENIED as having been rendered moot by this dismissal order; and

4.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __**June 4, 2026**__                          _____
                                                        DALE A. DROZD
                                                        UNITED STATES DISTRICT JUDGE

3